DOCKET NUMBER 13
U.S DISTRICT WEST DIST
MAR - 5 2002
FILED
JOSEPH W SKUPNIEWITZ CLERK
CASE NUMBER

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

        Plaintiffs,

v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

        Defendants.

PRELIMINARY PRE-TRIAL
CONFERENCE ORDER

02-C-048-S

---

    Preliminary pre-trial conference was held by telephone in the above entitled matter on March 5, 2002, the plaintiffs having appeared by Foley & Lardner by Allen A. Arntsen and Jeffrey A. Simmons and Kenneth F. Levin and Associates by Kenneth F. Levin; defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc. by LaFollette, Godfrey & Kahn, S.C. by Todd G. Smith and Eugenia G. Carter and Stinson, Mag & Fizzell by Michael A. Kahn; Image Comics, Inc. by Brobeck, Phleger & Harrison by R. Scott Feldmann. The Hon. John C. Shabaz, District Judge, presided.

Copy of this document has been provided to: All Counsel

this 5th day of Mar. 2002
by V. McNeal

ORDER

IT IS ORDERED that without objection Kenneth F. Levin, Michael A. Kahn and R. Scott Feldmann are admitted pro hac vice.

IT IS FURTHER ORDERED that all dispositive motions to be filed during the pendency of this matter, to include motions for summary judgment, shall be accompanied by memoranda of law; opposing party being given 20 calendar days to respond; and the moving party 10 calendar days to reply.

IT IS FURTHER ORDERED that all motions for summary judgment and other dispositive motions shall be served and filed not later than July 1, 2002; motions for summary judgment in accordance with local rule, a copy of which is enclosed.

IT IS FURTHER ORDERED that nondispositive motions, to include procedural motions, may be heard upon five days notice on any Wednesday morning by telephone at 7:45 A.M., moving party to initiate the telephone conference to 608-264-5504.

IT IS FURTHER ORDERED that discovery shall be completed and all depositions taken not later than August 26, 2002.

IT IS FURTHER ORDERED that the following discovery materials will not be filed with the Court unless they concern a motion or other matter under consideration by the Court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

2

Neil Gaiman et al. v. Todd McFarlane et al.
Case No. 02-C-048-S

IT IS FURTHER ORDERED that final pre-trial conference is scheduled for September 3, 2002, at 1:00 P.M., pursuant to the provisions of Order Prior to Final Pre-trial Conference, a copy of which is also enclosed.

IT IS FURTHER ORDERED that jury selection is scheduled for September 30, 2002, at 9:00 A.M., and bifurcated trial to a seven-person jury, where the issue of liability is to be determined prior to the determination of any damage, is scheduled for October 2, 2002, at 9:00 A.M., counsel to meet with the Court at 8:30 A.M. on each of said days outside the presence of the jury to resolve issues pending trial.

Entered this 5th day of March, 2002.

BY THE COURT:

JOHN C. SHABAZ
District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

---

I. A motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil procedure shall be served and filed in the following form:

    A. The motion itself together with such materials permitted by Rule 56(e) as the movant may elect to serve and file; and

    B. Either (1) <u>a stipulation of facts</u> between or among all the parties to the action, or (2) <u>a statement of the findings of fact proposed by movant</u>, or (3) <u>a combination of (1) and (2)</u>.

        1. Whether a movant elects a stipulation or a statement of proposed findings, or both, it is movant's obligation to present no more and no less than the set of factual propositions which movant considers necessary to judgment in movant's favor, and as to which movant considers there is no genuine issue.[1]

        2. Such factual propositions shall be set forth in numbered paragraphs, the contents of each of which shall be limited as far as practicable to the statement of a single factual proposition.

        3. At the close of each numbered paragraph shall be set forth one or more references to the PLEADINGS, DEPOSITION TRANSCRIPTS, ANSWERS TO INTERROGATORIES, ADMISSIONS on file or AFFIDAVITS[2] supporting movant's contention there is no genuine issue as to that factual proposition.

        4. References to the record shall include:

            a. in the case of a pleading, the numbered paragraph of that pleading;

            b. in the case of a deposition transcript, the name of the witness and the page of the transcript;

---

[1] The factual propositions should include all of the "basic" facts necessary to a decision on the motion, including those going to jurisdiction, to the identity of the parties, and to the background of the dispute.

[2] Affidavits must be made on personal knowledge setting forth such facts as would be admissible in evidence, and showing affirmatively the affiant is competent to testify to the matters stated therein.

(WDWI rev. 9/93\ ⊕)

2

        c.     in the case of an answer to an interrogatory, the number of that interrogatory and the identity of the party to whom it was directed;

        d.     in the case of an admission in response to, or resulting from a failure to respond to, a request for admission made pursuant to Rule 36, Federal Rules of Civil Procedure, the number of the requested admission and the identity of the party to whom it was directed;

        e.     in the case of an admission on file which is not in response to, or resulting from a failure to respond to, a request for admission made pursuant to Rule 36, the form such admission takes and the page or paragraph of the document in which that admission is made. Admissions made solely for the purpose of the motion for summary judgment should be so designated.

    C.     A statement of the conclusions of law proposed by movant, in numbered paragraphs.

    D.     A motion for summary judgment in the form required by I., above, shall be served and filed together with a <u>supporting brief</u>.

II.    When a motion and supporting brief have been served and filed in compliance with I., above, the court shall issue a schedule for the procedures described in III. and IV., below, unless a briefing schedule has already been established by the court.

III.    RESPONSE: On or before the date specified in the schedule issued by the court, any party who elects to oppose the motion for summary judgment shall serve and file the following:

    A.     Such materials permitted by Rule 56(e) which said party may elect to serve and file in opposition to said motion.

    B.     A response to the movant's statement of proposed findings of fact.

        1.     With respect to each numbered paragraph of the movant's proposed findings of fact, the said response shall state clearly whether there is a genuine issue as to the whole or a part of the said factual proposition; if it is contended that there is a genuine issue only as to a part of the said factual proposition, the response shall identify precisely the said part of the numbered paragraph.

        2.     With respect to any paragraph or part of a paragraph of the movant's proposed findings of fact as to which it is contended that a genuine issue exists, the response shall refer to the PLEADINGS, DEPOSITION TRANSCRIPTS, ANSWERS TO

3

        INTERROGATORIES, ADMISSIONS on file, or AFFIDAVITS complying with Rule 56(e), which respondent believes give rise to said genuine issue.

    3.    The said references to the record shall be made with that specificity required by I.B.4., above.

    4.    If an opposing party believes the motion for summary judgment must fail because of material facts not stated by the movant and as to which it is considered there is no genuine issued, the said opposing party may present such other factual propositions either by means of:

        a.    a stipulation of facts between or among all of the parties to the action; or

        b.    a statement of the findings of fact proposed by said opposing party; or

        c.    a combination of "a" and "b."

    5.    With respect to such presentation of factual propositions not stated by the movant, the said opposing party shall comply with the requirements set forth in I.B., above.

C.    A response to the movant's statement of proposed conclusions of law.

    1.    With respect to each such numbered proposed conclusions, the said response shall state clearly whether the said conclusion is agreed to or disputed in whole or in part; if the dispute is partial, the response shall state precisely which portion of the proposed conclusion is disputed.

    2.    If an opposing party believes the motion for summary judgment must fail because of conclusions of law not stated by movant, that party may state such other conclusions of law.

D.    The response in the form required by III., above, shall be served and filed together with a brief in opposition to the motion for summary judgment.

IV.    REPLY: On or before the date specified in the schedule issued by the court, the movant may, but is not required to, serve and file in rebuttal any or all of the following items:

    A.    Such materials permitted by Rule 56(e) which movant may elect to serve and file in rebuttal.

(WDWI rev. 9/93\ )

4

- B. A statement in rebuttal to the response or responses to any numbered paragraph of movant's initially proposed findings of fact, and a statement in rebuttal to any numbered paragraphs of findings of fact initially proposed in the response or responses. To the extent that said statement in rebuttal requires record references not earlier made by movant, the said references shall be made with that specificity required by I.B.4., above.

- C. A statement in rebuttal to the response or responses to any numbered conclusion of law initially proposed by the movant, and a statement in rebuttal to any numbered conclusion of law initially proposed in the response or responses.

- D. With the rebuttal described in IV., above, the movant may, but is not required to, serve and file a rebuttal brief.

NOTE PARTICULARLY:

V. In deciding the motion for summary judgment:

- A. The court will conclude that there is no genuine issue as to any proposed finding of fact initially proposed by the movant, except to the extent an opposing party's response asserts that a genuine issue exists; and

- B. The court will conclude there is no genuine issue as to any finding of fact initially proposed in a response, except to the extent that movant's rebuttal asserts a genuine issue exists.

- C. As to any finding of fact, whether initially proposed by the movant or in a response, as to which it is asserted a genuine issue exists, the court will make a determination as to the existence or non-existence of such genuine issue.

- D. The court is not required to give any weight to a piece of evidence unless it is set forth in the manner described.

- E. The court does not consider it is under any obligation to search the record for factual matters that might support either the grant or the denial of the motion. It is the duty of the parties to bring to the court's attention by specific reference to the record as outlined in paragraphs I.B., III.B., and IV.B., all factual and legal matters material to the resolution of the issues in dispute.

VI. All motions for summary judgment shall be considered as submitted for ruling without oral argument, unless the court otherwise directs.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUDGE JOHN C. SHABAZ
ORDER PRIOR TO FINAL PRE-TRIAL CONFERENCE

---

IT IS ORDERED that in preparation for trial counsel for the parties shall:

1. Confer not later than ten days before the date of the final pre-trial conference scheduled in the action to which this order refers.

2. Prepare a _joint_ final pre-trial report to be filed with the Court not later than _three_ _days_ before the final pre-trial conference. The principal burden for the composition of the report shall be on counsel for the plaintiff. The report must be signed by counsel for all parties and must contain the following:

>  (a) Date of the pre-trial conference and appearances for the parties.
>
>  (b) An agreed statement of all uncontested facts. In the absence of objection to the admissibility of any uncontested facts the statement will become part of the record. No proof will be received at trial on the matters covered by the statement.
>
>  (c) An agreed statement of major factual issues.
>
>  (d) The names and addresses of all prospective witnesses for each party. It is contemplated that witnesses not listed will not be permitted to be called except upon a showing of good cause.
>
>  (e) The names and addresses of all prospective expert witnesses for each party, together with a narrative statement of each expert's back-

ground and experience. If the case is to be tried to a jury, the statement will be read to them and no proof will be received on the matters covered unless objection to the narrative statement is noted in the report.

(f) An itemized statement of special damages if such special damages are an element of a claim.

(g) A schedule of all exhibits to be offered at trial, designating those to which objection will be made, with a brief statement as to the grounds for objection. Objections based on relevancy need not be noted.

(h) A list of depositions, or portions thereof, to be offered at trial. Extensive (i.e., more than 5 pages) reading from depositions will not be permitted. Rather, the proponent of a deposition must prepare a written narrative summary of a deposition the party intends to offer. Any other parties desiring to make use of the same deposition must also prepare a narrative summary. Summaries not filed at least ten days prior to trial (seven days for a responsive summary) may not be used during the trial absent a showing of good cause.

3. Mark and number all exhibits prior to the final pre-trial conference. Exhibits should be numbered serially without designating the offering party; plaintiffs to begin numbering with 1, defendants with 201.

(a) File all formal discovery documents, to include depositions and contested exhibits at final pre-trial conference.

4. **If trial to Court, as follows:**

Counsel for parties will submit to the Court by noon of the Thursday before trial the following:

(a) Trial briefs on all contentions of parties filing the brief, including references to special evidentiary problems.

>   (b) Proposed findings of fact, conclusions of law and order of judgment.

**If trial by jury, as follows:**

Counsel for parties will submit to the Court not later than noon ten days before trial or as otherwise directed the following:

>   (a) Trial briefs on all contentions of parties filing the brief, including references to special evidentiary problems.
>
>   (b) Proposed voir dire questions.
>
>   (c) Proposed jury instructions, with citations or references of authority; instruction conference to be held the Friday prior to trial.
>
>   (d) Proposed verdict forms, special verdict forms, and proposed special interrogatories to jury, if applicable.
>
>   (e) Instruction conference to be held the Friday prior to trial.

5. Submit separate reports or partial separate reports at time of final pre-trial conference if counsel cannot agree on the contents of a joint report, and certify that after making diligent effort agreement could not be reached on joint report.

6. The following paragraph shall be included in each pre-trial order:

>   Hereafter this order will control the course of the trial and may not be amended except by consent of the parties and the Court to prevent manifest injustice. In the event of ambiguity in any provisions of this order, references may be made to the records of this conference to the extent recorded by notes and to the pleadings.

7. Estimated trial time and other items which may be pertinent thereto.