IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN, a resident of Wisconsin, and MARVELS AND MIRACLES, LLC, a Wisconsin Limited Liability Company,  )<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>TODD MCFARLANE, a resident of Arizona, and TODD MCFARLANE PRODUCTIONS, INC., and Arizona corporation, TMP INTERNATIONAL, INC., a Michigan corporation, MCFARLANE WORLDWIDE, INC., a Michigan corporation, and IMAGE COMICS, INC., a California corporation,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.  ) | Case No. 0200048 S |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**UNDER F.R.C.P. 12b(6)**

**TO ALL COUNSEL AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to F.R.C.P. 12b(6), Defendant Image Comics, Inc. ("Image") hereby moves for dismissal of all causes of action on the basis that Plaintiffs' complaint fails to state a claim on any cause of action. The basis for Image's motion is described below and is set forth more fully in the accompanying memorandum of points and authorities.

Image moves to dismiss all of Plaintiff's pending causes of action on the following grounds:

COUNT I: (Moral Rights). Comic books are not within the scope of works protected under the Visual Artist Rights Act of 1990 ("VARA"), 17 U.S.C. §§ 101, 106A. U.S. copyrights are territorial in scope, and limited to U.S. territory. Further, under the Berne Convention, U.S. courts may not vindicate foreign copyright law rights, which may provide greater protection to "moral rights" of attribution. Under the Berne Convention, rights asserted under foreign copyrights are limited to whatever protections the U.S. gives its own copyright holders, and the U.S. does provide "moral rights" of attribution for comic books with substantial print runs.

COUNTS II.-III. (Copyright Infringement of Spawn Properties).

    a.    Plaintiffs plead that these acts occurred from 1992 through 1997. The Copyright Act has a three year statute of limitations. 17 U.S.C. § 507(b).

    b.    Plaintiffs plead that Gaiman is a co-creator, or joint author, of the Spawn Properties. As pleaded, that would make him at most a co-owner of the works. 17 U.S.C. § 201(a). Each co-owner has an independent right to exploit the works, subject only to an accounting and division of profits. 17 U.S.C. § 201. Under the 1976 Copyright Act ("Copyright Act"), a co-owner may not sue the

other owner's licensees, as that would defeat the statutory scheme of encouraging independent exploitation. <u>Edward B. Marks Music Corp. v. Jerry Vogel Music Co.</u>, 140 F.2d 266 (2d Cir. 1944)("A joint owner of a copyright <u>and his licensees</u> cannot be liable to a co-owner for copyright infringement because a copyright owner cannot infringe his own copyright")(emphasis supplied).

COUNT IV. (Breach of Contract). Image never owns the intellectual property of the characters that it publishes, and only owns its own name and logo. As McFarlane's licensee, Image could give no consideration regarding rights to Miracleman, and was not a party to any of the alleged contracts. It therefore could not be in breach.

COUNT V. (Fraud). For the same reasons, since whatever representations McFarlane made were not made on Image's behalf, it cannot possibly be liable for fraud.

COUNT VI. (Violation of Lanham Act § 43(A)). Plaintiffs' claim of "reverse palming off" fails for two separate and independent reasons.

    a.    Plaintiffs do not allege prior existence of Spawn marks owned and exploited by them. "As a prerequisite to a claim based on infringement of trademark, however, a plaintiff must first establish that he or she has a valid, protectable mark." <u>Rice v. Fox Broadcasting Co., et al.</u> 148 Supp.2d 1029, 1064 (C.D. Cal. 2001).

    b.    As a licensee, Image cannot be liable for infringement to a putative co-creator. "One joint author thereby obtains the right to use or license that portion of the joint work which was the sole creation of the other joint author." 1 Nimmer on Copyright § 6.06[A].

COUNT VII. (State Law False Advertising). Plaintiffs' state law claims are preempted by the Copyright Act. VARA (*supra*) specifically limits what works are entitled to the moral rights of attribution. Comic books are not among the

works protected, and the false advertising count contains no "extra element" that would survive preemption of state law.

COUNT VIII. (Promissory Estoppel).

    a.    Plaintiffs state law claim is preempted by the Copyright Act. Plaintiffs claim is indistinguishable from rights that could be asserted under copyright law.

    b.    Again, for the reasons given above, Image made no promises whatsoever to Plaintiffs. It therefore cannot be estopped.

COUNT IX. (Declaratory Judgment). There is no present justiciable controversy between Image and Plaintiffs, referencing paragraph 94 of the Complaint:

    a.-b.    Image has no interest in who is declared owner of the Spawn properties, as it does not have any ownership interest itself.

    c.    A licensee has no duty to provide an accounting to the licensor's co-owner, and the statute of limitations has run anyway. 17 U.S.C. §§ 201, 507(b).

    d.    Image has no interest in who is declared the owner of Miracleman.

    e.    Image has never received any intellectual property rights to any character, much less rights to *Miracleman* allegedly assigned from the Eclipse bankruptcy.

    f.    Image has not published any comic books featuring *Miracleman* (Compl. ¶ 24). Image has no contracts relating to the Miracleman properties. Further, Image has offered to Plaintiffs not to publish any works incorporating the Miracleman properties during the pendency of these proceedings.

DATED: March 12, 2002          BROBECK, PHLEGER & HARRISON LLP
                               John S. Baker
                               R. Scott Feldmann
                               Matthew C. Lapple

                               By: /s/ R. Scott Feldmann
                               R. Scott Feldmann
                               Attorneys for Defendant
                               Image Comics, Inc.

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Irvine, California 92618-2301. On March 12, 2002, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12b(6)**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Brobeck, Phleger & Harrison LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Sherman, Alexander & Associates LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Brobeck, Phleger & Harrison for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on March 12, 2002, at Irvine, California.

*Patti L. Gruwell*
Patti L. Gruwell

6

## PROOF OF SERVICE LIST

| | |
|---|---|
| Jeffrey A. Simmons, Esq.<br>Foley Lardner<br>Attorneys at Law<br>Verex Plaza<br>150 East Gilman Street<br>Madison, Wisconsin 53703-1481<br>Phone (608) 257-5035<br>Facsimile (608) 258-4258 | Attorneys for Plaintiffs<br>Neil Gaiman and<br>Marvels And Miracles, LLC |
| Kenneth F. Levin<br>Kenneth F. Levin and Associates<br>20 North Wacker Drive, Suite 2200<br>Chicago, Illinois 60606<br>Phone (312) 984-6000<br>Facsimile (312) 977-2990 | Attorneys for Plaintiffs<br>Neil Gaiman and<br>Marvels And Miracles, LLC |
| Mark Hellmann<br>Michael Rechtin<br>Joseph Talarico<br>Foley & Lardner<br>1 IBM Plaza<br>220 N. Wabash, Suite 3300<br>Chicago, Illinois 60611<br>Phone (312) 755-1900<br>Facsimile (312) 755-1925 | Attorneys for Plaintiffs<br>Neil Gaiman and<br>Marvels And Miracles, LLC |
| Michael Kahn, Esq.<br>Stinson, Mag & Fizzell<br>100 S. 4th Street<br>Suite 700<br>St. Louis, Missouri 63102<br>Phone (314) 259-4529<br>Facsimile (314) 259-4599 | Attorneys for Defendants<br>Todd McFarlane;<br>Todd McFarlane Productions, Inc.;<br>TMP International, Inc.; and<br>McFarlane Worldwide, Inc. |
| Todd G. Smith<br>LaFollette Godfrey & Kahn<br>One East Main Street<br>P.O. Box 2719<br>Madison, Wisconsin 53701-3911<br>Phone (608) 257-3911<br>Facsimile (608) 257-0609 | Attorneys for Defendants<br>Todd McFarlane;<br>Todd McFarlane Productions, Inc.;<br>TMP International, Inc.; and<br>McFarlane Worldwide, Inc. |

OCOLIB1\MCL\259948.01