DOC NO 18
REC'D/FILED

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

'02 MAR 25 PM 4:33

J W SKOP...EWITZ
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| NEIL GAIMAN and<br>MARVELS AND MIRACLES, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD MCFARLANE,<br>TODD MCFARLANE PRODUCTIONS,<br>INC., TMP INTERNATIONAL, INC.,<br>MCFARLANE WORLDWIDE, INC., and<br>IMAGE COMICS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 02-C-0048-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY TO THE AMENDED COUNTERCLAIMS OF DEFENDANTS
TODD MCFARLANE AND TODD MCFARLANE PRODUCTIONS, INC.**

Plaintiffs Neil Gaiman and Marvels and Miracles, L.L.C., ("Plaintiffs"), by their attorneys, reply to the Amended Counterclaims of defendants Todd McFarlane and Todd McFarlane Productions, Inc. ("TMP") as follows:

**Parties and Jurisdiction**

1. Plaintiffs admit the allegations contained in paragraph 1.

2. Plaintiffs admit the allegations contained in paragraph 2.

3. Plaintiffs admit the allegations contained in paragraph 3.

4. Plaintiffs admit the allegations contained in paragraph 4.

5. Plaintiffs admit the allegations contained in paragraph 5.

## The Origins of Todd McFarlane's *Spawn*

6.  Plaintiffs do not have sufficient knowledge to form a belief as to the truth of each of the allegations contained in paragraph 6 and, therefore, deny those allegations.

7.  Plaintiffs admit that Mr. McFarlane launched the *Spawn* comic book series. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7 and, therefore, deny those allegations.

8.  Plaintiffs do not have sufficient knowledge as to whether the allegations of this paragraph accurately reflect the plot line of the *Spawn* comic book series and, therefore, deny those allegations.

9.  Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, deny those allegations.

10. Plaintiffs state that paragraph 10 states conclusions of law to which no response is required. Further, plaintiffs do not have sufficient knowledge to form a belief as to the truth of the fact allegations contained in paragraph 10 and, therefore, deny those allegations. Plaintiffs further state that the contents of Exhibit A speak for themselves and deny the allegations of paragraph 10 to the extent they are inconsistent with the contents of Exhibit A.

11. Plaintiffs state that paragraph 11 contains conclusions of law to which no response is necessary. Plaintiffs further state that they do not have sufficient knowledge to form a belief as to the truth of the fact allegations contained in paragraph 11 and, therefore, deny those allegations.

## Mr. Gaiman's Involvement in *Spawn* Issue No. 9

12. Plaintiffs admit that Mr. McFarlane requested that Mr. Gaiman create a script with the understanding that Mr. Gaiman would at all times be the creator of the script with

attendant ownership interest, and that Mr. McFarlane would have the right to use the script for purposes of a *Spawn* comic book. Plaintiffs further admit that Mr. McFarlane promised Mr. Gaiman that Mr. Gaiman would be treated and remain identified as the author of the script and creator of any character which Mr. Gaiman designed and would have an ongoing economic interest in authorized uses more favorable than the deal Mr. Gaiman had with DC Comics at the time. Mr. Gaiman expressly denies that any of Mr. Gaiman's work was a "work-made-for-hire," expressly denies that he authorized at the time any use of his script other than for purposes of a comic book, expressly denies that he authorized at the time any use of the characters he created other than for purposes of that comic book, and otherwise denies the remaining allegations of paragraph 12.

   13. Because no "offer" was made as alleged in the Counterclaim, the plaintiffs deny the allegations of paragraph 13.

   14. Mr. Gaiman admits that he advised Mr. McFarlane of what Mr. Gaiman intended to do in his script. Mr. Gaiman admits that he specifically advised Mr. McFarlane of Mr. Gaiman's creation of the concept of an army of warrior angels who would oppose the army of hell, of Mr. Gaiman's creation of a female warrior angel named *Angela*, her design and characteristics and the actions *Angela* would be taking in the plot of Mr. Gaiman's script, admits that he specifically advised Mr. McFarlane of Mr. Gaiman's creation of the *Cagliostro* character, *Cagliostro*'s design and characteristics and the actions *Cagliostro* was taking in the plot of Mr. Gaiman's script, admits he specifically advised Mr. McFarlane of Mr. Gaiman's creation of the concept that there had been a predecessor Hellspawn-type character from the medieval period who became known as *Medieval Spawn*, and that Mr. Gaiman provided Mr. McFarlane with *Medieval Spawn*'s designs and characteristics and with the actions *Medieval Spawn* would be

taking in the plot of his script, and that Mr. Gaiman advised Mr. McFarlane of the manner in which he was incorporating each of those characters in his script. Plaintiffs otherwise deny the allegations of paragraph 14.

15. Plaintiffs admit that Exhibit B appears to be a true and correct black and white photocopy of *Spawn* Issue 9. Plaintiffs further state that paragraph 15 states legal conclusions to which no response is required. Plaintiffs otherwise deny all of the fact allegations contained in paragraph 15.

16. Plaintiffs state that, to the extent Mr. Gaiman made any written statements to Mr. McFarlane, such statements in full context speak for themselves and plaintiffs deny the allegations contained in paragraph 16 to the extent they are inconsistent with those written statements and deny the remaining allegations in paragraph 16.

17. Plaintiffs admit that the cover of *Spawn* Issue 9 is a full-page depiction of the *Angela* character which Mr. Gaiman created. Plaintiffs further state that they are without information sufficient to form a belief as to the role Mr. McFarlane played in the creation of that piece of artwork and, therefore, deny the remaining allegations in paragraph 17.

18. Plaintiffs admit that the *Angela* character, the *Medieval Spawn* character and the *Cagliostro* character (later appearing as *Cogliostro*) were all conceived and created by Mr. Gaiman and all first appeared in comic book form in *Spawn* Issue number 9. Plaintiffs further state that *Spawn* Issue 9 is a written document that speaks for itself and deny the allegations in paragraph 18 to the extent they are inconsistent with the contents of that document.

19. Plaintiffs state that *Spawn* Issue 9 is a written document that speaks for itself and deny the allegations in paragraph 19 to the extent they are inconsistent with the contents of that document.

003.349903.1

20. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, deny those allegations. Plaintiffs further state that any issues of <u>The Comic Buyers Guide</u> are written documents that speak for themselves and deny the allegations in paragraph 20 to the extent they are inconsistent with the contents of those documents.

21. Mr. Gaiman has no memory of having seen a copy of that advertisement at the time of its publication and plaintiffs, therefore, deny the allegations contained in paragraph 21.

22. Plaintiffs deny the allegations contained in paragraph 22.

23. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegation regarding Mr. McFarlane obtaining a copyright registration and, therefore, deny that allegation. Plaintiffs state that Exhibit C is a written document that speaks for itself and deny the allegations contained in paragraph 23 to the extent they are inconsistent with the contents of that document.

24. Plaintiffs deny that Mr. McFarlane was expressly identified as a "creator" in any reprint volume containing *Spawn* Issue 9. Further, plaintiffs deny that the trade paperback defined as "*Spawn* Volume 2" contained a reprint of *Spawn* Issue 10. Subject to the foregoing denial, plaintiffs admit that Exhibit D appears to be a copy of pages from *Spawn* Volume 2. Plaintiffs do not have sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, therefore, deny those allegations.

25. Plaintiffs state that the credits page of *Spawn* Volume 2 is a written document that speaks for itself and deny the allegations contained in paragraph 25 to the extent they are inconsistent with the contents of that document.

003.349903.1

26. Plaintiffs state that the title page of *Spawn* Volume 2 is a written document that speaks for itself and deny the allegations contained in paragraph 26 to the extent they are inconsistent with the contents of that document.

27. Plaintiffs deny the allegations contained in paragraph 27.

28. Plaintiffs do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, deny those allegations.

29. Plaintiffs admit that Mr. McFarlane misspelled the Cagliostro character's name in a subsequent appearance and thereafter continued in the misspelling. Since Mr. McFarlane never "originally described" any of this character's traits to Mr. Gaiman before the character was created by Mr. Gaiman, plaintiffs expressly deny that allegation, and otherwise deny the allegations of paragraph 29.

### Mr. Gaiman's Involvement In Four Other *Spawn* Publications

30. Plaintiffs admit that as the creator of the characters *Angela*, *Cagliostro* and *Medieval Spawn*, Mr. Gaiman proposed on an unsolicited basis a subsequent plot line intended as a bridge to a new *Angela* story line which Mr. Gaiman was creating and which did in fact bridge to the subsequent *Angela* comic books utilizing scripts Mr. Gaiman created. Plaintiffs do not have a specific recollection of the content of the letter referred to in paragraph 30 and, therefore, deny the allegations regarding the content of that alleged letter and deny the remaining allegations contained in paragraph 30.

31. Plaintiffs admit that Exhibit E appears to be a true and correct black and white photocopy of *Spawn* Issue 26, which utilizes the scene Mr. Gaiman created, admit that Mr. McFarlane made a payment to Mr. Gaiman for the original use of that scene, and otherwise deny the allegations of paragraph 31.

6

32. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, deny those allegations. Plaintiffs further state that Exhibit F is a written document that speaks for itself and deny the allegations in paragraph 32 to the extent they are inconsistent with the content of that document.

33. Plaintiffs admit that Mr. Gaiman created scripts centered on the *Angela* character he had created which were utilized in the comic books published as *Angela* Issue 1, *Angela* Issue 2 and *Angela* Issue 3. Plaintiffs admit that Exhibits G, H, and I appear to be true and correct black and white photocopies from *Angela* Issues 1, 2, and 3. Plaintiffs otherwise deny the allegations of paragraph 33.

34. Plaintiffs state that Exhibits G, H, and I are written documents that speak for themselves and deny the allegations in paragraph 34 to the extent they are inconsistent with the content of those documents.

35. Plaintiffs admit that Mr. Gaiman contributed to *Angela* Issues 1, 2, and 3, but deny that Mr. Gaiman's contributions to *Angela* Issues 1, 2, and 3 are inseparable from the issues themselves and otherwise deny the remaining allegations of paragraph 35.

36. Plaintiffs state that Exhibit H is a written document that speaks for itself and deny the allegations in paragraph 36 to the extent they are inconsistent with the content of that document.

37. Plaintiffs deny the allegations contained in paragraph 37.

38. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, deny those allegations. Plaintiffs further state that Exhibits J, K, and L are written documents that speak for themselves and deny

7

003.349903.1

the allegations in paragraph 38 to the extent they are inconsistent with the content of those documents.

### Mr. Gaiman's Copyright Registrations

39.   Plaintiffs admit the allegations contained in paragraph 39.

40.   Plaintiffs admit that Exhibit M contains true and correct copies of copyright registrations obtained by Mr. Gaiman. Plaintiffs state that those registrations are written documents that speak for themselves and deny the allegations contained in paragraph 40 to the extent they are inconsistent with the content of those documents.

41.   Plaintiffs admit that Mr. Gaiman filed the applications more than seven years after the first original publication of *Spawn* Issue 9 and more than five years after the first original publication of *Angela* Issues 1 through 3. Plaintiffs deny the remaining allegations contained in paragraph 41.

42.   Plaintiffs state that Mr. Gaiman's copyright registrations are written documents that speak for themselves and deny the allegations contained in paragraph 42 to the extent they are inconsistent with the contents of those documents and otherwise deny the remaining allegations contained in paragraph 42.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment—Copyright Ownership—Spawn and Angela)

43.   Plaintiffs incorporate by reference their previous responses to paragraphs 1 through 42 as if fully restated here.

44.   Plaintiffs admit that there is now an actual and justiciable controversy before the Court and deny the remaining allegations contained in paragraph 44.

45.   Plaintiffs deny that Mr. Gaiman's contributions to the five comic books are inseparable from those books. Plaintiffs further state that they do not have sufficient

003.349903.1

information regarding the contributions and intentions of the other participants in those works to form a belief as to the truth of the remaining allegations contained in paragraph 45 and, therefore, deny those allegations.

46.     Plaintiffs deny the allegations contained in paragraph 46.

47.     Plaintiffs state that paragraph 47 contains legal conclusions to which no response is required.  Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the fact allegations contained in paragraph 47 and, therefore, deny those allegations and deny all other allegations of paragraph 47.

48.     Plaintiffs deny the allegations contained in paragraph 48.

49.     Plaintiffs deny the allegations contained in paragraph 49.

50.     Plaintiffs deny the allegations contained in paragraph 50.

51.     Plaintiffs admit that Mr. McFarlane and TMP purport to seek the declaration of rights alleged and plaintiffs affirmatively deny that Mr. McFarlane and TMP are entitled to the declaration requested or to any relief at all.

## SECOND CLAIM FOR RELIEF
### (Fraud By Mr. Gaiman)

52.     Plaintiffs incorporate by reference their responses to paragraphs 1 through 51 as if fully restated here.

53.     Plaintiffs hereby incorporate paragraphs 44 - 49 of their January 24, 2002 Complaint (the "Complaint") by reference and deny the allegations of paragraph 53 to the extent they are inconsistent with paragraphs 44 – 49 of the Complaint.

54.     Plaintiffs admit that Mr. Gaiman and Mr. McFarlane engaged in an exchange of oral and written communications, certain excerpts of which plaintiffs have quoted in the Complaint.  Plaintiffs deny the allegations contained in paragraph 54 to the extent they are

9

intended to suggest that those communications did not result in a valid contract between Mr. Gaiman and Mr. McFarlane.

57. Plaintiffs admit that Mr. McFarlane agreed to make payments to Mr. Gaiman as alleged in the Complaint and as set forth in the parties' correspondence. Plaintiffs deny the remaining allegations contained in paragraph 55.

56. Plaintiffs incorporate paragraph 45 of the Complaint by reference and deny the allegations contained in paragraph 56 to the extent they are inconsistent with paragraph 45 of the Complaint.

57. Plaintiffs state they are unable to respond to the allegations contained in paragraph 57 to the extent those allegations refer to unspecified "reasons alleged above," and, therefore, deny those allegations. Plaintiffs further state that paragraph 57 appears to characterize the contents of written correspondence of Mr. Gaiman and deny the allegations to the extent they mischaracterize the contents of that correspondence. Plaintiffs otherwise deny the allegations of paragraph 57.

58. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the allegation regarding Mr. McFarlane's "spirit" and, therefore, deny that allegation. Plaintiffs incorporate by reference paragraph 46 of the Complaint by reference and deny the remaining allegations contained in paragraph 58 to the extent they are inconsistent with paragraph 46.

59. Plaintiffs incorporate paragraph 47 of the Complaint by reference and deny the allegations contained in paragraph 59 to the extent they are inconsistent with paragraph 47.

003.349903.1

60. Plaintiffs admit that Mr. McFarlane paid Mr. Gaiman an amount Mr. McFarlane purported were royalties due to date on Medieval Spawn and shipped Mr. Gaiman various materials relating to the *Miracleman* comic books which had been published by Eclipse Comics, all of which content related to copyrighted material (none of which were or are the copyrights of Mr. McFarlane). Plaintiffs deny that Mr. McFarlane and Mr. Gaiman never finalized their discussions into a binding contract. Plaintiffs do not have sufficient knowledge to form a belief as to the truth of the remaining allegations of paragraph 60 and, therefore, deny those allegations.

61. Plaintiffs admit that, because DC Comics never published *Medieval Spawn* or *Cogliostro*, Mr. Gaiman would have received no payments for *Medieval Spawn* from DC Comics and no cognizable rights in *Cogliostro* from DC Comics. Plaintiff deny the remaining allegations contained in paragraph 61.

62. Plaintiffs deny the allegations contained in paragraph 62.

63. Plaintiffs deny the allegations contained in paragraph 63.

64. Plaintiffs deny the allegations contained in paragraph 64.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

65. Plaintiffs incorporate by reference their responses to paragraphs 1 through 64 as if fully restated here.

66. Plaintiffs state that no benefit was conferred upon Mr. Gaiman except as purported consideration for benefits Mr. Gaiman conferred upon defendants and, as so qualified, admit the allegations contained in paragraph 66.

67. Plaintiffs deny having profited from the benefit and, therefore, deny the allegations contained in paragraph 67.

003.349903.1

68. Plaintiffs state that paragraph 68 states legal conclusions to which no response is required.

69. Plaintiffs deny the allegations contained in paragraph 69.

### AFFIRMATIVE DEFENSES

1. Defendants' equitable Counterclaims are barred by the doctrine of unclean hands.

2. Defendants' Counterclaims are barred by laches.

3. Defendants' Counterclaims are barred by waiver.

4. Defendants' Counterclaims are barred by estoppel.

5. The "Second Claim for Relief" fails to state a claim upon which relief may be granted.

7. The "Second Claim for Relief" fails to meet the requirements of Fed. R. Civ. P. 9(b).

**WHEREFORE,** Plaintiffs Neil Gaiman and Marvels and Miracles L.L.C. request that the Court enter judgment in their favor and against defendants Todd McFarlane and Todd McFarlane Productions, Inc. on the Counterclaims, and that Plaintiffs be awarded their costs and such other relief as may be appropriate.

003.349903.1

Dated this 25 day of March, 2002.

                                                  FOLEY & LARDNER

                                                  By: _____
                                                  Allen A. Arntsen
                                                  Jeffrey A. Simmons
                                                  *Attorneys for Plaintiffs*

| | |
|---|---|
| Foley & Lardner<br>150 East Gilman Street<br>Madison, WI 53703-2808<br>Tel: (608) 257-5035<br>Fax: (608) 258-4258 | Of Counsel:<br>Mark Hellmann<br>Michael Rechtin<br>Joseph Talarico<br>Foley & Lardner<br>1 IBM Plaza<br>220 N. Wabash Ste. 3300<br>Chicago, IL 60611<br>Tel: (312) 755-1900<br>Fax: (312) 755-1925 |

Co-Counsel:
Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000
Fax: (312) 977-2990

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN, and
MARVELS AND MIRACLES, LLC,

          Plaintiffs,

Case No.: 02-C-0048-S

v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

          Defendants.

### CERTIFICATE OF SERVICE

I, Brenda Allen-Johnson, hereby certify that I am an employee of Foley & Lardner, that on the 25th day of March, 2002, I caused a true and correct copy of **Plaintiffs' Reply to the Amended Counterclaims of Defendants Todd McFarlane and Todd McFarlane Productions, Inc.** to be served by facsimile and First Class, U.S. Mail on counsel for defendants as follows:

| Facsimile No.: (949) 790-6301 | Facsimile No.: (608) 257-0609 | Facsimile No.: (314) 259-4599 |
|---|---|---|
| R. Scott Feldmann, Esq.<br>Brobeck, Phleger & Harrison, LLP<br>38 Technology Drive<br>Irvine, CA 92618-5312 | Todd G. Smith, Esq.<br>LaFollette, Godfrey & Kahn<br>One East Main Street, Suite 500<br>P.O. Box 2719<br>Madison, WI 53701-2719 | Michael Kahn, Esq.<br>Stinson, Mag & Fizzell<br>100 S. 4th Street, Suite 700<br>St. Louis, MO 63102 |

Brenda Allen-Johnson

003.345959.1