UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN, and
MARVELS AND MIRACLES, LLC,

   Plaintiffs,

v.               Case No.: 02-C-0048-S

TODD MCFARLANE, and
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

   Defendants.

## AFFIDAVIT OF JEFFREY A. SIMMONS

STATE OF WISCONSIN )
         ) ss.
COUNTY OF DANE   )

Jeffrey A. Simmons, being duly sworn, deposes and states as follows:

1. I am one of the attorneys representing plaintiffs Neil Gaiman and Marvels and Miracles, L.L.C. in this action.

2. In its brief in support of its Motion to Dismiss and in the supporting Declaration of Todd McFarlane, defendant Image Comics, Inc. ("Image") generally asserts that Image is some form of licensee of either defendant McFarlane or defendant Todd McFarlane Productions, Inc. ("TMP"). The result of this alleged license arrangement, Image contends, is that Image is immune to suit for copyright infringement by Gaiman because the

law prohibits the co-owner of a copyright from bringing an infringement action against another co-owner's licensee.

3. As discussed in plaintiffs' brief in response to Image's motion, the legal and factual issues surrounding Image's alleged status as a licensee are not nearly as clear as Image contends. Under copyright law, the licensee of a co-owner may still be liable for infringement if it exceeds the scope of its license. See S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1087-88 (9th Cir. 1989). In addition, the Copyright Act specifically requires that exclusive licenses be in writing. See 17 U.S.C. §§ 204(a) and 101. See also 3 Nimmer on Copyright § 10.03[A].

4. In this case, Image has presented no evidence regarding the specifics of its purported license with McFarlane. In his declaration, Todd McFarlane does not state whether the purported license is written, nor does he at all describe the scope or terms of that purported license. Without these facts, plaintiffs cannot determine whether Image is, as it contends, protected from a suit for copyright infringement by Gaiman.

5. At this early stage in these proceedings, none of the parties have taken any discovery. The parties' initial disclosures of documents pursuant to Rule 26(a) are not due until tomorrow, April 5, 2002. In order to ascertain all of the material facts surrounding Image's purported license and properly respond to Image's motion, plaintiffs will need to review any documents defendants produce pursuant to Rule 26(a), make any necessary follow-up requests for documents and written discovery and, in all likelihood, depose Todd McFarlane about the alleged license arrangement. Toward that end, plaintiffs intend to notice the deposition of Todd McFarlane for April 30, 2002. After the necessary discovery has been

completed, plaintiffs will be prepared to respond to Image's motion as it relates to Image's alleged status as a licensee.

*[Signature]*
Jeffrey A. Simmons

Subscribed and sworn to me this
4th day of April, 2002.

*[Signature]*
Notary Public
State of Wisconsin, County of Dane
My commission expires: 12/29/02.