IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 02-C-0048-S |
| TODD McFARLANE, TODD McFARLANE PRODUCTIONS, INC., TMP INTERNATIONAL, INC., and McFARLANE WORLDWIDE, INC. ) ) ) ) ) | |
| Defendants-Counterclaimants, ) ) | |
| And ) ) | |
| IMAGE COMICS, INC., ) ) | |
| Defendant. ) | |

### THE McFARLANE DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc. (together, the "McFarlane Defendants"), by their counsel LaFollette, Godfrey & Kahn, provide this brief in opposition to the plaintiffs' Motion for Leave to File an Amended Complaint. Pursuant to the Court's April 8, 2002 Order, the plaintiffs' motion will be heard by telephone on Wednesday, April 17, 2002.

### INTRODUCTION AND FACTS

The plaintiffs filed this matter on January 24, 2002. The original Complaint contained nine causes of action, including a claim for "Derogation of Moral Rights" under section 6bis of

the Berne convention and several claims alleging copyright infringement. Complaint, ¶¶ 58-66. The Complaint also contained an additional claim for declaratory relief, seeking declarations resolving the parties' rights in the same copyrighted works at issue in the infringement claims. *Id.*, ¶¶ 91-94.

After being served with the Complaint, defendant Image Comics, Inc. ("Image Comics") filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserting that the Complaint failed to state a claim upon which relief may be granted. In addition, the McFarlane Defendants indicated to the plaintiffs that they intended to file a similar motion, pursuant to either Rule 12(b) or 12(c), Fed. R. Civ. P., seeking dismissal of several of the plaintiffs' claims. *See* Preliminary Pretrial Report of Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc., ¶ 4.

One day after filing its response to Image Comics' motion to dismiss, and one month after the preliminary pretrial conference in this matter, the plaintiffs return to the Court seeking leave to amend their original Complaint. The proposed Amended Complaint drops the "moral rights" claim under the Berne Convention. In addition, the copyright claims are significantly altered, this time alleging that plaintiff Neil Gaiman is a joint author, with defendant Todd McFarlane, of several comic books. *See* proposed Amended Complaint, ¶¶ 64-68. The Amended Complaint drops the copyright infringement allegations against Mr. McFarlane that had been included in the original Complaint. The proposed Amended Complaint retains, however, copyright infringement claims against Todd McFarlane Productions, Inc. TMP International, Inc. and McFarlane Worldwide, Inc. *Id.*, ¶¶ 69-74.

Finally, the proposed Amended Complaint seeks to add two additional claims alleging that the McFarlane Defendants violated Wisconsin privacy law, Wis. Stat. § 895.50 (1999-2000),

2

and common law misappropriation of name and identity, by acknowledging Gaiman's authorship of the scripts to the *Angela* series in a trade publication entitled *Angela's Hunt. Id.*, ¶¶ 99-104. The plaintiffs' motion claims that they only recently discovered this publication and were before that time unaware of the existence of these alleged claims. Plaintiffs' Motion, ¶¶ 6-7.

## ARGUMENT

### I. THIS COURT HAS THE DISCRETION TO DENY THE PLAINTIFFS' MOTION TO AMEND.

Because the McFarlane Defendants have already filed an Answer responding to the claims asserted against them in the original Complaint, Rule 15(a), Fed. R. Civ. P. requires the plaintiffs to obtain this Court's permission before an amended pleading may be filed. This rule is intended, at least in part, to prevent plaintiffs from forcing defendants to incur the time and expenses necessary to research, draft and file responsive pleadings multiple times. It also prevents the situation where defendants filing dispositive motions are forced to shoot at a moving target with respect to the claims against them.

Rule 15(a) states that leave to amend shall be freely given, but only "when justice so requires." Indeed, whether to permit a party to amend its pleading is a matter within the sound discretion of the district court. *Brunt v. Service Employees Int'l Union*, 2002 U.S. App. LEXIS 4563, at *9 (7th Cir., March 21, 2002); *Pabst Brewing Company, Inc. v. Corrao*, 176 F.R.D. 552, 557 (E.D. Wis. 1997) (citing *Goulding v. Feinglass*, 811 F.2d 1099 (7th Cir. 1987), *cert. denied*, 482 U.S. 929 (1987)). A district court may deny a party's request to amend its pleadings because of undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies in a pleading or when the amendment would be futile. *Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1303 (7th Cir. 1993) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In addition,

a district court may deny leave to amend when permitting the amendment would result in prejudice to the non-movant. *Id.*

None of the provisions in the Federal Rules of Civil Procedure cited by the plaintiffs authorize the amendments they seek. Moreover, there is no "new" or "recently discovered" evidence justifying the amendment of the copyright-related claims. Instead, the Motion is really nothing more than an attempt to cure the inadequacies and inaccuracies of those claims – the very same claims that were already subject to Image Comics' Motion to Dismiss and were about to be subject to a similar dispositive motion filed by the McFarlane Defendants. Finally, permitting the plaintiffs to amend their Complaint at this stage of the proceeding would significantly prejudice the McFarlane Defendants, as they have already incurred substantial time and expense preparing a dispositive motion that would have had the effect of disposing of the very same claims that the plaintiffs now seek to amend. For these reasons, the Court should exercise its discretion to deny plaintiffs' motion.

## II.  RULE 15(b), FED. R. CIV. P. PROVIDES NO AUTHORITY FOR THE PLAINTIFFS' REQUEST.

In support of their motion, the plaintiffs state that "Rule 15(b) provides that a party may seek leave to amend its pleadings to conform to the evidence at any time during the proceedings." Plaintiffs' Motion, ¶ 5. The motion proceeds to state that the significant changes the plaintiffs propose to make to the copyright infringement claims "merely conform[] the pleadings to the evidence known to date." *Id.*, ¶ 8. Yet Rule 15(b) provides no authority for the plaintiffs' motion. Rule 15(b), in its entirety, states as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the

> evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial on these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance or enable the objecting party to meet such evidence.

Fed. R. Civ. P. 15(b).

The plain language of this rule makes clear that it applies to situations where the parties have either already tried issues that were not alleged in the pleadings, or where one party objects to evidence "at the trial" because the evidence is "not within the issues made by the pleadings." Rule 15(b) is therefore plainly inapplicable to the situation before the court – the trial in this matter is over five and one-half months away. This court should reject any suggestion that Rule 15(b) authorizes the amendments the plaintiffs seek.

### III.  THERE IS NO NEW EVIDENCE JUSTIFYING THE AMENDMENT OF THE COPYRIGHT INFRINGEMENT CLAIMS.

The plaintiffs assert that the proposed Amended Complaint "is necessary to conform plaintiffs' pleadings to recently discovered evidence." Plaintiffs' Motion, ¶ 6. Yet there is no "recently discovered" evidence regarding the copyright infringement claims justifying the plaintiffs' request to "reframe" those claims. See Plaintiffs' Motion, ¶ 8. With the proposed pleading, the plaintiffs now allege that Mr. Gaiman is a "joint author" of the comic books at issue in this case, with Gaiman authoring the scripts and with Todd McFarlane providing the artwork. *Id.* These facts have been known to the plaintiffs since before this action was commenced. Certainly Gaiman was aware of his own contribution to the comic books at issue.

5

He was aware of Mr. McFarlane's contribution as well, as Gaiman alleges in his original Complaint that McFarlane "set about having artwork prepared" for the comics. Complaint, ¶ 34. There is therefore no new evidence justifying the amendment of the copyright-related claims.

Indeed, the plaintiffs' attempt to amend those claims is a thinly-veiled effort to cure the inadequacies and inaccuracies of the original copyright infringement claims (and the claims for declaratory relief related to the copyrights). It is hornbook copyright law that a joint owner cannot sue another joint owner for copyright infringement. 1 M. Nimmer, *Nimmer on Copyright* § 6.10, at 6-30 (2001) ("[O]ne joint owner cannot be liable for copyright infringement to another joint owner, for the reason that one cannot infringe his own copyright....") (citations omitted); *see also Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989); *Beloit Corp. v. C3 Datatec, Inc.*, 1995 U.S. Dist. LEXIS 16685, at *23-24 (E.D. Wis., Aug. 23, 1995). The original Complaint's allegation of copyright infringement against Mr. McFarlane is therefore without basis in fact or law.

In addition, the infringement claims against the other McFarlane Defendants are similarly groundless because copyright law clearly allows one joint owner to license the copyrighted work to others – the only remedy the other joint owner possesses in such a situation is to an accounting of the royalties earned from the licensees. *Nimmer*, § 6.10, at 6-30; *see also Chicago Prof'l Sports Ltd. P'ship v. NBA*, 754 F. Supp. 1336, 1350 (N.D. Ill. 1991) ("[E]ither of two joint owners of a work may grant a non-exclusive license to the work to a third party without permission of the other, subject only to a duty to render an accounting for a rateable share of the profits."), *aff'd*, 961 F.2d 667 (7th Cir. 1992). The proposed Amended Complaint is merely the plaintiffs' attempt to avoid dismissal of the copyright-related claims in its original Complaint.

6

Further, there is no "new" or "recently discovered" evidence regarding the claim for "derogation of moral rights" included in the original Complaint but dropped in the proposed Amended Complaint. The plaintiffs dropped this claim for one reason only: the law is absolutely clear that the Berne Convention provides no private cause of action for attribution. *See Carter v. Hemsley-Spear, Inc.*, 71 F.3d 77, 83 (2d Cir. 1995). This was true when the original Complaint was filed. Nothing has changed in this regard.

The plaintiffs seek to amend the copyright-related claims and the "moral rights" claim not because of any newly-discovered evidence, but rather because those claims were likely frivolous or, at best, amenable to a dispositive motion such as that filed by Image Comics and a similar motion the McFarlane Defendants had planned to file. Under these circumstances, the Court should deny the plaintiffs' motion.

### IV. PERMITTING THE PLAINTIFF TO AMEND AT THIS POINT WILL PREJUDICE THE McFARLANE DEFENDANTS.

A court may deny a motion to amend a pleading when granting the motion would result in prejudice to the non-movant. *Johnson v. Methodist Medical Center of Illinois*, 10 F.3d at 1303. Permitting the plaintiffs to materially change their allegations at this point in the case – with one dispositive motion pending and another imminent – would significantly prejudice the McFarlane Defendants. None of the grounds cited by the plaintiffs in their motion support amendment of their pleading. Moreover, the McFarlane Defendants have invested their time and resources in researching and drafting a dispositive motion attacking the claims asserted by in the original Complaint.

Importantly, the proposed changes in the Amended Complaint fail to cure the inadequacies of the copyright-related claims. Therefore, regardless of whether the Complaint is

amended, the McFarlane Defendants will be filing a dispositive motion seeking dismissal of those claims. The McFarlane Defendants should not be forced to prepare such a motion twice. Permitting the plaintiffs to shift and change their theories at this point will therefore result in substantial prejudice to the McFarlane Defendants.

## CONCLUSION

This court has the discretion to deny the plaintiffs' motion for leave to amend their Complaint. Here, the plaintiffs' motion is nothing more than an attempt to "clean up" claims that had no factual or legal basis to begin with. Under these circumstances, justice requires that the motion be denied to permit the defendants to pursue their dispositive motions.

WHEREFORE, the McFarlane Defendants respectfully request that the Court deny the plaintiffs' request for leave to file an Amended Complaint.

Dated: April 15, 2002

LA FOLLETTE GODFREY & KAHN

*Eugenia D. Carter*
Eugenia G. Carter
Todd G. Smith
One East Main Street, Suite 500
Madison, WI 53701
Tele: (608) 257-3911
Fax: (608) 257-0609

—and—

Michael A. Kahn
Stinson, Mag & Fizzell
100 South 4th Street, Suite 700
St. Louis, MO 63102
Tele: (314) 259-4500
Fax: (314) 259-4599

Attorneys for Todd McFarlane, Todd McFarlane
Productions, Inc., TMP International, Inc. and
McFarlane Worldwide, Inc.

MN146924_1.DOC

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and<br>MARVELS AND MIRACLES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TODD MCFARLANE,<br>TODD MCFARLANE PRODUCTIONS, INC.,<br>TMP INTERNATIONAL, INC., MCFARLANE<br>WORLDWIDE, INC., and<br>IMAGE COMICS, INC.,<br><br>Defendants. | Case No.  02 C 0048 S |

## CERTIFICATE OF SERVICE

Eugenia G. Carter certifies that on Monday, April 15, 2002, a true and correct copy of "The McFarlane Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint" was hand-delivered and mailed, first class, postage prepaid to the following:

***Hand-Delivered:***    Jeffrey A. Simmons
Foley & Lardner
150 East Gilman Street
Madison, WI  53703

***First Class Mail:***    R. Scott Feldmann
Brobeck, Phleger & Harrison, LLP
38 Technology Drive
Irvine, CA  92618

Dated:  April 15, 2002.

_____
Eugenia G. Carter

MN146974_1.DOC