DOCKET NUMBER 34
U.S. DISTRICT COURT
WEST. DIST. OF WISCONSIN

MAY 2 1 2002

FILED/RECEIVED
JOSEPH W. SKUPNIEWITZ, CLERK
CASE NUMBER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 02-C-0048-S |
| TODD McFARLANE, TODD McFARLANE PRODUCTIONS, INC., TMP INTERNATIONAL, INC., and McFARLANE WORLDWIDE, INC. | ) ) ) ) ) |
| Defendants-Counterclaimants, | ) ) |
| And | ) ) |
| IMAGE COMICS, INC., | ) ) |
| Defendant. | ) |

---

### THE McFARLANE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
### Rule 12(c), Fed. R. Civ. P.

---

Defendants Todd McFarlane, Todd McFarlane Productions, Inc. ("TMP"), TMP International, Inc. ("TMPI"), and McFarlane Worldwide, Inc. (collectively, the "McFarlane Defendants"), by their counsel, LaFollette Godfrey & Kahn and Blackwell Sanders Peper Martin LLP, move the Court for an order entering judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., dismissing at least seven claims with prejudice as a matter of law. In support of this motion, the McFarlane Defendants rely solely on the pleadings and exhibits on file, and on the accompanying brief. In further support of this motion, the McFarlane Defendants state as follows:

1.     In conjunction with this motion, the McFarlane Defendants have filed a Motion for Leave to Amend the Combined Appendix to the Answer and Counterclaims, for the purpose of submitting to the Court two documents to which both parties referred in the pleadings. Pending the Court's ruling on that motion, the pleadings in this action are closed.

2.     The plaintiffs' Amended Complaint for Damages, Declaratory Judgment and Injunctive and Ancillary Relief ("Amended Complaint"), brought under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and various state laws, contains eleven counts. Based on the undisputed facts contained in the pleadings, the Court should enter judgment in favor of the McFarlane Defendants on at least seven of these claims

### *The McFarlane Defendants Are Entitled To Judgment On Count I, Relating To Copyright Ownership.*

3.     The Amended Complaint contends, with respect to the first count, that Mr. Gaiman is "a co-owner of the copyrights in [several] works by virtue of his intentional copyrightable contributions to those works." Amended Complaint, ¶ 66. Specifically, the plaintiffs assert ownership rights to *Spawn* Issue 9, *Spawn* Issue 26, the *Angela* series, and to characters named "Angela," "Cogliostro," and "Medieval Spawn." *Id.*, ¶ 64.

4.     The undisputed facts contained in the pleadings, however, establish that Mr. Gaiman's copyright ownership claims are time-barred. Section 507(b) of the Copyright Act, the relevant statute of limitations, requires that a plaintiff commence a civil action within three years of a claim's accrual. 17 U.S.C. § 507(b). The pleadings

demonstrate that all of the plaintiffs' copyright ownership claims accrued more than three years before filing this lawsuit, barring the plaintiffs from asserting them in this litigation.

6. On these undisputed facts, the Court should deny the plaintiffs the declaratory relief and accounting of profits they seek because, as a matter of law, the plaintiffs are barred from bringing these copyright ownership claims.

### *The McFarlane Defendants Are Entitled To Judgment On Counts II And III, Relating To Copyright Infringement.*

7. As to Counts II and III, the plaintiffs allege copyright infringement of the same works and characters in which they claim copyright ownership in Count I.

8. As a matter of law, however, a plaintiff cannot prevail on a claim for copyright infringement when he cannot prove copyright ownership, as the latter is a *sine qua non* of the former. Indeed, ownership must be proven to establish infringement. *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S 340, 361, 111 S. Ct. 1282, 1296 (1991)).

9. As a matter of law and based on the undisputed facts, the Court should enter judgment in favor of the McFarlane Defendants on the copyright infringement claims because the plaintiffs cannot prove an essential element of these claims—copyright ownership.

### *The McFarlane Defendants Are Entitled To Judgment On Count VII, Arising Under The Lanham Act.*

10. The plaintiffs in Count VII allege a violation of the Lanham Act, "reverse palming off." The plaintiffs claim that the defendants "used a false designation of origin in connection with their exploitation" of certain intellectual property, and that Gaiman was denied attribution for his work. Amended Complaint, ¶ 88.

11. The pleadings demonstrate otherwise. Mr. Gaiman indeed received the attribution he requested, but moreover, the plaintiffs' "reverse palming off" claim arising under the Lanham Act is barred by the preemption provisions of the Copyright Act. 17 U.S.C. § 301(a); *see also Mist-On Systems, Inc. v. Gilley's European Tan Spa*, No. 02-C-0038-C, slip op. at 13-15 (W.D. Wis. May 2, 2002).

12. Based on the undisputed facts and as a matter of law, the Court should dismiss the plaintiffs' Lanham Act claim, and enter judgment in favor of the McFarlane Defendants on Count VII.

### *The McFarlane Defendants Are Entitled To Judgment On Count VIII, The State Law Claim For False Advertising.*

13. Count VIII invokes section 100.18, Wis. Stats., alleging that consumers have been confused as a result of "[t]he Defendants' failure to properly attribute Gaiman's authorship" for certain works. Amended Complaint, ¶ 94.

14. This cause of action is both preempted by the Copyright Act and time-barred under state law. The pleadings establish that the conduct at issue is the same conduct forming the basis for the plaintiffs' copyright claims, and federal courts consistently recognize such that such claims are preempted. *Mist-On Systems*, slip op. at 14.

15. Furthermore, Wisconsin's false advertising statute contains a three-year statute of limitations, and the undisputed facts establish that the allegedly unlawful acts on which this claim is based occurred more than three years ago. § 100.18(11)(b)3, Stats.

16. Based on the law of preemption and the undisputed facts in the pleadings, the Court should enter judgment in favor of the McFarlane Defendants on the plaintiffs' state law false advertising claim.

*The McFarlane Defendants Are Entitled To Judgment On Count IX,*
*The State Law Claim For Invasion Of Privacy.*

17.   In Count IX, the plaintiffs allege that "Gaiman has been damaged by Defendants' unauthorized use of his name and biographical information," stating a cause of action under section 895.50, Stats. Amended Complaint, ¶ 102.

18.   As a matter of law, however, because the plaintiffs rely on facts that form the basis for a claim under copyright law, this state law claim is preempted by the federal Copyright Act. *See Baltimore Orioles v. Major League Baseball Players Ass'n*, 805 F.2d 663 (7th Cir. 1986).

19.   On these undisputed facts, the Court should deny the plaintiffs the relief they seek under section 895.50, Stats., because, as a matter of law, this claim is preempted.

*The McFarlane Defendants Are Entitled To Judgment On Count VI,*
*The State Law Claim For Fraud.*

20.   In Count VI, the plaintiffs allege that the McFarlane Defendants "committed common law fraud by entering into" what the plaintiffs call the "1997 agreement[,] with no intent to abide by its terms." Amended Complaint, ¶ 84.

21.   This tort claim must fail, given its redundancy in light of the plaintiffs' contract claim in Count IV, which seeks damages for an alleged breach of the "1997 Agreement." *Id.*, ¶ 75. Wisconsin courts do not honor tort claims for alleged breaches of contractual duties. *See, e.g., Atkinson v. Everbrite, Inc.*, 224 Wis. 2d 724, 592 N.W.2d 299 (Ct. App. 1999).

22.   The pleadings establish that the conduct forming both the plaintiffs' contract claims and tort law fraud claim is identical; on these undisputed facts, the Court should enter judgment in favor of the McFarlane Defendants on Count VI.

## RELIEF REQUESTED

**WHEREFORE**, the McFarlane Defendants request that the Court enter a judgment pursuant to Rule 12(c), Fed. R. Civ. P., dismissing Counts I, II, III, VI, VII, VIII, and IX of the Amended Complaint with prejudice.

Dated: May 21, 2002

LA FOLLETTE GODFREY & KAHN

*Eugenia G. Carter*
Eugenia G. Carter
Todd G. Smith
Gabriel S. Gross
One East Main Street, Suite 500
Madison, WI 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin LLP
720 Olive Street, Suite 2400
St. Louis, MO 63101
Tel: (314) 345-6000
Fax: (314) 345-6060

Attorneys for Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc.

MN148957_1