37

DOCKET
NUMBER

U.S. DISTRICT COURT
WEST. DIST. OF WISCONSIN

MAY 2 3 2002

FILED/RECEIVED
JOSEPH W. SKUPNIEWITZ, CLERK

CASE
NUMBER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN, a resident of Wisconsin, and MARVELS AND MIRACLES, LLC, a Wisconsin Limited Liability Company, | ) ) ) ) ) |
| Plaintiffs, | ) ) **Case No. 0200048 S** |
| v. | ) ) |
| TODD MCFARLANE, a resident of Arizona, and TODD MCFARLANE PRODUCTIONS, INC., and Arizona corporation, TMP INTERNATIONAL, INC., a Michigan corporation, MCFARLANE WORLDWIDE, INC., a Michigan corporation, and IMAGE COMICS, INC., a California corporation, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

---

## ANSWER TO AMENDED COMPLAINT BY IMAGE COMICS, INC.

---

Defendant Image Comics, Inc. ("Image") answers the Amended Complaint as follows:

## ANSWER

1.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

1

GCOLWB11\RSP\2\0993.01

2.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint.

3.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint, except that Image admits that Mr. McFarlane is not "the sole owner or shareholder" of Image.

4.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint.

6.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint.

7.      Image admits the allegations in paragraph 7 of the Amended Complaint.

8.      Paragraph 8 of the Amended Complaint defines the term "McFarlane Corporate Defendants" for use in the Amended Complaint. Image admits that Plaintiffs sometimes use that term in the Amended Complaint.

9.      Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and therefore denies those allegations.

10.     Image denies the allegations in paragraph 10 of the Amended Complaint, except that it admits that most but not all of the *Spawn* and *Angela* publications identified in the Amended Complaint—including reissues, trade paperbacks, and the like—were published by Image Comics. Any such publications by Image were published at the request of and with the full authority of the McFarlane Defendants.

OCOLIB/REP/JA9693.01

11.    Image denies the allegations in paragraph 11 of the Amended Complaint.

12.    Image denies the allegations in paragraph 12 of the Amended Complaint except it admits that some of the Defendants have been involved in different aspects of the production of a comic book series entitled *Spawn*® or the production of goods related to that series. Image further admits that most, but not all, of the *Spawn* and *Angela* publication identified in the Amended Complaint—including reissues, trade paperbacks, and the like—were published by Image Comics. Any such publications by Image were at the request of and with the full authority of the McFarlane Defendants. Except as so admitted, Image denies each and every allegation in said paragraph.

13.    Image admits that this Court has exclusive jurisdiction under 28 U.S.C. § 1338 for an action arising under the copyright laws of the United States and concurrent jurisdiction for an action arising under the Lanham Act.

14.    Image admits that this Court has jurisdiction under 28 U.S.C. § 1331 for actions arising under the laws of the United States.

15.    Image admits that there is complete diversity of citizenship between the plaintiffs and defendants but is without knowledge or information sufficient to form a belief as to the truth of the allegation that the amount in controversy in this action is greater than $75,000.

16.    Image admits that this Court has the discretion to exercise supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367(a) but affirmatively alleges that to the extent that the Court does have supplemental jurisdiction over any state law claims here, the Court should decline to exercise that jurisdiction.

17.    Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and therefore denies those allegations.

18.    For purposes of this case only, Image does not dispute venue in this Court.

19.    For purposes of this case only, Image does not dispute that this Court has personal jurisdiction over it.

20.    Image denies the allegations in paragraph 20 of the Amended Complaint, except it admits that Issue 9 of *Spawn* contains a character named Angela. Further answering, Image states that Issue 9 contains an unnamed Spawn character and a character named Count Nicholas Cagliostro. Also answering, Image states that Malibu Comics "published" Issue 9 of *Spawn*. Except as so admitted, Image denies each and every allegation in said paragraph.

21.    Paragraph 21 of the Amended Complaint alleges conclusions of law requiring no response, and on such basis, Image neither admits nor denies such allegations. To the extent paragraph 21 of the Amended Complaint is construed to contain factual allegations, Image is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 as to whether Plaintiffs own any rights to any intellectual property involving a character named Angela or to any issues of the *Spawn* or *Angela* comic book series or derivative works that contain the Angela character.

22.    Paragraph 22 of the Amended Complaint alleges conclusions of law requiring no response, and on such basis, Image neither admits nor denies such allegations. To the extent paragraph 22 of the Amended Complaint is construed to contain factual allegations, Image is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 as to whether Plaintiffs own any rights to any intellectual property involving a character named

4

Cogliostro or to any issues of the *Spawn* comic book series or derivative works that contain the Cogliostro character. Further answering, Image states that Issue 9 of *Spawn* contained a character named Count Nicholas Cagliostro.

23.    Paragraph 23 of the Amended Complaint alleges conclusions of law requiring no response, and on such basis, Image neither admits nor denies such allegations. To the extent paragraph 23 of the Amended Complaint is construed to contain factual allegations, Image is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 as to whether Plaintiffs own any rights to any intellectual property involving a character named Medieval Spawn or to any issues of the *Spawn* comic book series or derivative works that contain the Medieval Spawn character.

24.    Image is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies those allegations, except that Image admits that it never created or published any *Miracleman*™ story.

25.    Paragraph 25 of the Amended Complaint alleges conclusions of law requiring no response, and on such basis, Image neither admits nor denies such allegations. To the extent paragraph 25 of the Amended Complaint is construed to contain factual allegations, Image is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 as to whether Plaintiffs own any rights to any intellectual property involving the *Miracleman* comic book series or any characters contained therein, including derivative works.

26.    Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and therefore denies those allegations.

OCOLIBI\RSP\243493.01

27. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint, and therefore denies those allegations.

28. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and therefore denies those allegations.

29. Image admits that Mr. Gaiman was a comic book author. Except as so admitted, Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and therefore denies each and every allegation in said paragraph.

30. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and therefore denies those allegations.

31. Image admits that Mr. Gaiman was never an employee of Image. Except as so admitted, Image denies each and every allegation in paragraph 31 of the Amended Complaint.

32. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, and therefore denies those allegations.

33. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint, and on that basis denies the allegations.

34. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint, and on that basis denies the allegations.

35. Image admits that Issue 9 of *Spawn* was released in or around March 1993, but is without knowledge or information sufficient to form a belief as to the

6

truth of the allegation that the comic book issue enjoyed "extensive commercial success." Except as so admitted, Image denies each and every allegation in paragraph 35 of the Amended Complaint.

36.    Image admits that the inside title page of *Spawn 9* identifies Gaiman as a writer. Except as so admitted, Image denies each and every allegation in paragraph 36 of the Amended Complaint.

37.    Image denies the allegations in paragraph 37 of the Amended Complaint.

38.    Image admits that it published a *Spawn Issue 26,* and *Pathways to Judgement.* Except as so admitted, Image denies each and every allegation in paragraph 38 of the Amended Complaint on the basis that it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

39.    Image admits the allegations in paragraph 39 of the Amended Complaint.

40.    Image is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and on that basis Image denies said allegations.

41.    Image admits that the inside title pages for the Angela series identify Mr. Gaiman as the writer of the story portion of the comic books and admit that the inside title pages of Issues 1 and 3 of Angela do not contain a notice of copyright. Further answering, Image states:

        a.    that the inside title page of Issue 2 of *Angela* contains a notice of copyright and trademark ownership stating *"Angela,* its logo and its symbol are registered trademarks and copyright © 1995 of Todd McFarlane Productions, Inc. All rights reserved."

        b.    that the inside title pages of Issues 1 and 3 of *Angela* contains a notice of ownership stating *"Angela,* its logo and its symbol are registered trademarks 1994 of Todd McFarlane Productions, Inc. All rights reserved."; and

0COLIBI\R&V3G993.01

    c.    that a 1995 trade paperback entitled *Angela*, consisting of a reprint of Issues 1, 2 and 3 of *Angela*, identified Mr. Gaiman as the writer of the story portion of the three comic books and contained the following notice of copyright and trademark ownership: "*Angela*, its logo and its symbol are (TM) trademarks and (©)copyright 1995, Todd McFarlane Prods, Inc. All other characters are (TM) trademarks and (©)copyright 1995, Todd McFarlane Prods, Inc. All rights reserved."

Except as so admitted, Image denies each and every allegation in paragraph 41 of the Amended Complaint.

    42.    Image admits that it republished Issues 1, 2 and 3 of *Angela* in 2000 under the title *Angela's Hunt* and that this republication identifies Mr. Gaiman as the writer of the story portion of the three comic books and contains an accurate biographical sketch of Mr. Gaiman, a portion of which is quoted in paragraph 42 of the Amended Complaint. Except as so admitted, Image denies each and every allegation of said paragraph.

    43.    Image admits that it did not separately pay Mr. Gaiman solely for use of his name and biography. Image further admits it does not have a separate written instrument limited to the subject of Mr. Gaiman's consent. Except as so admitted, Image denies each and every allegation in paragraph 43 of the Amended Complaint. Image is informed and believes that the McFarlane Defendants have Mr. Gaiman's ongoing consent to accurately identify him as the writer of the story portions of the three *Angela* comic book issues and to use his biographical information.

    44.    Image denies the allegations in paragraph 44 of the Amended Complaint except it admits that Mr. Gaiman never signed a work-for-hire agreement with Image.

    45.    Image admits that Mr. Gaiman filed for and obtained copyright registrations identified in paragraph 45. Except as so admitted, Image is without information and belief as to: a) the validity of these copyright registrations,

8

b) whether Plaintiffs own any copyright interest purportedly identified by these registrations, and on that basis denies each and every allegation in paragraph 45 of the Amended Complaint.

46.    Image admits that Mr. Gaiman filed for and obtained copyright registrations identified in paragraph 46. Except as so admitted, Image is without sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, denies the validity of these copyright registrations, denies that Plaintiffs own any copyright interest purportedly identified by these registrations, and denies the remaining allegations in paragraph 46 of the Amended Complaint.

47.    Image admits that Mr. McFarlane, as employee of TMP, has obtained federal copyright registrations in all relevant comic books, including Issues 9 and 26 of *Spawn* and Issues 1, 2 and 3 of *Angela*, and reprints of same. Except as so admitted, Image denies each and every allegation of paragraph 47 of the Amended Complaint.

48.    Image admits that in February of 1997 Larry Marder of Image sent a memo to Mr. Gaiman, which document speaks for itself. To the extent that any allegations in paragraph 48 are inconsistent with the contents of that memo, Image denies the same. Image is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the terms of Mr. Gaiman's contract with DC Comics. Except as so admitted, Image denies each and every allegation in paragraph 48 of the Amended Complaint.

49.    Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint, and on that basis denies each and every allegation in paragraph 49 of the Amended Complaint.

9

50.   Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint, and on that basis denies the allegations in paragraph 50 of the Amended Complaint.

51.   Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint, and therefore denies the allegations in paragraph 51 of the Amended Complaint.

52.   Image admits that Mr. McFarlane did not act on Image's behalf regarding the creating or obtaining of rights to intellectual property to characters in the *Spawn* comic books. Mr. McFarlane's letter speaks for itself, and thus Image denies any allegations in paragraph 52 of the Amended Complaint that are inconsistent with the contents of that letter. Except as so admitted, Image denies each and every allegation in paragraph 52 of the Amended Complaint.

53.   Image is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint, and therefore denied said allegations.

54.   Paragraph 54 of the Amended Complaint alleges conclusions of law requiring no response, and on such basis Image neither admits nor denies said allegations. To the extent paragraph 54 of the Amended Complaint is construed to contain factual allegations, Image is without sufficient knowledge to form a belief as to their truthfulness and therefore denies each and every allegation in paragraph 54 of the Amended Complaint.

55.   Image is without knowledge or information sufficient to form a belief as to the allegations in paragraph 55 of the Amended Complaint, and on that basis denies them.

56.   Image is without knowledge or information sufficient to form a belief as to the allegations in paragraph 56 of the Amended Complaint, and on that basis denies them.

10

57.    Image admits that one or more of these characters has appeared in a live-action motion picture entitled "Spawn," an HBO animated series entitled "Spawn," comic art publications and/or toy figures. Except as so admitted, Image is without sufficient knowledge or information to form a belief as to the truthfulness of allegations in paragraph 57 of the Amended Complaint, and therefore denied each and every allegation of said paragraph.

58.    Image admits that in July 2001, TMP filed an intent-to-use application for a federal trademark application for *Miracleman*, which application speaks for itself. To the extent any of the allegations in paragraph 58 of the Amended Complaint are inconsistent with the statements in that application, Image denies such allegations. Image further specifically denies that it, as a member within the group identified as "Defendants" ever entered into any "1997 Agreement" with Plaintiffs. Except as so admitted, Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 58, and on that basis, denies each and every allegation of said paragraph.

59.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 59 of the Amended Complaint, and on that basis denies each and every allegation of said paragraph.

60.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 60 of the Amended Complaint, and on that basis denies each and every allegation of said paragraph.

61.    Image denies the allegations in paragraph 61 of the Amended Complaint.

62.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 62 of the Amended Complaint, and on that basis denies each and every allegation of said paragraph.

11

63.    Image denies the allegations of paragraph 63 of the Amended Complaint.

## COUNT I
## Declaratory Judgment

64.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 64 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

65.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 65 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

66.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 66 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

67.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 67 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

68.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 68 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

## COUNT II
## Copyright Infringement — "Angela"

69.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 69 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

70.    Image denies the allegations in paragraph 70 of the Amended Complaint.

71.    Image denies the allegations in paragraph 71 of the Amended Complaint.

12

## COUNT III
## Copyright Infringement -- Cogliostro" And "Medieval Spawn"

72.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 72 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

73.    Image denies the allegations in paragraph 73 of the Amended Complaint.

74.    Image denies the allegations in paragraph 74 of the Amended Complaint.

## COUNT IV
## Breach Of Contract

75.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 75 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

76.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 76 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

77.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 77 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

78.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 78 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

## COUNT V
## Promissory Estoppel

79.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 79 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

QCQLDIIURSFUADW3.02

80.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 80 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

81.    Image specifically denies that it ever entered into either the "1992 Agreement" or the "1997 Agreement" with Plaintiffs. Image also denies the remaining allegations of paragraph 81 of the Amended Complaint.

82.    Image denies the allegations in paragraph 82 of the Amended Complaint.

83.    Image denies the allegations in paragraph 83 of the Amended Complaint.

**COUNT VI**
**Fraud**

84.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 84 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

85.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 85 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

86.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 86 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

87.    Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 87 of the Amended Complaint, and on that basis, denies each and every allegation of said paragraph.

**COUNT VII**
**Violation Of The Lanham Act § 43(A)**

88.    Image denies the allegations in paragraph 88 of the Amended Complaint.

14

89. Image denies the allegations in paragraph 89 of the Amended Complaint.

90. Image denies the allegations in paragraph 90 of the Amended Complaint.

91. Image denies the allegations in paragraph 91 of the Amended Complaint.

92. Image denies the allegations in paragraph 92 of the Amended Complaint.

93. Image denies the allegations in paragraph 93 of the Amended Complaint.

## COUNT VIII
### State Law False Advertising

94. Image denies the allegations in paragraph 94 of the Amended Complaint.

95. Image denies the allegations in paragraph 95 of the Amended Complaint.

96. Image denies the allegations in paragraph 96 of the Amended Complaint.

97. Image denies the allegations in paragraph 97 of the Amended Complaint.

98. Image denies the allegations in paragraph 98 of the Amended Complaint.

## COUNT IX
### Violation of Right of Privacy, Wis. Stat. § 895.50

99. Image denies the allegations in paragraph 99 of the Amended Complaint and affirmatively states that it has used Mr. Gaiman's name and an accurate summary of his biographical information in order to give him the attribution he requested.

15

OCOLhanaspuseara.ar

100. Image admits that it did not receive a separate written consent to use Mr. Gaiman's name and biographical information, but affirmatively alleges that it has Mr. Gaiman's ongoing consent to accurately identify him as a writer of the story portions of the *Angela* series.

101. Image admits that Mr. Gaiman believes that he is famous, but is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding payments he receives for personal appearances at public events. Image denies ever paying him for a personal appearance at a public event. Except as admitted, Image denies each and every allegation in paragraph 101 of the Amended Complaint.

102. Image denies the allegations in paragraph 102 of the Amended Complaint.

## COUNT X
### Misappropriation of Gaiman's Name and Identity

103. Image incorporates its answers to paragraphs 99 through 102 of the Amended Complaint as if fully restated here.

104. Image denies the allegations in paragraph 104 of the Amended Complaint.

## COUNT XI
### Declaratory Judgment

105. Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 105 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

106. Image is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 106 of the Amended Complaint, and on that basis, denies the allegations of said paragraph.

107. Image denies the allegations in paragraph 107 of the Amended Complaint.

16

108.   Image denies the allegations in paragraph 108, and Subparagraphs (a), (b) and (c).

109.   Image denies each and every allegation of the Amended Complaint not expressly admitted herein.

### PRAYER

Image denies that Plaintiffs are entitled to any relief in this action.

### AFFIRMATIVE DEFENSES

1.   Each of Plaintiffs' claims fail to state a claim upon which relief may be granted because, among other things:

a.   Plaintiffs' copyright infringement claims in Counts II and III are fatally defective because any copyright ownership interest that Mr. Gaiman could have claimed in the Angela, Cogliostro, or Medieval Spawn intellectual property, or in any issues of the *Spawn* or *Angela* comic books, would have been, at most, limited to the claim of a joint author of a joint work under Section 101 of the Copyright Act. The other joint authors would have included Mr. McFarlane and/or TMP, who have licensed publication or production of all publications and derivative works at issue in this lawsuit. Because a joint owner is allowed to license others to exercise various rights in the copyrighted work, Mr. Gaiman cannot sue those licensees (which includes Image) for copyright infringement.

b.   Plaintiffs' Lanham Act "reversing palming off" claim fails because Plaintiffs do not allege prior existence of the trademarks at issue and prior exploitation by them. The Lanham Act also fails because Plaintiffs cannot demonstrate that Defendants bodily appropriated substantially all of the copyrighted works since other Defendants are at least joint authors with a right to independently exploit said works.

c.   The State Law False Advertising claim is preempted by the Copyright Act, which governs moral rights of attribution in works of visual arts.

d.   The State Statutory and Common Law Right to Publicity claims fail because Plaintiffs sought and consented to use of his name, and because the First Amendment precludes Plaintiffs' control of "Gaiman's biographical information."

2.   Plaintiffs' copyright ownership claims and his copyright infringement claims are barred by the three-year statute of limitations contained in 17 U.S.C. § 507(b). His claims for an ownership interest in the comic books and comic book

17

characters at issue in this lawsuit all accrued no later than December of 1994 and more likely as early as November of 1992.

3.    Plaintiffs' copyright claim in the characters Angela, Cogliostro and Medieval Spawn are barred by § 411 of the Copyright Act, 17 U.S.C. § 411, because plaintiff failed to obtain a copyright registration in any of those characters.

4.    Image, a licensee or sublicensee of the co-defendants, has no duty to provide an accounting to its licensor's co-owner. 17 U.S.C. § 201.

5.    Plaintiffs' pleading for statutory damages and attorneys' fees is barred by Plaintiffs' failure to register the copyrighted works prior to any alleged infringement as required by 17 U.S.C. § 412.

6.    Plaintiffs' right of publicity claims are barred by the applicable statute of limitations, specifically section 893.93(1)(b), Wis. Stats., because such claims, if any existed, accrued upon the publication of Issues 9 and 26 of *Spawn* and Issues 1 through 3 of *Angela*, all of which took place more than six years prior to the filing of this action.

7.    Plaintiffs' State Law False Advertising claims are barred by the applicable statute of limitations, specifically section 100.18(11)(b)3, Wis. Stats., because such claims, if any existed, accrued upon the publication of Issues 9 and 26 of *Spawn* and Issues 1 through 3 of *Angela*, all of which took place more than three years prior to the filing of this action.

8.    Plaintiffs' claims are barred because any claims for money owed to Plaintiffs have been paid, satisfied and discharged by payment to Plaintiffs. In the alternative, Plaintiffs' claims are barred by the doctrine of accord and satisfaction in that the McFarlane Defendants duly paid, satisfied, and discharged Plaintiffs' claims by full payment to Plaintiffs.

9.    Plaintiffs' copyright infringement claims are barred by Mr. Gaiman's commission of fraud on the U.S. Copyright Office to the detriment of the

McFarlane Defendants and by the doctrine of "unclean hands" in that Mr. Gaiman knowingly obtained separate copyright registrations for contributions to joint works while willfully concealing from the Copyright Office, among other things, the following material facts:

    a.    that the comic book scripts and other works covered by Mr. Gaiman's copyright registration applications were, at most, contributions to a "joint work" in that each comic book was, under Section 101 of the Copyright Act, "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole";

    b.    that one or more of the McFarlane Defendants was, at the very least, a joint owner of the copyright in the comic books covered by Mr. Gaiman's registration applications; and

    c.    that one or more of the McFarlane Defendants had previously publicly claimed the copyright in each of the comic books covered by Mr. Gaiman's copyright registration applications and, moreover, had made that public claim of copyright ownership at least years before the filing of Mr. Gaiman's applications.

    10.    Plaintiffs' Lanham Act and State Law False Advertising claims are barred because Mr. Gaiman always received appropriate attribution for his contributions to the *Spawn* and *Angela* comic books at issue here.

    11.    Plaintiffs' claims are infirm to the extent that they allege that Image, and not Malibu Comics, was the publisher of certain works identified in the Amended Complaint, including Issue No. 9 of *Spawn*.

    12.    Plaintiffs' right of privacy and misappropriation of name and identity claims are barred by, among other things:

    a.    Mr. Gaiman's actual, implied and/or constructive consent to the use of his name and identity;

    b.    Mr. Gaiman's acquiescence in the ongoing use of his name and identity by Defendants for more than six years without objection; and

    c.    The First Amendment rights of freedom of speech and freedom of the press.

19

13.     Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel and laches.

14.     Plaintiffs' claims are barred by Mr. Gaiman's failure to perform his obligations under the agreements at issue in this lawsuit.

15.     With full knowledge of all facts in any way connected with or relating to the matters alleged in the Amended Complaint, Plaintiffs duly acquiesced and confirmed in all respects any and all purported acts and/or omissions of defendants alleged in the Amended Complaint, if any such acts or omissions there were or are.

16.     Mr. Gaiman has failed to act in good faith with respect to the matters alleged in the Amended Complaint.

Dated:  May 23, 2002              BROBECK, PHLEGER & HARRISON LLP


By:     _R. Scott Feldmann_
        R. Scott Feldmann
        Attorneys for Defendant Image Comics, Inc.

20

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Irvine, California 92618-2301. On May 23, 2002, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:        **ANSWER TO AMENDED COMPLAINT BY IMAGE COMICS, INC.**

SERVED UPON:        **SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Brobeck, Phleger & Harrison LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by Sherman, Alexander & Associates LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Brobeck, Phleger & Harrison for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on May 23, 2002, at Irvine, California.

Patti L. Gruwell

21

## PROOF OF SERVICE LIST

Jeffrey A. Simmons, Esq.
Foley Lardner
Attorneys at Law
Verex Plaza
150 East Gilman Street
Madison, Wisconsin 53703-1481
Phone (608) 257-5035
Facsimile (608) 258-4258

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, Illinois 60606
Phone (312) 984-6000
Facsimile (312) 977-2990

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Mark Hellmann
Michael Rechtin
Joseph Talarico
Foley & Lardner
1 IBM Plaza
220 N. Wabash, Suite 3300
Chicago, Illinois 60611
Phone (312) 755-1900
Facsimile (312) 755-1925

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Michael Kahn, Esq.
Stinson, Mag & Fizzell
100 S. 4th Street
Suite 700
St. Louis, Missouri 63102
Phone (314) 259-4529
Facsimile (314) 259-4599

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.

Todd G. Smith
LaFollette Godfrey & Kahn
One East Main Street
P.O. Box 2719
Madison, Wisconsin 53701-3911
Phone (608) 257-3911
Facsimile (608) 257-0609

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.

QCOLJ\BT\RSP\264991.v1