UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN, and
MARVELS AND MIRACLES, LLC,

    Plaintiffs,

v().

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

    Defendants.

Case No. 02-C-0048-S

## JOINT STIPULATION AND PROTECTIVE ORDER

    Plaintiffs Neil Gaiman and Marvels and Miracles, LLC, and defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc., and Image Comics, Inc., by and through their respective legal counsel, hereby stipulate and request that the following Protective Order be entered by the Court in the above-entitled action.

    WHEREAS, it is anticipated that the parties will be producing large volumes of documents during the discovery phase of this litigation;

    WHEREAS, certain documents that are subject to discovery, and Court filings referencing such documents, contain sensitive information relating to the parties': operations; business partners; amount or source of income, profits, losses, or expenditures; confidential

Neil Gaiman, et al. v. Todd McFarlane, et al.,   Joint Stipulation and Protective Order
Case No. 02-C-0048-S

contractual obligations; production, marketing, sales, shipments, purchases, pricing or transfers; and personal address and telephone information of the parties and third parties;

WHEREAS, the parties have agreed that the documents that contain sensitive information are so numerous that determining protected status on a document by document basis would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, in the ordinary course of their respective businesses the parties make significant efforts to keep such information confidential from competitors, customers and the public at large, as disclosure of such information would impair its value, place a party at a competitive disadvantage, or invade the privacy of a party or third party;

WHEREAS, the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others;

WHEREAS, the parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order;

It is therefore ORDERED as follows:

I.  **NATURE OF INFORMATION AND MATERIALS PROTECTED**

1.  *Applicability*. The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery and disclosures taken or made pursuant to the Federal Rules of Civil Procedure, and any other information that a producing party may designate as confidential in connection with this action.

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,          Joint Stipulation and Protective Order
Case No. 02-C-0048-S

    2.    *Confidential Information of Third Parties.* The term "producing party" encompasses not only the parties to this action but also third parties who may disclose or produce information, e.g., in response to a subpoena.

    3.    *"Confidential Information"* includes information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise:

        (a)    which is designated as such in writing by the producing party, and

        (b)    which constitutes or contains trade secrets, operations, identification of customers, identification of business partners, amount or source of any income, profits, losses, or expenditures, technical or developmental information, or information concerning the production, marketing, sales, shipments, purchases, pricing or transfers of the producing party, personal address or telephone information of any individual, or other information not otherwise publicly known or available, the disclosure of which (i) is likely to have the effect of harming the competitive position of the producing party, (ii) would violate an obligation of confidentiality to a third person, including a court, or (iii) violate the privacy of any party or third party.

    4.    *Exceptions to confidential status.* Information will not be deemed confidential and protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

003.355358.3

(a) is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

(b) is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party.

5. *Confidential "Attorney's Eyes Only" Information.* "Confidential Information" may be additionally designated "Attorney's Eyes Only" by counsel for the producing party for the purpose of identifying particularly sensitive Confidential Information and further limiting its access to a more restrictive group of persons.

II. **RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION**

6. Access to information that is designated "CONFIDENTIAL" shall be limited to the parties, counsel of record for any party, other law firm attorneys, law firm personnel, in-house counsel, in-house clerical staff, service bureaus, outside consultants/experts, and other qualified persons, as defined below:

(a) *"Other law firm attorneys"* means attorneys (i.e., members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record.

(b) *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any party to whom it is necessary that the protected information in question be disclosed for purposes of any dispute between parties to this lawsuit; and (ii) non-employee clerical personnel

engaged by such law firms on a contract basis (e.g., data entry clerks) to whom it is necessary that the protected information in question be disclosed for purposes of any dispute between parties to this lawsuit and who have signed a document in substantially the form of Exhibit A attached hereto.

    (c)    *"In-house counsel"* means attorneys (i.e., members in good standing of the bar of the highest court of any state or of any federal district court) who are regular full- or part-time employees of the receiving party and who are working directly on this litigation.

    (d)    *"In-house clerical staff"* means regular clerical employees (e.g., legal assistants, secretaries, file clerks, but excluding personnel performing technology-related duties) of the receiving party who are working directly on this litigation under the direct supervision of either inside or outside counsel and to whom it is necessary that the Confidential Information in question be disclosed for purposes of this litigation.

    (e)    *"Outside consultant/expert"* means a person (the "Expert") and his/her employees, assistants and clerical staff, who is not employed by the receiving party but is retained by that party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial, such as an accountant, statistician, economist, technical consultant or other technical expert, provided: (i) the Expert has signed a document in substantially the form of Exhibit A attached hereto; (ii) the Expert's identity as a designated outside consultant/expert and the Expert's curriculum vitae have been disclosed in writing to the party producing the Confidential Information; and (iii) the producing party has not served a written objection to the

5

designation of the Expert as an "outside consultant/expert" within five (5) days of receiving notice of the Expert's identity; and (iv) the producing party has withdrawn any objection made to the designation.

  (f) *"Service bureau"* means a company that:

    (i) is independent of the parties, but a company will not be deemed non-independent solely because it does business, regularly or irregularly, with a party; and

    (ii) is engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like.

  (g) *"Other qualified persons"* means any other person (i) who is so designated (1) by order of the court after notice and an opportunity to be heard to all affected parties, or (2) by agreement of the producing party, and (ii) who has signed a document in substantially the form of Exhibit A attached hereto.

  7. *Access to Confidential Information designated* "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be limited to counsel of record for any party, other law firm attorneys, law firm personnel, service bureaus, outside consultants/experts, and other qualified persons, as defined in paragraph 6 (a)-(g).

  8. *Confidential Information of nonparties.* In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this order in writing to all parties to the action with respect to any Confidential Information to be provided to the requesting party by the nonparty.

Neil Gaiman, et al. v. Todd McFarlane, et al.,Joint Stipulation and Protective Order
Case No. 02-C-0048-S

9.*Disclosure to certain persons associated with producing party.* Nothing in this order shall preclude any party to the lawsuit or their attorneys from showing a document designated as "CONFIDENTIAL" to an individual employed by the producing party who prepared or reviewed or received the document prior to the filing of this action

10.*No waiver of right or obligation to object to production.* Nothing contained in this order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

11.*Requests for additional protection.* This order shall be without prejudice to the right of the parties to request additional protection under Rule 26(c), Fed. R. Civ. P., for discovery requests made hereafter by any party.

12.*Future representation by counsel.* It is not the intent of the parties, nor of the court, that an attorney or law firm that acquires knowledge of (or is given access to) Confidential Information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

7

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,          Joint Stipulation and Protective Order
Case No. 02-C-0048-S

## III.  DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION

13.  *Labeling of documents.* Information being designated as protected that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation (e.g. – "Confidential – Attorney's Eyes Only").

14.  *Designation of other disclosures.* Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

15.  *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "CONFIDENTIAL." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies or such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

16.  *Designation not determinative.* Designation of documents or other specified information as Confidential by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

17.  *Challenges to "Confidential" designations.* A party shall not be obligated to challenge the propriety of a designation of information as protected at the time

8

Neil Gaiman, et al. v. Todd McFarlane, et al.,   Joint Stipulation and Protective Order
Case No. 02-C-0048-S

made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. (The parties are strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular protected information.) If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that the information has been properly designated as protected is on the party making such designation.

18. *Designation of and procedure for deposition testimony.* The following procedures shall be followed if Confidential Information of a producing party is discussed or disclosed in a deposition:

(a) The producing party shall have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access of the Confidential Information.

(b) The Confidential Information shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

003.355358.3

(c)     If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

(d)     Alternatively, a request under subparagraph (b) may be made in writing within ten (10) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential Information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

19.    *Inadvertent production.*

(a)     If a party inadvertently produces a document containing Confidential Information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten (10) days of the discovery of

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,　　　　　　　　　　Joint Stipulation and Protective Order
Case No. 02-C-0048-S

the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

(b)　　The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product within the meaning of Fed. R. Civ. P. 26, if the producing party gives written notice to the receiving party within ten (10) days of the discovery of the inadvertent document production, identifying the document in question and claim to privilege or work product.

## IV.   FILING CONFIDENTIAL INFORMATION WITH THE COURT

20.　　*Filing under seal.* No document containing Confidential Information shall be filed with this court unless it is in a sealed, opaque container or envelope including on the outside thereof the designation "CONFIDENTIAL", the case heading of this litigation and a notification that the contents are subject to a protective order and the container is not to be opened except on further order of this court or by stipulation of counsel for all parties. The clerk of this court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that is so filed in this litigation.

21.　　*Use of information in court proceedings.* Any receiving party that knows that it intends to present Confidential Information of another party in oral form at trial, or during any pre- or post-trial hearing, shall obtain consent of the producing party or permission of the Court prior to making such presentation. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures

11

that will minimize the presentation of protected information in open court. In appropriate circumstances, such procedures might include, e.g., submission of written testimony under seal, presentation of "declassified" summaries of Confidential Information, and the like. The court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as protected shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

## V.   PROCEDURES AFTER TERMINATION OF THIS CASE

22.   *Continuing jurisdiction of the Court.* This order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this order.

23.   *Return and destruction of documents.*

(a)   Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as Confidential Information pursuant to this order. At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,   Joint Stipulation and Protective Order
Case No. 02-C-0048-S

     (b)    Notwithstanding subparagraph (a), the attorneys of record for a party may retain indefinitely, in "secure storage" (defined below), a single archival copy of documents containing Confidential Information that have been submitted to the Court or cited to the Court in any proceeding in this case, provided that said archival copy is not used or disclosed, except (i) as permitted by this order, (ii) by agreement of the producing party in question, or (iii) by further order of this court. The archival copy may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof. By way of example and not of limitation, outside counsel may maintain, e.g., a set of pleadings, briefs, and similar court papers; a set of trial exhibits received in evidence a copy of the record on appeal; a reasonable number of backup tapes containing Confidential Information in electronic form that had been maintained on law firm computer networks (i.e., counsel need not specifically purge their firms' routine backup tapes of protected information as long as the backup tapes are kept in secure storage); and the like.

     (c)    For purposes of subparagraph (b), "secure storage" for archival copies of protected information does not include storage that is routinely physically accessible from a local-area network, wide-area network, or the Internet.

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,                    Joint Stipulation and Protective Order
Case No. 02-C-0048-S

STIPULATED AND AGREED to this 24th day of May, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035

Co-Counsel:
Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000

Of Counsel:
Mark Hellmann
Michael Rechtin
Joseph Talarico
Foley & Lardner
1 IBM Plaza
220 N. Wabash Ste. 3300
Chicago, IL 60611
Tel: (312) 755-1900

STIPULATED AND AGREED to this ___ day of _____, 2002.

LAFOLLETTE, GODFREY & KAHN, S.C.

By: _____
Eugenia G. Carter
Todd G. Smith
*Attorneys for McFarlane Defendants*

LaFollette, Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Tel: (608) 257-3911

**Co-Counsel:**
Michael Kahn, Esq.
Stinson, Mag & Fizzell
100 S. 4th Street, Suite 700
St. Louis, MO 63102
Tel: (314) 259-4529

14

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,Joint Stipulation and Protective Order
Case No. 02-C-0048-S

STIPULATED AND AGREED to this 24th day of May, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035

Co-Counsel:
Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000

Of Counsel:
Mark Hellmann
Michael Rechtin
Joseph Talarico
Foley & Lardner
1 IBM Plaza
220 N. Wabash Ste. 3300
Chicago, IL 60611
Tel: (312) 755-1900

STIPULATED AND AGREED to this 29 day of May, 2002.

LAFOLLETTE, GODFREY & KAHN, S.C.

By: _____
Eugenia G. Carter
Todd G. Smith
*Attorneys for McFarlane Defendants*

LaFollette, Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Tel: (608) 257-3911

Co-Counsel:
Michael Kahn, Esq.
Stinson, Mag & Fizzell
100 S. 4th Street, Suite 700
St. Louis, MO 63102
Tel: (314) 259-4529

14

Neil Gaiman, et al. v. Todd McFarlane, et al.,    Joint Stipulation and Protective Order
Case No. 02-C-0048-S

STIPULATED AND AGREED to this 24TH day of May, 2002.

                                 BROBECK, PHLEGER & HARRISON, LLP

                    By: *R. Scott Feldmann*
                                 R. Scott Feldmann
                                 *Attorneys for Defendant*
                                 *Image Comics, Inc.*

Brobeck, Phleger & Harrison, LLP
38 Technology Drive
Irvine, CA 92618-5312
Tel: (949) 790-6300

IT IS SO ORDERED

Dated this 4th day of June, 2002.

*John C. Shabaz*
John C. Shabaz
U.S. District Court Judge
Western District of Wisconsin

15

Neil Gaiman, et al. v. Todd McFarlane, et al.,          Joint Stipulation and Protective Order
Case No. 02-C-0048-S

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**NEIL GAIMAN, and**
**MARVELS AND MIRACLES, LLC,**

       Plaintiffs,

v.                                           Case No.: 02-C-0048-S

**TODD MCFARLANE,**
**TODD MCFARLANE PRODUCTIONS, INC.,**
**TMP INTERNATIONAL, INC.,**
**MCFARLANE WORLDWIDE, INC., and**
**IMAGE COMICS, INC.,**

       Defendants.

## UNDERTAKING PURSUANT TO AGREED CONFIDENTIALITY/ PROTECTIVE ORDER

1.     I, the person named below, declare that the following information is true:

      (a)     Name: _____

      (b)     Address: _____

      (c)     Employer name and address: _____

                                _____

      (d)     Title: _____

      (e)     Occupation/job description: _____

003.355358.3

Neil Gaiman, et al. v. Todd McFarlane, et al.,  Joint Stipulation and Protective Order
Case No. 02-C-0048-S

  (f) Other work, if any (e.g., consulting): _____

  (g) Past or present relationship to plaintiff(s) or defendant(s), if any: \_

_____

  (h) I am executing this undertaking on behalf of (check all that are applicable):

    _____ myself  _____ my employer

  (i) Is employer a service bureau (see paragraph 7(f) of the protective order)?

    _____Yes  _____ No

 2. I have received a copy of the agreed confidentiality/protective order (the protective order) in this action.

 3. I have carefully read and understand the provisions of the protective order. I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any confidential information received under the restrictions of the protective order in violation thereof.

 4. I understand that I am to retain all copies of any of the materials that I receive that have been designated as confidential in a container, cabinet, drawer, room or other safe place in a manner consistent with the confidential order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession and that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that

17

Neil Gaiman, et al. v. Todd McFarlane, et al.,                    Joint Stipulation and Protective Order
Case No. 02-C-0048-S

such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the protective order.

      5.    If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the protective order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

      6.    If my employer is a service bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to confidential information under the confidential order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.

EXECUTED UNDER PENALTY OF PERJURY on _____, 2002, at _____ in the State of _____.

                                                                                         _____
                                                                                             (SIGNATURE)

003.355358.3