DOC NO
REC'D/FILED
2002 JUN 26 PM 4:26
J W SKUPNIEWITZ
CLERK US DIST COURT
WD OF WI
45

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and<br>MARVELS AND MIRACLES, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD MCFARLANE,<br>TODD MCFARLANE PRODUCTIONS,<br>INC., TMP INTERNATIONAL, INC.,<br>MCFARLANE WORLDWIDE, INC., and<br>IMAGE COMICS, INC.,<br><br>Defendants. | Case No.: 02-C-0048-S |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

In their Reply Brief, the McFarlane Defendants place extraordinary emphasis on the fact that defendant Todd McFarlane filed registrations with the Copyright Office identifying himself as the author of each of the publications at issue. Although the defendants made no mention of this issue in their opening brief, they now contend that the copyright registrations are "the simplest reason" for barring Neil Gaiman's copyright ownership claims. Recent deposition testimony by Mr. McFarlane, however, reveals that he misrepresented his authorship of those publications and had no right to file a copyright registration in the crucial *Angela* series of comic books. Mr. McFarlane's misrepresentations deprive him of any presumptions he might otherwise gain from those registrations.

# ARGUMENT

The McFarlane Defendants concede that the pleadings do not establish when Mr. Gaiman received actual notice that Mr. McFarlane was claiming copyrights in Mr. Gaiman's works. See Rely Br. at 4 (Gaiman had "constructive, if not actual, notice"). As a result, the defendants now argue that Mr. Gaiman received constructive notice of Mr. McFarlane's adverse claims by virtue of Mr. McFarlane having filed copyright registrations for the publications at issue.

As an initial matter, the law does not support the defendants' constructive notice argument. The appellate decisions cited by the defendants, Zuill v. Shanahan, 80 F.3d 1366 (9th Cir. 1996), and Merchant v. Levy, 92 F.3d 51 (2nd Cir. 1996), do not stand for the proposition that the date of copyright registration marks the date of accrual for copyright ownership claims regardless of whether the plaintiff knows that those registrations have been filed. On the contrary, Zuill and Merchant support the rule that a plaintiff must receive some form of actual notice of a defendant's assertion of copyright ownership before a claim will accrue. See Zuill, 80 F.3d at 1369 ("claims of co-ownership, as distinct from claims of infringement, accrue when plain and express repudiation of co-ownership *is communicated to the claimant*") (emphasis added); Merchant, 92 F.3d at 52 (defendant informed plaintiffs that he would not be listing them as co-authors and plaintiffs knew they were not receiving royalties they were entitled to as co-authors).

To the extent that the New York district court cases cited the defendants suggest that a copyright registration provides constructive notice of an adverse ownership claim as a matter of law, those decisions conflict with the law of the Seventh Circuit. The court in Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983), noted that a copyright holder's obligation of diligence does not include a duty to continuously monitor an adverse party's activities. See id. at 1118

("We doubt that every time the sales of a publication dip, the publisher must, to preserve his right to sue for copyright infringement, examine all of his competitors' publications to make sure none is infringing any of his copyrights."). Indeed, such a duty would be unrealistically burdensome under the facts of this case, given that Mr. McFarlane waited more than three years to file his copyright registration in *Spawn* 9, the first of the publications that the parties created. (June 20, 2002 Dep. of Todd McFarlane ("McFarlane Dep.") at 147-49 and Ex. 35.)

More significantly, Mr. McFarlane's recent deposition testimony reveals that he misrepresented the extent of his authorship in all of the publications to the Copyright Office and, thus, he is not entitled to any presumption of copyright validity and the benefits that go along with it. Mr. McFarlane's copyright registration for *Spawn* Issue 9 identifies him as the author of the text for those comics, yet he admitted that it was Mr. Gaiman who authored that text. (McFarlane Dep. at 147.) In addition, Mr. McFarlane admitted that he did not author any portion of the *Angela* series, testifying as follows:

> Q. What do you understand Exhibit 45 to be?
>
> A. They appear to be Certificates of Registration.
>
> Q. For Angela 1, 2 and 3?
>
> A. Right.
>
> Q. And you are listed as the copyright claimant for those works, correct?
>
> A. Right.
>
> Q. And you are listed as the creator of the text and artwork for those works, correct? . . . .
>
> A. Right.
>
> Q. And you weren't the creator of the text or the art work for those works, were you?

A. Right.

Q. Did you ever tell Neil that you were applying for a copyright for Angela 1, 2 and 3?

A. I don't recall.

(McFarlane Dep. at 157.)

The Copyright Act requires that if a copyright claimant is not an author of the work, the claimant must provide a statement of how the claimant obtained ownership of the copyright. 17 U.S.C. § 409(5). The McFarlane Defendants have failed to produce such a statement with regard to Mr. McFarlane's claim of authorship of the *Angela* series.

A party who deliberately misrepresents its authorship to the Copyright Office loses the presumption of validity normally accorded to a copyright registration. Zitz v. Pereira, 119 F. Supp. 2d 133, 144-45 (E.D.N.Y. 1999). See also Budget Cinema, Inc. v. Watertower Assocs., 81 F.3d 729, 733 (7th Cir. 1996) ("significant questions existed regarding the validity of [plaintiff's] copyright" where, among other things, plaintiff falsely stated authorship in copyright registration); Gillespie v. Miles, 2001 U.S. Dist. LEXIS 1997, *24 (S.D.N.Y. 2001) (validity of plaintiff's copyright registrations turned on resolution of joint authorship claim). If a party's registration is invalid, they may not sue for copyright infringement. See Foamation, Inc. v. Wedeward Enterp., Inc., 947 F. Supp. 1287, 1296 (E.D. Wis. 1996). See also 17 U.S.C. § 411. By extension, it is reasonable to conclude that such a party is not entitled to a presumption of constructive notice based upon potentially fraudulent and invalid copyright registrations.

Finally, on another issue, Mr. McFarlane's deposition testimony also disposes of the defendants' argument with regard to equitable estoppel. The defendants argue that Mr. McFarlane's fraudulent statements as part of his 1997 agreement with Mr. Gaiman do not estop them from asserting a statute of limitations defense because Mr. McFarlane breached the

agreement later that year when he filed trademark applications for "Miracleman." See Reply Br. at 11-12. According to the defendants, Mr. Gaiman should have known of Mr. McFarlane's breach at that time. Yet Mr. McFarlane testified that he never told Mr. Gaiman he was filing those trademark applications. (McFarlane Dep. at 233-34.) The defendants' argument suggests that Mr. Gaiman had an obligation to periodically check with the trademark office to ensure that Mr. McFarlane was not lying when he entered into the 1997 Agreement. Plaintiffs are unaware of any rule imposing such an onerous duty of diligence on Mr. Gaiman.

## CONCLUSION

For all of the reasons stated above, defendants' motion for judgment on the pleadings must be denied.

Dated this 26th day of June, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Joan L. Eads
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258

Of Counsel:
Mark Hellmann
Michael Rechtin
Foley & Lardner
1 IBM Plaza
220 N. Wabash Ste. 3300
Chicago, IL 60611
Tel: (312) 755-1900
Fax: (312) 755-1925

Co-Counsel:
Kenneth F. Levin
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000
Fax: (312) 977-2990