46

DOC NO
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2002 JUN 27 PM 4: 24

J W SKUPNIEWITZ
CLERK US DIST COURT
WD OF WI

NEIL GAIMAN and MARVELS AND )
MIRACLES, LLC, )
)
Plaintiffs, )
)
v. )
) Case No. 02-C-0048-S
TODD McFARLANE, TODD )
McFARLANE PRODUCTIONS, INC., )
TMP INTERNATIONAL, INC., and )
McFARLANE WORLDWIDE, INC. )
)
Defendants-Counterclaimants, )
)
And )
)
IMAGE COMICS, INC., )
)
Defendant. )

---

## THE McFARLANE DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY BRIEF

---

Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc. (together, the "McFarlane Defendants"), by their counsel LaFollette, Godfrey & Kahn, and Blackwell, Sanders, Peper, Martin, LLP, provide this brief in opposition to the plaintiffs' Motion for Leave to File Surreply in Opposition to Defendants' Motion for Judgment on the Pleadings.

### FACTS AND ARGUMENT

The plaintiffs ask this court for leave to file a surreply brief to respond to certain arguments made in the McFarlane Defendants' Reply Brief in Support of their Motion for

Judgment on the Pleadings.  As grounds, the plaintiffs assert that "[n]ew evidence has been discovered that bears directly" on that pending motion.  Plaintiffs' Motion, ¶ 2.  This motion is improper on its face and should be summarily denied, because the "new evidence" proposed by the plaintiffs consists of deposition testimony *which may not be placed before the Court on a motion for judgment on the pleadings*.  Moreover, a simple review of the briefing and facts already before the Court shows that the proposed brief adds no new facts to this case.

I.    **THE DEPOSITION TESTIMONY DESCRIBED BY THE PLAINTIFFS CANNOT BE CONSIDERED ON THE PENDING MOTION FOR JUDGMENT ON THE PLEADINGS.**

The pending motion on which the plaintiffs want to file a surreply brief is a motion for judgment on the pleadings filed pursuant to Rule 12(c), Fed. R. Civ. P.  The plaintiffs claim they have "new evidence" in the form of deposition testimony only recently obtained.  Plaintiffs' Motion, ¶¶ 4-5.  But new evidence has no place in briefs debating a motion for judgment on the pleadings, where the entire record is confined, necessarily, to the pleadings.  *See* Rule 12(c), Fed. R. Civ. P.  The plaintiffs' motion is therefore improper on its face, as it seeks to introduce evidence *not included in the pleadings*.  The Court should summarily deny the motion for this reason alone.

II.   **THERE IS NO NEW EVIDENCE IN THIS CASE JUSTIFYING THE PLAINTIFFS' MOTION AND THEIR ARGUMENTS MISS THE MARK IN ANY EVENT.**

The plaintiffs are well-aware that the McFarlane Defendants believe that the plaintiffs' copyright ownership and infringement claims are time-barred by the operation of 17 U.S.C. § 507(b).  The McFarlane Defendants included this issue as an affirmative defense in the pleadings they filed in response to the original Complaint as well as the Amended Complaint.  That issue was also briefed extensively in the McFarlane Defendants' initial brief in support of

their May 21, 2002 Motion for Judgment on the Pleadings. *See* Brief of Defendants Todd McFarlane, et al. in Support of Their Motion for Judgment on the Pleadings, pp. 6-16.

In their response brief, the plaintiffs asserted that Neil Gaiman was not aware – or at least there was no evidence in the pleadings that he was aware – that someone other than himself had claimed the copyright in the comic books and trade paperbacks at issue in this case. *See* Plaintiffs' Brief in Response to Defendants' Motion for Judgment on the Pleadings, pp. 6-10. The most-obvious reply to Gaiman's assertion is that he was *put on notice* by the McFarlane Defendants' copyright registrations, which were filed with the U.S. Copyright Office. Indeed, the case law cited by the McFarlane Defendants establishes the principle that "once an author registers his copyright, any co-author exercising reasonable diligence should be aware that another person has claimed authorship and thus know of his alleged injury." *See Willsea v. Theis*, 1999 U.S. Dist. LEXIS 22471 (S.D.N.Y. Aug. 5, 1999) and other cases cited in the McFarlane Defendants' Reply Brief, pp. 3-5. Regardless, the pleadings establish that, in the exercise of reasonable diligence, Gaiman would have received notice even if he had never seen the registrations. *See* McFarlane Defendants' Reply Brief, pp. 6-9.

Seeking to escape the dispositive nature of these cases and the principles cited therein, the plaintiffs now assert that "new evidence" has surfaced about the veracity of the McFarlane Defendants' copyright registrations. They are wrong. They assert that at his deposition, Todd McFarlane testified that "he did not author the text for *Spawn* Issue 9 and he did not author any of the text or artwork for *Angela* Issues 1, 2 and 3." Plaintiff's Motion, ¶ 3. They claim that this testimony establishes that the McFarlane Defendants' copyright registrations are "false" because they list him as the author of *Spawn* Issue 9 and *Angela* Issues 1, 2, and 3.

None of this evidence is new. Indeed, it was Gaiman himself who authored the text of *Spawn* Issue 9. He certainly was aware of this prior to Todd McFarlane's deposition. And more to the point, the plaintiffs have been in possession of the McFarlane Defendants' copyright registrations for months now. Indeed, *they were referenced in the plaintiffs' original Complaint* filed in January, 2002. In addition, copies of the registrations themselves were attached to the McFarlane Defendants' Appendix, filed along with its Answer to the Complaint and to the Combined Appendix, attached to their Answer to the Amended Complaint. The plaintiff's claim that they only recently "discovered" that there was a discrepancy in the *Spawn* Issue 9 copyright notice is meritless.

The same is true for the *Angela* series. Neil Gaiman wrote the text for those issues. Each issue specifically identifies him as the author of the story. Greg Capullo and other artists did the artwork for those issues – the issues themselves state as much. The plaintiffs had copies of these comic books well before Todd McFarlane's deposition. And they had the copyright registrations as well.

The plaintiffs' motion is nothing more than an attempt to invent a reason to respond to the dispositive case law cited in the McFarlane Defendants' reply brief. Those cases, holding that a co-author has constructive knowledge, as a matter of law, when a copyright registration is filed that fails to identify him or her as an author of the work, are dispositive of his copyright claims. Of course, under the reasoning of these cases it is irrelevant whether the copyright registrations improperly list McFarlane as the author of the text or artwork of any of the relevant comic books. The dispositive point is that the copyright registrations list *someone other than Neil Gaiman* as the author of those works. Once Gaiman received actual or constructive notice that someone *other than himself* was claiming sole ownership to the copyright, his claim for

4

copyright ownership accrued and he had three years to file suit. *See Aalmuhammed v. Lee*, 202

F.3d 1227, 1231 (9th Cir. 2000); *Zuill v. Shanahan*, 80 F.3d 1366, 1370 (9th Cir. 1996). He failed

to do this and his claims are barred. The plaintiffs' complaints about discrepancies in the

copyright registrations therefore cannot save his claims for copyright ownership.

The plaintiffs' suggestion that the McFarlane Defendants' copyright registrations

constitute fraud on the Copyright Office is incorrect as a matter of law. The error in the

copyright registrations – consisting simply of the incorrect identification of Mr. McFarlane as the

claimant rather than of Todd McFarlane Productions, Inc. – is not fraud, especially where the

application is completed by a non-lawyer. Further, a copyright claimant need not supply the

actual author's name if, like McFarlane did, he identifies the work as a "work for hire" on his

application for copyright registration. *See generally* 17 U.S.C. § 201. As Professor Nimmer

explains, courts take a liberal approach to such mistakes and have "forgiven even serious

mistakes on the registration certificate, such as an erroneous statement as to identity of the

author, or of the copyright claimant, or where the copyright is claimed in the name of the

partnership rather than in the name of the individual partners." 2 Melville B. Nimmer & David

Nimmer, *Nimmer on Copyrights* § 7.20[B].

## CONCLUSION

The plaintiffs' motion seeks to introduce evidence outside of the pleadings and is

therefore improper on its face. The Court should deny the plaintiffs' leave to file a surreply for

this reason alone. Moreover, contrary to their assertions, there is no new evidence justifying

such relief. Finally, their assertion that the alleged new evidence bears any relation to the issues

to be decided on the pending motion for judgment on the pleadings is simply incorrect.

Dated: June 27, 2002

LA FOLLETTE GODFREY & KAHN

Eugenia G. Carter
Todd G. Smith
Gabriel S. Gross
One East Main Street, Suite 500
Madison, WI  53701
Tele:  (608) 257-3911
Fax:  (608) 257-0609

—and—

Michael A. Kahn
Blackwell, Sanders, Peper, Martin LLP
720 Olive Street, Suite 2400
St. Louis, MO 63101

Attorneys for Todd McFarlane, Todd McFarlane
Productions, Inc., TMP International, Inc.  and
McFarlane Worldwide, Inc.

MN151386_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

```
DOC NO
REC'D/FILED
2002 JUN 27  PM 4: 24

J W SKUPNIEWITZ
CLERK US DIST COURT
WD OF WI
```

NEIL GAIMAN and                                   )
MARVELS AND MIRACLES, LLC,                         )
                                                   )
        Plaintiffs,                                )
                                                   )      Case No.  02 C 0048 S
        v.                                         )
                                                   )
TODD MCFARLANE,                                    )
TODD MCFARLANE PRODUCTIONS, INC.,                  )
TMP INTERNATIONAL, INC., MCFARLANE                 )
WORLDWIDE, INC., and                               )
IMAGE COMICS, INC.,                                )
                                                   )
        Defendants.                                )

---

## CERTIFICATE OF SERVICE

---

Gabriel S. Gross certifies that on Thursday, June 27, 2002, true and correct copies of the McFarlane Defendants' Brief in Opposition to Plaintiffs Motion to Leave to File Surreply Brief were hand-delivered and mailed, first class, postage prepaid to the following:

**Hand-Delivered:**        Jeffrey A. Simmons
                           Foley & Lardner
                           150 East Gilman Street
                           Madison, WI  53703

**First Class Mail:**      Kenneth F. Levin
                           Kenneth F. Levin and Associates
                           20 North Wacker Drive, Suite 2200
                           Chicago, Illinois  60606

**First Class Mail:**      R. Scott Feldmann
                           Brobeck, Phleger & Harrison, LLP
                           38 Technology Drive
                           Irvine, CA  92618

Dated:  June 27, 2002.

_____
Gabriel S. Gross

MN151452_1.DOC