IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN and MARVELS AND ) 
MIRACLES , LLC, )
 )
      Plaintiffs, )
 )
v. )   Case No. 02-C-0048-S
 )
TODD McFARLANE, et al. )
 )
      Defendants-Counterclaimants. )

---

### THE McFARLANE DEFENDANTS' RULE 37 MOTION FOR ORDER COMPELLING RESPONSES TO DOCUMENT REQUESTS INVOLVING MIRACLEMAN INTELLECTUAL PROPERTY

---

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., and McFarlane Worldwide, Inc. (together, the "McFarlane Defendants"), by their attorneys, respectfully move the Court for an order compelling plaintiffs to produce all agreements and documents requested in the McFarlane Defendants' document requests 9, 12, 14-19 and 23, related to their dealings with Marvel Enterprises, Inc. (d/b/a Marvel Comics) over the rights to the *Miracleman* intellectual property and any other matters related to this litigation. In support of this motion, the McFarlane Defendants state as follows:

#### The *Miracleman* Intellectual Property

1.    One of the issues in this lawsuit is who owns the intellectual property rights in *Miracleman*, a comic book series that has been out of print for nearly two decades. Eclipse Enterprises, Inc. ("Eclipse"), the U.S. publisher of *Miracleman*, went into bankruptcy in the mid-

1990s. Amended Complaint, ¶¶ 24-28. At an auction conducted by the Eclipse bankruptcy trustee in February of 1996, defendant Todd McFarlane Productions, Inc. ("TMP"), acquired all of Eclipse's assets, including, TMP contends, all of Eclipse's copyrights and trademarks in *Miracleman*. *Id.*; Answer to Amended Complaint, ¶ 27.

2. In Count XI of their Amended Complaint, the plaintiffs seek a declaration that *plaintiffs* own all intellectual property rights in *Miracleman* and/or that the McFarlane Defendants "received no rights to any of the Miracleman intellectual property from the Eclipse bankruptcy or said bankruptcy's trustee and have no such rights." Amended Complaint, ¶ 108. In addition, the plaintiffs claim that the McFarlane Defendants breached an agreement with Mr. Gaiman to transfer all "claims, involvement and tangible property in respect of *Miracleman*." *Id.* ¶¶ 51-54 and Count IV.

3. The nature and extent of the parties' respective claims to and rights in the Miracleman intellectual property is thus squarely before the Court in this litigation. Therefore, the plaintiffs' statements to others regarding ownership of the *Miracleman* intellectual property is highly probative of this key issue in the case.

### Marvel Comics' Agreement with the Plaintiffs For the Rights in *Miracleman*

4. A few months prior the filing of this lawsuit, plaintiffs entered into an agreement with Marvel Comics concerning the very rights at issue in this lawsuit. Joe Quesada, editor-in-chief of Marvel Comics, held a conference call in October of 2001 at which he announced that Marvel Comics had signed an agreement with Mr. Gaiman and the other plaintiff in this case, Marvels and Miracles, LLC, to fund this lawsuit in exchange for certain rights in Miracleman. Affidavit of Todd G. Smith in Support of Motion to Compel, Exhibit A.

2

5. During the conference call it was stated that the "main purpose" of Marvels and Miracles, LLC was to "collect money to pay lawyer Ken Levin to legally clear up who owns Miracle Man." *Id.* It was also stated that Gaiman would reissue several classic Marvel comic books and that Marvel Comics' share of the profits would go to Marvels and Miracles, LLC to, presumably, fund this lawsuit.

6. Plaintiffs' agreement with Marvel Comics—and communications regarding same—includes discoverable information, including statements by plaintiffs (or Marvel Comics), as to the current ownership of the *Miracleman* intellectual property rights, including the extent any other parties may possess a claim to or right in that intellectual property.

7. Moreover, Marvel Comics, a publicly-held company, may have conducted its own investigation into the ownership of the intellectual property rights in Miracleman prior to entering into that agreement, and any results it shared with plaintiffs or their attorneys is highly probative on the ownership issue, as is any agreement in which Marvel Comics exchanged value – including funds paid to plaintiff Marvels and Miracles, LLC to fund this lawsuit – in return for future *Miracleman* rights.

**The Document Requests**

8. In light of the foregoing, the McFarlane Defendants included in their First Set of Requests for Production of Documents (attached as Exhibit C to the Smith Affidavit) several requests seeking all agreements and communications between the plaintiffs and Marvel Comics pertaining to *Miracleman* rights and other issues in this lawsuit. For example, Request No. 9 seeks:

> "All documents evidencing, referring to, or commenting upon communications (including e-mails) between Neil Gaiman and any representative of Marvel Enterprises, Inc. or Marvel Comics regarding any matter related to any claim in this lawsuit."

3

9. Similarly, Request No. 12 seeks agreements between plaintiff Marvels and Miracles and any other person concerning any matter in this lawsuit. Requests Nos. 14 through 17 seek various documents related to *Miracleman* rights (which would include any created by or exchanged with representatives of Marvel Comics). Request No. 23 seeks documents evidencing any agreement with any third party for the payment or reimbursement of legal fees and litigation costs incurred in this lawsuit.

10. Plaintiffs have objected to the production of these documents and, specifically, have refused to produce any agreement or communications between Marvel Comics and the plaintiffs concerning rights in *Miracleman*.

11. Beginning on July 2, 2002 and continuing through July 9, 2002, counsel for the McFarlane Defendants (Michael Kahn and Peter Salsich) conducted several telephone conferences with counsel for plaintiffs (Allen Arnsten and Jeffrey Simmons) in an effort to resolve this discovery dispute. They also communicated in writing. Unfortunately, despite conferring in good faith toward resolution of their dispute, the parties were unable to reach agreement on production of the disputed material. Smith Affidavit, Exhibit B (redacted).

12. The requested documents relate to a central issue in this case, namely, the nature and extent of the Miracleman intellectual property and ownership thereof. The requested documents are relevant and reasonably calculated to lead to the discovery of admissible evidence in that:

    a. agreements and communications between one or both plaintiffs and Marvel Comics concerning rights in *Miracleman* are relevant both to the current ownership dispute over those rights and to Mr. Gaiman's views as to the

4

enforceability of his alleged 1997 contract with Mr. McFarlane concerning those rights; and

b. the respective financial obligations and entitlements of Marvel Comics and the plaintiffs in connection with the ownership and exploitation of the Miracleman rights are relevant to those parties' beliefs regarding the value each places on this intellectual property.

WHEREFORE, the McFarlane Defendants respectively request that the Court enter an order compelling plaintiffs to produce all documents and agreements requested in the McFarlane Defendants' document requests 9, 12, 14-19 and 23, related to their dealings and communications with Marvel Enterprises, Inc. over the rights to the *Miracleman* intellectual property and any other matters related to this litigation.

Dated: July 9, 2002

LA FOLLETTE GODFREY & KAHN

By _____
Eugenia G. Carter
Todd G. Smith
One East Main Street, Suite 500
Madison, WI 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin, LLP
720 Olive Street, Suite 2400
Saint Louis, MO 63101
Tel: (314) 345-6000
Fax: (314) 345-6060

        Attorneys for Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc

6

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record via facsimile transmission this 9 day of July, 2002, addressed to the following:

>Allen A. Arntsen
>Jeffrey A. Simmons
>Foley & Lardner
>150 East Gilman Street
>Madison, WI 53703-2808
>Fax: 608-258-4258
>
>Kenneth F. Levin
>Kenneth F. Levin & Associates
>20 North Wacker Drive, Suite 2200
>Chicago, IL 60606
>Fax: 312-977-2990
>
>R. Scott Feldmann
>Brobeck, Phleger & Harrison, LLP
>38 Technology Drive
>Irvine, CA 92618-5312
>Fax: 949-790-6301

*[signature]*