IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

        Plaintiffs,

v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

        Defendants.

MEMORANDUM AND ORDER
02-C-48-S

---

    Plaintiffs Neil Gaiman and Marvels and Miracles, LLC commenced this action against defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc., and Image Comics, Inc. for copyright infringement, violations of the Lanham Act, Wisconsin's false advertising and privacy laws and misappropriation. Before the Court are defendants Todd McFarlane's, Todd McFarlane Productions's, TMP International's, and McFarlane Worldwide's motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1367. The facts of this case were outlined in the Court's order denying defendant Image Comic's motion to dismiss dated May 3, 2002 and need not be repeated.

MEMORANDUM

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Motions pursuant to Rule 12(c) are reviewed under the same standard as Rule 12(b)(6) motions. See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). "[T]he accepted rule [is] that a complaint should not be dismissed [on the pleadings] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him/her to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957) (speaking of Rule 12(b)(6) motions). Plaintiffs need not demonstrate their entitlement to a favorable judgment, only that they have a cognizable claim. See Trevino v. Union Pacific R. Co., 916 F.2d 1230, 1234 (7th Cir. 1990).

Defendants challenge the sufficiency of plaintiffs' claims I, copyright ownership and accounting; II and III, copyright infringement; VI, fraud; VII, Lanham Act § 43(a);[1] VIII, Wisconsin state law false advertising, Wis. Stat. § 100.18(1); and IX, right of privacy, Wis. Stat. § 895.50.

## Counts I, II, and III: Copyright

Although claim I alleges a different aspect of copyright law than claims II and III, defendants premise their challenges solely

---

[1] Codified at 15 U.S.C. § 1125(a).

2

upon application of the Copyright Act statute of limitations, 17 U.S.C. § 507(b), which provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  The controlling case on the copyright statute of limitations in the Seventh Circuit, speaking on the applicability of the discovery rule, holds that "the plaintiff has a duty of diligence: it is not enough that *he* did not discover he had a cause of action, if a reasonable man in his shoes would have." Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983) (emphasis in original).  Defendants cite to a number of cases outside the Seventh Circuit that suggest that defendants' obtaining of copyright registrations on the works in question put plaintiffs on constructive notice of defendants' attempts to usurp plaintiffs' ownership rights far earlier than three years ago.  These cases do not change the due diligence standard applicable in the Seventh Circuit.  Moreover, there are no cases in this circuit, district or appeals, that have addressed whether registration serves as constructive notice.

The query, then, is whether plaintiffs exercised due diligence in their discovery of defendants' actions and whether a reasonable person would have been alerted to a potential cause of action within the three-year limitation period.  This is a fact question that includes considering the presence of copyright registrations and whether due diligence includes a continual monitoring of new

registrations to detect any improper registrations by defendants. Such a determination includes inquiring into the resources available to plaintiffs and whether they should be expected to engage in continuous monitoring of registrations. Given the standard of review for this motion, the benefit of the doubt must be given to plaintiffs as non-movants, which means that in this factual inquiry plaintiff is presumed to have acted reasonably. Accordingly, granting defendants judgment on the pleadings for claims I, II, and III as barred by the statute of limitations is inappropriate.

### Count VI: Fraud

Plaintiffs note in their response brief that their claim of fraud is actually a claim for intentional misrepresentation. Presently the Wisconsin Court of Appeals has held that the economic loss doctrine, which normally limits recovery of purely economic damages only to actions in contract, does not apply to claims of intentional misrepresentation. Douglas-Hanson Co. v. BF Goodrich Co., 229 Wis. 2d 132, 145, 598 N.W.2d 262, 268-69 (Ct. App. 1999). This holding was subsequently reiterated, but not expanded, in Kailin v. Armstrong, 643 N.W.2d 132 (Wis. Ct. App. 2002). However, this reiteration does not change the controlling law for this Court. Considering the Wisconsin Supreme Court's indecisive split on the issue, the Seventh Circuit Court of Appeals held that where "we are faced with two equally plausible interpretations of state

4

law, 'we generally choose the narrower interpretation which restricts liability. . . .' We therefore . . . conclude that Wisconsin's economic loss doctrine bars [plaintiff's] intentional misrepresentation claim. . . ." <u>Home Valu, Inc. v. Pep Boys</u>, 213 F.3d 960, 965 (7th Cir. 2000). Until the Wisconsin Supreme Court holds otherwise, the Court will follow the Seventh Circuit's lead. Accordingly, plaintiffs' claim of fraud is dismissed as barred by the economic loss doctrine.

<u>Count VII and VIII: Lanham Act and State Law False Advertising</u>

Defendants challenge plaintiffs' Lanham Act § 43(a) and Wisconsin false advertising claims as preempted by the Copyright Act. Section 301(a) governs preemption and provides:

> . . . [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are [covered by the Act] . . . are governed exclusively by this title. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C.A. § 301(a) (West 1996). The Seventh Circuit test for copyright preemption is articulated in <u>Baltimore Orioles v. Major League Baseball Players</u>, 805 F.2d 663 (7th Cir. 1986).

> [T]wo conditions . . . must be satisfied for preemption of a right under state law: First, the work in which the right is asserted must be fixed in a tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106.

Id. at 674. Plaintiffs do not dispute that the works in question meet the first prong of this test. The equivalency required to meet the second prong is further explained:

> A right under state law is "equivalent" to one of the rights within the general scope of copyright if it is violated by the exercise of any of the rights set forth in § 106. That section grants the owner of a copyright the exclusive rights to reproduce (whether in original or derivative form), distribute, perform, and display the copyrighted work. Thus, a right is equivalent to one of the rights comprised by a copyright if it "is infringed by the mere act of reproduction, performance, distribution or display."

Id. at 676-77 (citations omitted).

Neither the § 43(a) claims or the Wisconsin false advertising claims meet this equivalency test.[2] In the case of their Lanham Act likelihood of confusion claims, plaintiffs must demonstrate that defendants made a false designation of origin that is likely to cause confusion. See 15 U.S.C. § 1125(a). The likelihood of confusion is not an element in an action for a violation of any right articulated in § 106. Similarly, for plaintiffs to prevail under Wis. Stat. § 100.18(1) they must demonstrate that defendants made some untrue, misleading or deceptive statement in connection with the accused comics. None of the § 106 rights involve the veracity of statements made. Exercise of any of the § 106 rights, whether proper or improper, will not by itself result in a

---

[2] It is unclear whether § 301 preempts *federal* causes of action such as the Lanham act, as the language specifically mentions only state and common law causes of action. However, given the Court's conclusion that Lanham act claims are not equivalent to copyright claims, the Court need not address the issue.

violation of § 43(a) or the Wisconsin false advertising statute. Accordingly, § 301 does not preempt either the Lanham act or the state false advertising claims.

Defendants also challenge plaintiffs' Lanham act and state false advertising claims as untimely and barred by the statute of limitations.[3] Section 100.18(11)(b)3 of the Wisconsin Statutes provides that "[n]o action may be commenced under this section more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action." Because the period begins to run at the occurrence of the unlawful act, the discovery rule is inapplicable. Although there are no appellate cases, either state or federal, discussing this limitation period, Honorable Barbara B. Crabb, District Judge, Western District of Wisconsin, has noted that for an action to survive the three-year period "plaintiffs must show that defendants engaged in a continuing course of misconduct and that one of their acts fell inside the three year[]" period. Werner v. Pittway Corp., 90 F. Supp. 2d 1018, 1033 (W.D. Wis. 2000). Plaintiffs have so alleged, and as all pled facts are accepted as true at this early stage, judgment is inappropriate.

### Count IX: Right of Privacy

The Wisconsin right of privacy protects against "[t]he use,

---

[3] In their initial brief defendants only argue the statute of limitations against the state false advertising claims. In their reply, they include the Lanham Act claims and note that plaintiffs have agreed that the state false advertising limitation applies to the Lanham Act. Although plaintiffs never so agreed, the outcome here would be the same either way; thus, the Court needn't address the point.

7

for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person. . . ." Wis. Stat. § 895.50(2)(b). Defendants argue that because of the pecuniary focus of the right it is better viewed as a right of publicity, and point to Baltimore Orioles as holding that such rights are preempted. "Because the right of publicity does not require a qualitatively different additional element, it is equivalent to a copyright and is preempted *to the extent that it is claimed in a tangible work within the subject matter of copyright.*" Baltimore Orioles, 805 F.2d at 678 n.26 (emphasis added). Furthermore, the Seventh Circuit noted that preemption only comes into effect if the tangible work is produced legitimately, in other words, with permission of the author. See id. at 675-76 n.22. Baltimore Orioles dealt with baseball players' claims to publicity within the context of telecast games that baseball clubs legitimately recorded. The claimed right was violated by the mere reproduction of the games and according to the above stated analysis was preempted by § 301. Applied to the present case, plaintiffs' right of privacy is not preempted because, drawing all inferences in favor of plaintiffs at this early stage, they never granted defendants permission to print their name and biographical information.

Neil Gaiman et al. v. Todd McFarlane et al.
Case No. 02-C-048-S

ORDER

IT IS ORDERED that defendants' motion for judgment on the pleadings is DENIED except as to count VI of the complaint which is GRANTED.

Entered this 18th day of July, 2002.

BY THE COURT:

JOHN C. SHABAZ
District Judge