76

DOC NO
REC'D/FILED
2002 AUG -1 PM 3:03
J W SKUPNIEWITZ
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN, a resident of Wisconsin, and MARVELS AND MIRACLES, LLC, a Wisconsin Limited Liability Company,

Plaintiffs,

v.

TODD MCFARLANE, a resident of Arizona, and TODD MCFARLANE PRODUCTIONS, INC., and Arizona corporation, TMP INTERNATIONAL, INC., a Michigan corporation, MCFARLANE WORLDWIDE, INC., a Michigan corporation, and IMAGE COMICS, INC., a California corporation,

Defendants.

**Case No. 0200048 S**

**IMAGE COMICS, INC.'S JOINDER OF**
**THE McFARLANE DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

Defendant Image Comics, Inc. ("Image") hereby joins the sections of the McFarlane Defendants' Reply in support of their Motion for Summary Judgment on Counts VII (Lanham Act) and VIII (Wisconsin false advertising statute).

As Image pointed out in its Motion to Dismiss, Plaintiffs essentially allege joint authorship of the *Spawn* works in question. Joint authorship implies joint ownership, and one joint owner may not sue another (or its licenses) for copyright infringement. Edward B. Marks Music Corp. v. Jerry Vogel Music Corp., 140 F.2d 266 (2d Cir. 1944); Oddo v. Ries, 743 F.2d 630, 632-3 (9th Cir. 1984). Plaintiffs now agree that their counts for copyright infringement are untenable, and withdraw them. Opp. § II at 6. Accordingly, Image respectfully requests that the Court enter judgment now in Image's favor on Counts II (Copyright Infringement re Angela™) and III (Copyright Infringement re Cogliostro™ and Medieval Spawn™).

## II. THE FALSE ADVERTISING AND LANHAM ACT CLAIMS ARE TIME BARRED

Plaintiffs and Defendants agree that the time bar for Wisconsin's false advertising statute is determinative of the Lanham Act claim as well. Opp. § III at 16. Plaintiffs argue that the claim accrues afresh in the case of "continuing acts." Plaintiffs base their argument by mislabeling Wisconsin Statute §100.18(11)(b)3 as a "statute of limitation." Statutes of limitation begin running from the time a claim is deemed to have "accrued," rather than from a defendant's first action.

Plaintiffs err. The legislative history, plain meaning of the statute and recent precedent all demonstrate that the false advertising statute is a "statute of repose." Kain v. Bluemound East Indus. Park, Inc., 248 Wis. 2d 172, 181, 635 N.W. 2d 640, 644 (Wis. App. 2001). The Kain court framed and resolved the issue as follows:

OCOL/BN/RF/067160.01

> "The issue is whether Wisconsin Statute §100.18(6)(b)3 is a statute of limitations or a statute of repose. Under a statute of repose, 'a cause of action must be commenced within a specified amount of time after the defendants action which allegedly led to injury . . .'"

Id. The purpose of a statutes of repose is to ensure a party that after longstanding reliance, the party need not forever wonder if a business ad or practice will later found to be wanting. Hinkle v. Henderson, 85 F.3d 298, 302 (7th Cir. 1996). The Seventh Circuit court noted the differing public policies underlying a statute of repose:

> "Thus the statute of repose serves only two purposes above and beyond those served by any limitations statute: to eliminate indefinite potential liability and to give defendants greater certainty and predictability."

Id. (emphasis supplied.) That statutory purpose is frustrated by allowing Plaintiffs to sue over publications first offered for sale more than three years before filing.

Further, the statute's plain language forecloses an end run by claiming that a business practice is really just a series of acts, barring suits brought:

> "more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action."

Wis. Stat. § 100.18(11)(b)(3) (emphasis added). The legislature, anticipating such attempts to deconstruct away the intended limitation, added the inclusive, "or practice." The primary dictionary definition of "practice" is "[t]o do or perform habitually or customarily." The American Heritage Dictionary of the English Language at 1028 (Houghton Mifflin Co. 1981). It is impossible to reconcile Plaintiffs' urging that repeated acts restart the statute afresh with the plain meaning of "practice."

Further, we note that Plaintiffs do not even discuss, much less distinguish Kain. Instead, they cite to Werner v. Pittway Corp., which under principles of judicial comity as federal authority should give way to state pronouncements upon its own law. King v. Damiron Corp., 113 F.3d 93, 95, 96 (7th Cir. 1997); Arnold v. Metropolitan Life Ins. Co., 970 F.2d 360, 361 (7th Cir. 1992)(interests of comity warrant caution on the part of the federal courts in announcing what state law is; federal courts should be wary of expanding the boundaries of established state jurisprudence).

Finally, Plaintiffs cite Anderson v. Village of Little Chute, which dealt with statutes of limitations, not statutes of repose. Anderson is not on point, as it dealt not at all with false advertising. Applying Kain, the claim is well beyond the three year statute of repose, and Counts VII (Lanham Act) and VIII (False Advertising) must be dismissed.

## III. CONCLUSION

For the reasons discussed in the McFarlane Defendants' Reply brief, Image joins and respectfully requests entry of summary judgment in its favor for Counts VII and VIII discussed above.

Image further requests entry of judgment now in its favor on the abandoned copyright infringement claims, Counts II and III.

DATED: August 1, 2002

BROBECK, PHLEGER & HARRISON LLP

By: R. Scott Feldmann

R. Scott Feldmann
Attorneys for Defendant
Image Comics, Inc.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Irvine, California 92618-2301. On August 1, 2002, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **IMAGE COMICS, INC.'S JOINDER OF THE McFARLANE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Brobeck, Phleger & Harrison LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Sherman, Alexander & Associates LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Brobeck, Phleger & Harrison for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on August 1, 2002, at Irvine, California.

Patti L. Gruwell

Patti L. Gruwell

OCOLIB1\486\267160.01

**PROOF OF SERVICE LIST**

Jeffrey A. Simmons, Esq.
Foley Lardner
Attorneys at Law
Verex Plaza
150 East Gilman Street
Madison, Wisconsin 53703-1481
Phone (608) 257-5035
Facsimile (608) 258-4258

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, Illinois 60606
Phone (312) 984-6000
Facsimile (312) 977-2990

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Mark Hellmann
Michael Rechtin
Joseph Talarico
Foley & Lardner
1 IBM Plaza
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
Phone (312) 755-1900
Facsimile (312) 755-1925

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC

Michael Kahn, Esq.
Stinson, Mag & Fizzell
100 S. 4th Street
Suite 700
St. Louis, Missouri 63102
Phone (314) 259-4529
Facsimile (314) 259-4599

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.

Todd G. Smith
LaFollette Godfrey & Kahn
One East Main Street
P.O. Box 2719
Madison, Wisconsin 53701-3911
Phone (608) 257-3911
Facsimile (608) 257-0609

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.