

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

            Plaintiffs,

v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

            Defendants.

AUG 22 2002

FILED
JOSEPH W. SKUPNIEWITZ CLERK
CASE #

MEMORANDUM AND ORDER
02-C-48-S

---

    Plaintiffs Neil Gaiman and Marvels and Miracles, LLC commenced this action against defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc., and Image Comics, Inc. for copyright infringement, violations of the Lanham Act, Wisconsin's false advertising and privacy laws and misappropriation. Before the Court are defendants Todd McFarlane's, Todd McFarlane Productions's, TMP International's, and McFarlane Worldwide's motion for partial summary judgment and plaintiffs' cross-motion for partial summary judgment on defendants' counterclaims pursuant to Rule 56, Federal Rules of Civil Procedure. Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1367. The facts of this case were outlined in the Court's order denying defendant Image Comic's motion to dismiss dated May 3, 2002 and need not be repeated.

Copy of this document has been provided to: All Counsel

this 22nd day of Aug., 2002
by V. McNeal
V. McNeal, Secretary to

MEMORANDUM

Summary judgment pursuant to Rule 56 may be entered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All inferences to be taken from the evidence are viewed in a light most favorable to the non-movant. The non-movant must, however, present specific facts demonstrating the existence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). A movant may prevail on summary judgment if after taking all inferences in favor of the non-movant no reasonable fact-finder could find for the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986).

Plaintiffs have withdrawn their claims of copyright infringement, and accordingly claims II and III of plaintiffs' complaint are dismissed as to all defendants.

Defendants' Partial Summary Judgment Motion

Defendants repeat their previous argument that simple registration of copyright with the Copyright Office is sufficient to put plaintiffs on notice of defendants' claim to sole ownership from the date of filing and commences the three-year limitation period. As the Court noted in its previous memorandum and opinion,

the Seventh Circuit Court of Appeals has not adopted this bright-line rule, but rather considers such registration as a factor in considering whether a party has exercised due diligence in its awareness of potential claims. Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983). The three year period commences from the date a reasonably diligent party would have been aware of a copyright claim.

Considering all facts in a light favoring plaintiffs, the Court concludes that plaintiffs' copyright claim is not barred by the statute of limitations. Pursuant to 17 U.S.C. § 205(c)[1] knowledge of the contents of defendants' registrations may be imputed to plaintiff Gaiman, who acted with reasonable diligence in light of all the facts. Defendants repeatedly negotiated with plaintiff Gaiman in a fashion that always presumed that he possessed rights to the works at issue. In 1999 defendants acknowledged that Gaiman possessed rights in at least the Angela character and attempted to negotiate a resolution that would transfer all rights to them. Were defendants asserting sole ownership rights in Medieval Spawn, Cogliostro and Angela from their date of creation, they would not be expected to bargain with plaintiff Gaiman over the years to obtain sole ownership, nor would they be expected to continue to pay royalties in acknowledgment of

---

[1] 17 U.S.C. § 205(c) provides that "[r]ecordation of a document in the Copyright office gives all persons constructive notice of the facts stated in the recorded document. . . ."

3

Gaiman's interests. These facts would lead any reasonably diligent person to believe he possessed uncontested rights in the works he created and would not alert him to defendants' claims to sole copyright ownership.

Accordingly, defendants' motion for partial summary judgment is denied as it applies to plaintiffs' copyright accounting claim.

Asserting the statute of limitations defense defendants continue to challenge plaintiffs' trademark and state false advertising claims. The parties agree that Wisconsin's three year period is applicable to both the federal and state law claims. Defendants argue that section 100.18(11)(b)3 acts as a statute of repose, completely denying the cause of action regardless of discovery, and that their publishing of misattributed works more than three years ago has eliminated plaintiffs' cause of action. See Kain v. Bluemound East Indus. Park, Inc., 248 Wis. 2d 172, 181-182, 635 N.W.2d 640, 645 (Ct. App. 2001). This principle is agreed to by both parties and is consistent with the Court's July 18, 2002 ruling. Whether plaintiffs' attribution claims are barred depends on what part of defendants' actions is considered the "unlawful act or practice" as contemplated by section 100.18(11)(b)3. Section 100.18(1), which is the basis for plaintiffs' claims, provides that a party shall not "make, publish, disseminate, circulate, or place before the public" any publication that contains a fraudulent representation.

4

The ongoing sales of allegedly misattributed publications is an act within the scope of section 100.18(1). A plain reading of the statute does not limit its applicability to the initial publication of defendants' comics, exclusive of subsequent sales, as defendants have suggested. The continuing sales of *Pathways to Judgment* constitutes an ongoing act as contemplated by the Court's July 18, 2002 order sufficient to defeat defendants' statute of limitations challenge. Accordingly, the Court's opinion expressed in the July 18, 2002 Memorandum and Order regarding defendants' motion for judgment on the pleadings stands. Plaintiffs' federal and state law misattribution claims are not barred by the statute of limitations, and defendants' motion for partial summary judgment is denied as it applies to plaintiffs' federal and state misattribution claims.

<u>Plaintiffs' Partial Summary Judgment Motion</u>

Defendants have counterclaimed alleging fraud and misrepresentation on the part of plaintiffs. To prove their claim of fraud defendants must show that plaintiffs knowingly made a false representation of fact with intent to deceive defendants and induce them to act upon it, and that defendants believed the fact to be true and justifiably relied upon it. Reliance is unjustified if the facts are so "obviously untrue that [defendants] must have closed [their] eyes to avoid discovery of the truth." WIS JI-CIVIL 2401; <u>see also</u> <u>Kailin v. Armstrong</u>, 643 N.W.2d 132, 145-46 (Wis.

App. 2002). Plaintiffs argue that Gaiman did not misrepresent facts to defendants or, in the alternative, that defendants knew Gaiman's statements were potentially false and were unreasonable in relying on them. Assuming plaintiff Gaiman's representation was false, defendants can only prevail if they "believed the representation was true and relied on it to [their] damage. . . . The law will not permit a person to predicate damage upon statements which he does not believe to be true, for if he knows they are false, it cannot be said that he is deceived by them." Foss v. Madison Twentieth Century, 203 Wis. 2d 210, 218-19, 551 N.W.2d 862, 865-66 (Ct. App. 1996) (citations omitted).

Defendants maintain that plaintiff Gaiman failed to fully disclose the terms of all his contracts with DC Comics, which formed the basis for defendants' subsequent royalty payments. The contract summaries that plaintiff Gaiman supplied are alleged to have been misleading. Accordingly, defendants argue they over-paid plaintiff Gaiman that which he would have otherwise not received had defendants been aware of the full scope and terms of plaintiff Gaiman's relevant DC Comics contracts.

Because the record is inconclusive on these points, consisting partly of conflicting deposition testimony, the Court is unable to determine whether defendants relied upon Gaiman's representations. Although defendants indicated their belief early on in their dealings that plaintiff Gaiman was inconsistent in some of his

6

representations regarding his deals with DC comics, there is no evidence that these inconsistencies were obviously false. Furthermore, while defendant McFarlane consulted with Terri Cunningham, an agent of DC Comics with whom he had previously worked, to confirm the veracity of plaintiffs' representations, despite her informing McFarlane that the numbers plaintiff Gaiman indicated were not typical, she was unable to specifically disclose the terms of Gaiman's contracts. Defendants could reasonably have continued to believe plaintiff Gaiman's representations. A reasonable jury could find that plaintiff Gaiman's representations were fraudulently made and defendants were justified in relying upon them. Accordingly, plaintiffs' motion for summary judgment on defendants' counterclaims of fraud and misrepresentation will be denied.

## ORDER

IT IS ORDERED that defendants' motion for partial summary judgment is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that claims II and III of plaintiffs' complaint alleging copyright infringement are DISMISSED with prejudice.

Entered this 22nd day of August, 2002.

BY THE COURT:

JOHN C. SHABAZ
District Judge