DOCKET
NUMBER

U.S. DIST. CT. COURT
WEST. DIST. OF WISCONSIN

SEP - 5 2002

FILED/RECEIVED
JOSEPH W. SKUPNIEWITZ, CLERK

CASE
NUMBER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN and MIRACLES AND      )
MARVELS, LLC,                     )
                                  )
        Plaintiffs,               )
                                  )
v.                                )     Case No.  02-C-0048-S
                                  )
TODD McFARLANE, et al.            )
                                  )
        Defendants-Counterclaimants, )

**MOTION FOR ATTORNEYS FEES AND COSTS AS
"PREVAILING PARTIES" PURSUANT TO 17 U.S.C. § 505 AND FED. R. CIV. P. 54(d)
OF DEFENDANTS TODD McFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC., McFARLANE WORLDWIDE, INC.
AND IMAGE COMICS, INC.**

Pursuant to Federal Rule of Civil Procedure 54(d) and the Copyright Act, 17 U.S.C.

§ 505, Defendants Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane

Worldwide, Inc. (collectively, the "McFarlane Corporate Defendants") and Defendant Image

Comics, Inc. ("Image") respectfully request that this Court enter an order directing Plaintiffs to

pay the costs and attorneys' fees reasonably incurred by these defendants as "prevailing parties"

under the Copyright Act in litigating Plaintiffs' claims for copyright infringement.  In support of

this Motion, the McFarlane Corporate Defendants and Image state as follows:

1.      On August 22, 2002, the Court entered judgment in favor of the McFarlane

Corporate Defendants and Image Comics on Counts II and III of Plaintiffs' First Amended

Complaint alleging copyright infringement with respect to the characters of Angela, Cogliostro

and Medieval Spawn from the *Spawn* comic book series.  Accordingly, these defendants are



03 - 1461 - L08

prevailing parties on these copyright counts and are entitled to an award of attorneys' fees and costs under 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d).

2.    The McFarlane Corporate Defendants' total attorneys' fees in this matter, from inception in January 2002 through July 22, 2002 (when Plaintiffs formally withdrew their copyright infringement claims in a responsive brief on summary judgment), are $270,359.81. They request that the Court award them attorneys' fees in the amount of $101,384.93 to reflect that the copyright claims on which they prevailed represented only a portion of the total claims at issue in this action. Documentation for the McFarlane Corporate Defendants' request is provided in the accompanying affidavits of Michael A. Kahn and Eugenia G. Carter (attached hereto as Exhibits A and B).

3.    The McFarlane Corporate Defendants' total costs in this matter, from inception in January 2002 through July 22, 2002, are $25,140.24. They request that the Court award them costs in the amount of $9,427.59 to reflect that the copyright claims on which they prevailed represented only a portion of the total claims at issue in this action. (See Exhibits A and B).

4.    Image Comics' total attorneys' fees in this matter, from inception in January 2002 through July 22, 2002 exceed $74,672.75. Image requests that the Court award it attorneys' fees in the amount of $37,336.38 to reflect that the copyright claims on which it prevailed represented only a portion of the total claims at issue in this action. Documentation for Image Comics' request is provided in the accompanying affidavit of R. Scott Feldmann (attached hereto as Exhibit C).

5.    Image Comics' total costs in this matter, from inception in January 2002 through July 22, 2002, are $1,947.84. Image requests that the Court award it costs in the amount of

$973.92 to reflect that the copyright claims on which it prevailed represented only a portion of the total claims at issue in this action. (See Exhibit C).

     6.      The Copyright Act provides that this Court has the discretion to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

     7.      In exercising its discretion to award attorney's fees under the Copyright Act, the Court should consider such non-exclusive factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Susan Wakeen Doll Company, Inc. v. Ashton-Drake Galleries*, 272 F.3d 441, 457 (7th Cir. 2001) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). A showing of bad faith or frivolousness is no longer required in order to receive attorneys' fees. *Id.*; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 731 (7th Cir. 1996).

     8.      Application of the above factors to this case demonstrates that an award of attorneys' fees is appropriate because Plaintiffs' copyright infringement claims against the McFarlane Corporate Defendants and Image Comics were objectionably unreasonable when filed. Nevertheless, Plaintiffs continued to maintain these claims for seven months, through multiple pleadings, discovery, depositions, and two rounds of dispositive motions, before ultimately withdrawing the claims for reasons that were evident on the face of Plaintiffs' original Complaint – namely, that as licensees of joint owner Todd McFarlane, the McFarlane Corporate Defendants and Image Comics could not be sued for infringement.

     9.      Plaintiffs filed their original Complaint in this action on January 24, 2002. In that original Complaint, Plaintiffs alleged that all of the defendants, including Todd McFarlane, Image Comics and the McFarlane Corporate Defendants, infringed Plaintiffs' copyrights in the

characters of Angela, Cogliostro and Medieval Spawn from the *Spawn* comic book series, all in violation of 17 U.S.C. § 101, *et seq. See* Complaint for Damages, Declaratory Judgment and Injunctive and Ancillary Relief, Count II, ¶¶ 61-63 (attached hereto as Exhibit D).

      10.    In the opening paragraphs of their original Complaint, Plaintiffs identified the defendants in relevant part as follows:

> •    "On information and belief, Defendant Todd McFarlane ("McFarlane") . . . is the principal and the sole owner or shareholder of all other Defendants excepting only Image Comics, Inc." (¶ 3);

> •    "On information and belief, Defendant Todd McFarlane Productions, Inc. ("TMP") . . . is engaged in the production of comic books and related works of entertainment." (¶ 4);

> •    "On information and belief, Defendant TMP International, Inc. ("TMPII") . . . is engaged in the worldwide production and marketing of spin-off products on behalf of Defendant TMP." (¶ 5);

> •    "On information and belief, Defendant McFarlane Worldwide, Inc. ("MW") . . . is engaged in the worldwide production and marketing of spin-off products on behalf of Defendant TMP." (¶ 6);

> •    "Defendants TMP, TMPII and MW are sometimes hereinafter referred to as the 'McFarlane Corporate Defendants.'" (¶ 8);

> •    "On information and belief, McFarlane owns and controls the McFarlane Corporate Defendants." (¶ 9);

> •    "On information and belief, Defendant Image and the McFarlane Corporate Defendants are engaged in a partnership, joint venture, alliance or other similar relationship that involves a close degree of connection and cooperation." (¶ 10);

> •    "Defendants are and/or have been jointly engaged in, among other things, the production of a comic book series entitled Spawn®, and the production and marketing of goods and services related to that series and its comic publication spin-off titles." (¶ 12).

11.    On the face of their original Complaint, therefore, Plaintiffs alleged that all of the actions taken by the McFarlane Corporate Defendants and Image Comics with respect to the production, marketing and/or use of the characters of Angela, Cogliostro and Medieval Spawn from the *Spawn* comic book series were undertaken jointly with or at the direction of Defendant Todd McFarlane.  In other words, Plaintiffs understood and alleged the existence of a licensor-licensee relationship between Todd McFarlane and the remaining defendants.

12.    In their Answers and Affirmative Defenses to Plaintiffs' original Complaint, all of the defendants raised the fact that, at best, Plaintiff Neil Gaiman could be considered a joint owner of the Angela, Cogliostro and Medieval Spawn intellectual property along with Defendant Todd McFarlane.  This fact was also present on the face of Plaintiffs' original Complaint.  (*See* Exhibit D, ¶ 34, wherein Plaintiffs acknowledge that McFarlane was responsible for the creation of the artwork that was combined with Gaiman's script for *Spawn* Issue 9 – the issue in which the Angela, Cogliostro and Medieval Spawn characters first appeared.)

13.    In addition to its Answer and Affirmative Defenses, Defendant Image Comics also filed a Motion to Dismiss Plaintiffs' Copyright Infringement Claims on the grounds that Image was a licensee of joint author Todd McFarlane and was therefore immune from an infringement suit.  Attached to this Motion was a Declaration of Todd McFarlane in which he expressly identified Image Comics as his licensee.

14.    Plaintiffs responded by filing their Amended Complaint, in which they (a) converted their copyright infringement claim against Defendant Todd McFarlane to a claim for copyright ownership and (b) admitted that Gaiman was claiming only to be a joint author of the intellectual property at issue along with Todd McFarlane.  However, Plaintiffs continued to maintain their copyright infringement claims against the McFarlane Corporate Defendants and

Image Comics. *See* Amended Complaint, Counts I, II and III, ¶¶ 64-74 (attached hereto as Exhibit E).

15.    The only factual allegations of infringement in Counts II and III of Plaintiffs' Amended Complaint are that the McFarlane Corporate Defendants and Image Comics willfully exploited the Angela, Cogliostro and Medieval Spawn intellectual property *without Gaiman's consent*. (Exhibit E, ¶¶ 70, 73, emphasis added).

16.    Plaintiffs are silent in Counts II and III of their Amended Complaint as to whether the McFarlane Corporate Defendants and/or Image Comics had the *consent of Todd McFarlane* to exploit the Angela, Cogliostro and Medieval Spawn intellectual property. However, the opening paragraphs of Plaintiffs' Amended Complaint contain the same allegations as the original Complaint – including the allegations in paragraphs 2 through 12 that the McFarlane Corporate Defendants' and Image Comics' used *Spawn*-related intellectual property in conjunction with or at the direction of Todd McFarlane. In other words, Plaintiffs' Amended Complaint expressly recognizes that the McFarlane Corporate Defendants and Image Comics did have the consent of Todd McFarlane to "willfully exploit" the Angela, Cogliostro and Medieval Spawn intellectual property.

17.    Further, on the page immediately preceding their infringement claims in the Amended Complaint, Plaintiffs contend that "[t]he comic book Spawn® 9, Spawn® 26, the Angela™ series, and the Angela™, Cogliostro™ and Medieval Spawn™ characters contained within those comic books are all 'joint works'" created by both Gaiman *and* McFarlane. (Exhibit E, ¶ 65.)  But it is black-letter copyright law that joint authors can neither sue one another *nor their licensees* for copyright infringement. *See, e.g., Beloit Corp. v. C3 Datatec, Inc.*, 1995 U.S. Dist. LEXIS 16685 at *23-*24 (E.D. Wis. 1995); 1 Melville B. Nimmer and

David Nimmer, *Nimmer on Copyright* (2002) § 6.10. It thus has been facially apparent since Plaintiffs first asserted their infringement claims that these claims lacked any legal basis and could not endure.

18.    Indeed, the law is well settled that a joint owner and his licensees cannot be liable to another joint owner for copyright infringement because a copyright owner cannot infringe his own copyright. *See* 17 U.S.C. § 201; *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266 (2d Cir. 1944).

19.    On their face, therefore, Plaintiffs' copyright infringement claims against joint owner Todd McFarlane's licensees were objectively unreasonable. Plaintiffs' decision to maintain those claims through seven months of pleadings, discovery, depositions and dispositive motions was also objectively unreasonable.

20.    Moreover, in the press release issued on Plaintiff Neil Gaiman's web site the day the original Complaint was filed, two of Plaintiffs' lead Chicago counsel are identified as "Kenneth F. Levin, a nationally known trial lawyer and expert in comic arts rights" and "Mark Hellmann, one of the country's leading intellectual property attorneys." (*See* copy of Gaiman web page attached hereto as Exhibit F). Surely counsel of this caliber cannot claim to have been ignorant of the objective unreasonableness of Plaintiffs' copyright infringement claims when filed. Under these circumstances, there is a strong inference that these claims were brought and maintained in an attempt to drive up the litigation expenses incurred by all of the defendants. At best, these claims were unfounded and thus frivolous under the applicable standard. In any event, Plaintiffs' actions in filing and maintaining their copyright infringement claims in this case warrant an award of attorneys' fees and costs to the defendants who prevailed on those claims.

WHEREFORE, Defendants Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc. and Image Comics, Inc. respectfully request that this Court enter an order directing Plaintiffs to pay to the costs and attorneys' fees reasonably incurred by these defendants in litigating Plaintiffs' claims for Copyright Infringement.


Dated:  September 5, 2002                     LA FOLLETTE GODFREY & KAHN



                                              By _Eugenia G Carter_____
                                              Eugenia G. Carter
                                              Todd G. Smith
                                              Gabriel S. Gross
                                              LaFollette Godfrey & Kahn
                                              One East Main Street, Suite 500
                                              Madison, WI  53701
                                              Tel:  (608) 257-3911
                                              Fax:  (608) 257-0609

                                              —and—

                                              Michael A. Kahn
                                              Peter W. Salsich, III
                                              Blackwell Sanders Peper Martin
                                              720 Olive Street, Suite 2400
                                              St. Louis, MO 63101
                                              Tel:  (314) 345-6000
                                              Fax:  (314) 345-6060

                                              Attorneys for Todd McFarlane, Todd McFarlane
                                              Productions, Inc., TMP International, Inc.  and
                                              McFarlane Worldwide, Inc


                                              -- and --


                                              R. Scott Feldmann
                                              Brobeck, Phleger & Harrison LLP
                                              38 Technology Drive

Irvine, CA 92618-5312
Tel:  (949) 790-6300
Fax:  (949) 790-6301

Attorneys for Defendant Image Comics, Inc.

MN155713_1.DOC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record via facsimile transmission and regular mail this 5 th day of September, 2002, addressed to the following:

        Allen A. Arntsen
        Jeffrey A. Simmons
        Foley & Lardner
        150 East Gilman Street
        Madison, WI 53703-2808
        Fax: 608-258-4258

        Kenneth F. Levin
        Kenneth F. Levin & Associates
        20 North Wacker Drive, Suite 2200
        Chicago, IL 60606
        Fax: 312-977-2990