IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TODD McFARLANE, TODD McFARLANE PRODUCTIONS, INC., TMP INTERNATIONAL, INC., and McFARLANE WORLDWIDE, INC. <br><br> Defendants-Counterclaimants, <br><br> And <br><br> IMAGE COMICS, INC., <br><br> Defendant. | Case No. 02-C-0048-S |

**AFFIDAVIT OF MICHAEL A. KAHN IN SUPPORT OF THE MOTION OF THE McFARLANE CORPORATE DEFENDANTS FOR AN AWARD OF ATTORNEYS FEES AND COSTS AS "PREVAILING PARTIES" PURSUANT TO 17 U.S.C. § 505 AND FED. R. CIV. P. 54(d)**

After being first duly sworn, Michael A. Kahn states as follows:

1. I am one of the attorneys in this action for defendants Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc. (together, the "McFarlane Corporate Defendants") and for defendant Todd D. McFarlane. I make this Affidavit upon personal knowledge.

2. I graduated from law school in 1979 and am a member of the bars of Missouri and Illinois, various federal district and circuit courts around the country, and the U.S. Supreme

Court. For purposes of this litigation, I was admitted *pro hac vice* by Order of the Court entered March 5, 2002. I have practiced continuously since 1979 and am a partner in the law firm of Blackwell Sanders Peper Martin LLP ("Blackwell Sanders"), which has offices in various Midwest cities, Washington, D.C., and London.

3. I am the attorney at Blackwell Sanders responsible for preparing all legal bills for services rendered and costs advanced on behalf of the McFarlane Corporate Defendants and Mr. McFarlane in this action.

4. As with most law firms, my law firm determines the amount of the fees for its services by multiplying the hourly rates of the lawyers and paralegals providing the services to the client by the hours (or fractions thereof) spent by those lawyers and paralegals in the provision of those services. I am the lead attorney on this case, and my hourly rate in this lawsuit (and other lawsuits in St. Louis and around the nation) is $275. The other lawyer at Blackwell Sanders principally involved in this lawsuit is Peter W. Salsich, III. Mr. Salsich's standard hourly rate—in this and other lawsuits—is $180.

5. On July 22, 2002, the Plaintiffs—in response to defendants' pending motion for partial summary judgment—finally dropped their copyright claims against the McFarlane Corporate Defendants. Accordingly, in connection with this motion, I have reviewed Blackwell Sanders' legal bills in this action covering the period from the filing of this lawsuit through July 22, 2002 (the "Relevant Period").

6. Those legal bills include detailed descriptions of the services provided each day by each attorney and paralegal along with a breakdown of the costs advanced on behalf of the clients. During the Relevant Period, Blackwell Sanders' legal bills in this action totaled $160,412.00 in fees and $7,737.23 in costs.

2

7.  Based upon my review of those legal bills and my personal familiarity with the work performed on this case, I believe that *at least half* of the legal fees and costs incurred by the McFarlane Corporate Defendants and Mr. McFarlane can reasonably be allocated to defense of the various copyright claims. This is because discovery on the plaintiffs' contract claims was largely postponed while the parties focused—in pleadings, motions, and discovery—on various aspects of the copyright claims. By contrast, after July 22, 2002 more than half of the legal fees and costs incurred relate to the contract claims.

8.  Thus, a fair and reasonable allocation of the fees and costs during the Relevant Period would be half to the copyright claims and half to the other claims.

9.  There needs to be an additional allocation, however, because the Court's dismissal of the copyright infringement claims (Counts II and III) made the three McFarlane Corporate Defendants prevailing parties on those claims but did not affect the separate copyright ownership claim (Count I) against Mr. McFarlane. Because copyright ownership is an essential element of the copyright infringement claims[1] and because three of the four McFarlane Defendants are prevailing parties on the copyright claims, a fair and reasonable allocation of the total copyright fees and costs should be three-quarters to the McFarlane Corporate Defendants and one-quarter to Mr. McFarlane.

10. Applying these two allocation formulas to the fees and costs incurred during the Relevant Period yields the following results:

$160,412.00 (total fees)  x 0.50 = $80,206.00 x 0.75 = $60,154.50

$   7,737.23 (total costs) x 0.50 = $ 3,868.61 x 0.75 = $  2,901.46

---

[1] *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (identifying ownership of a valid copyright as one of the essential elements needed to establish copyright infringement).

11.     Accordingly, fair and reasonable estimates of the fees and costs incurred by the McFarlane Corporate Defendants in their successful defenses of the copyright claims in Counts II and III are $60,154.50 in legal fees and $2,901.46 in costs. (Because of attorney-client privilege concerns, I have not attached copies of the relevant legal bills to this affidavit but will be happy to submit them to the Court.)

Dated this 5th day of September, 2002.

Michael A. Kahn

Signed and sworn to before me this
5th day of September, 2002.

Notary Public

My Commission expires: June 12, 2004

JENNIFER L. BIRMINGHAM
St. Louis County
My Commission Expires
June 12, 2004

4