110

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2002 SEP 11  PM 3: 34

CLERK US DIST COURT
WD OF WI

| | | |
|---|---|---|
| NEIL GAIMAN, a resident of Wisconsin, and MARVELS AND MIRACLES, LLC, a Wisconsin Limited Liability Company, | ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No. 0200048 S** |
| v. | ) ) | |
| TODD MCFARLANE, a resident of Arizona, and TODD MCFARLANE PRODUCTIONS, INC., an Arizona corporation, TMP INTERNATIONAL, INC., a Michigan corporation, MCFARLANE WORLDWIDE, INC., a Michigan corporation, and IMAGE COMICS, INC., a California corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

## AFFIDAVIT OF R. SCOTT FELDMANN IN SUPPORT OF

## ALL DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES

## AND COSTS AS "PREVAILING PARTIES" PURSUANT TO

## FED. R. CIV. P. 54(d) AND 17 U.S.C. SECTION 505

---

1

## AFFIDAVIT OF R. SCOTT FELDMANN

After being first duly sworn, R. Scott Feldmann, states as follows:

1.      I am an attorney licensed to practice before all courts in the State of California and am an associate in the law firm of Brobeck, Phleger & Harrison LLP ("Brobeck"). I am admitted to this Court *pro hac vice* and am counsel of record for Defendant Image Comics, Inc. ("Image Comics"). I have personal knowledge of the facts stated herein or know them to be true from the records of this case and, if called as a witness in this matter, I could and would testify competently thereto under oath.

2.      I graduated from U.C. Berkeley's law school in 1993, and since that time my practice has focused upon intellectual property matters.

3.      Image moves for recovery of its attorneys' fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and 17 U.S.C. § 505, which provides for the recovery of costs and attorney fees to the prevailing party in a civil action under the copyright statute.

4.      The Court's August 22, 2002 Memorandum and Order in this case dismissed counts II and III of plaintiffs' Amended Complaint with prejudice. Each of these claims was for copyright infringement per 17 U.S.C. § 101, *et seq.*

5.    Image Comics incurred attorneys' fees *exceeding* $74,672.75 from initiation of this lawsuit through July 22, 2002, when plaintiffs abandoned their copyright infringement counts.

6.  Attached as Exhibit "A" is a Bill of Costs requested by Image Comics. Image Comics has in fact incurred and paid each of those costs (and has also paid additional costs whose recovery is not authorized by statute, and which it therefore has not asked the Court to award) in the amount of $1,947.84.

7.  Each of the costs summarized in Image Comics costs memorandum and supported in Exhibit "A" was reasonably necessary to the conduct of the litigation, not merely convenient or beneficial to its preparation.

8.  Brobeck charged Image Comics its usual hourly rates, or a discounted rate, for each of the attorneys and the paralegal who worked on this matter. From February 2002 through the present time in which Image Comics defended this case, the hourly rates of Brobeck's principal timekeepers charged to Image Comics were:  John S. Baker $395.00; R. Scott Feldmann $410.00 from February 2002 through April 2002, decreasing to $395.00 from May 2002 through July 2002; Matthew C. Lapple $335.00; and Vanetta Perisho (paralegal), $165.00.  Based on that knowledge, I know that the hourly rates of the Brobeck attorneys were reasonable and comparable to the prevailing hourly rates of attorneys with comparable skill and experience practicing in California.  Likewise, I know that

3

the hourly rate charged to Image Comics for our senior paralegal, Vanetta Perisho, is consistent with prevailing rates charged by comparable firms for paralegals in California with similar skills and experience.

9.   Moreover, I have been Image Comics' outside intellectual property counsel since at least the beginning of 1997. The rates sought are those regularly and customarily paid by Image to the Brobeck firm. The information learned from this longstanding representation has resulted in lower investigation costs for this case.

10. After reviewing the legal bills, I can fairly state that at least half (50%) of our time was devoted to defeating the lead copyright counts. This includes drafting a motion to dismiss and reply brief, wherein Image at the outset pointed out the lack of any basis for prosecuting these claims. That time further includes obtaining a supporting declaration, reviewing documents and attending various out-of-state depositions taken by plaintiffs seeking to prosecute those copyright claims. Therefore, Image seeks reimbursement of $37,336.38 in fees and $973.92 in costs, for a total of $38,310.30 in fees and costs.

11.   Further, the total amount sought is reasonable, inasmuch as Image Comics has not retained local counsel in this case.

Executed this 5th day of September 2002 at Irvine, California.

_R. Scott Feldmann_

R. Scott Feldmann

Signed and sworn to before me
this 5th day of September, 2002.

_Vanetta M. Perisho_
Notary Public

My Commission expires:  _Nov. 20, 2002_

VANETTA M. PERISHO
Commission # 1202478
Notary Public - California
Orange County
My Comm. Expires Nov 20, 2002

OCOLIB1\VMP:268753.01

AO 133    (Rev. 9/89)  Bill of Costs

# UNITED STATES DISTRICT COURT

### Western    District of Wisconsin

NEIL GAIMAN, a resident of Wisconsin,
and MARVELS AND MIRACLES, LLC, a Wiscons            **BILL OF COSTS**
                        V.
TODD MCFARLANE, a resident of Arizona,            Case Number:  0200048 S
and TODD MACFARLANE PRODUCTIONS, INC. an

Judgment having been entered in the above entitled action on __08/22/02__ against __Plaintiffs__ ,
                                                          Date
the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case . . . | 765.70 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for witnesses (itemize on reverse side) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . . . | _____ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| .osts as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . . . | _____ |
| Other costs (please itemize). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,182.14 |

Travel to Arizona to attend depositions of Shiela Egger
on 6/18/02; Terrence Fitzgerald on 6/18/02; Lawrence            **TOTAL $** __1,947.84__
Marder on 6/19/02; and Todd McFarline on 6/19-20/02.

SPECIAL NOTE:   Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services
for which fees have been charged were actually and necessarily performed.  A copy of this bill was mailed today with postage prepaid to:
SEE ATTACHED SERVICE LIST

Signature of Attorney: _R. Scott Feldmann_

Name of Attorney:  R. Scott Feldmann

For: Defendant Image Comics, Inc.                              Date: 9/5/02
                Name of Claiming Party
ase take notice that I will appear before the clerk who will tax said costs on _____ at _____

Costs are taxed in the amount of _____ and included in the judgment.

_____            By: _____    EXHIBIT A PAGE 6 _____
Clerk of Court                    Deputy Clerk                                    Date

AO-133

## WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees)

| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | TOTAL | | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
" Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28 which reads in part as follows:**
" A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
" Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6 (e)
" Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
" Entry of the judgment shall not be delayed for the taxing of costs."

EXHIBIT A PAGE 7

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Irvine, California 92618-2301. On September 5, 2002, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **AFFIDAVIT OF R. SCOTT FELDMANN IN SUPPORT OF ALL DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AS "PREVAILING PARTIES" PURSUANT TO FED. R. CIV. P. 54(d) AND 17 U.S.C. SECTION 505**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Brobeck, Phleger & Harrison LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Sherman, Alexander & Associates LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ] (BY FEDERAL EXPRESS) I am readily familiar with the practice of Brobeck, Phleger & Harrison for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[X] (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on September 5, 2002, at Irvine, California.

Patti L. Gruwell

## PROOF OF SERVICE LIST

Jeffrey A. Simmons, Esq.
Foley Lardner
Attorneys at Law
Verex Plaza
150 East Gilman Street
Madison, Wisconsin 53703-1481
Phone (608) 257-5035
Facsimile (608) 258-4258

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC


Kenneth F. Levin
Kenneth F. Levin and Associates
20 North Wacker Drive, Suite 2200
Chicago, Illinois 60606
Phone (312) 984-6000
Facsimile (312) 977-2990

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC


Mark Hellmann
Michael Rechtin
Joseph Talarico
Foley & Lardner
1 IBM Plaza
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
Phone (312) 755-1900
Facsimile (312) 755-1925

Attorneys for Plaintiffs
Neil Gaiman and
Marvels And Miracles, LLC


Michael Kahn, Esq.
Stinson, Mag & Fizzell
100 S. 4th Street
Suite 700
St. Louis, Missouri 63102
Phone (314) 259-4529
Facsimile (314) 259-4599

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.


Todd G. Smith
LaFollette Godfrey & Kahn
One East Main Street
P.O. Box 2719
Madison, Wisconsin 53701-3911
Phone (608) 257-3911
Facsimile (608) 257-0609

Attorneys for Defendants
Todd McFarlane;
Todd McFarlane Productions, Inc.;
TMP International, Inc.; and
McFarlane Worldwide, Inc.

9.