UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and <br> MARVELS AND MIRACLES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> TODD MCFARLANE, <br> TODD MCFARLANE PRODUCTIONS, <br> INC., TMP INTERNATIONAL, INC., <br> MCFARLANE WORLDWIDE, INC., and <br> IMAGE COMICS, INC., <br><br> Defendants. | Case No.: 02-C-0048-S |

**PLAINTIFFS' MOTION IN LIMINE #2
TO PRECLUDE DEFENDANTS FROM ASSERTING THAT GAIMAN TRANSFERRED
HIS COPYRIGHT INTERESTS PRIOR TO 1997 OR THAT GAIMAN'S
CONTRIBUTIONS WERE "WORK MADE FOR HIRE"**

## INTRODUCTION

Plaintiffs Neil Gaiman and Marvels and Miracles, LLC move the Court to preclude Defendants from arguing or introducing evidence intended to show that Gaiman expressly or implicitly transferred his copyright ownership interests in any of the various comic books and characters at issue prior to 1997 or that any of Gaiman's contributions were "work made for hire". The uncontested facts show that during the time Gaiman was writing the works at issue he was not an employee of the Defendants and that he never signed a work-for-hire agreement or, prior to 1997, any other written agreement transferring ownership in his work. As a result, Gaiman retained his copyright ownership interest in those works unless the jury finds that the statute of limitations bars Gaiman's copyright ownership claim or that Gaiman transferred those interests as part of the parties' 1997 agreement.

**ARGUMENT**

The Copyright Act generally requires that all transfers of copyright ownership be made in a writing signed by the copyright owner. See 17 U.S.C. § 204. See also 3 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 10.03[A][1] (2002). The only exception to this writing requirement is for transfers "by operation of law," an exception that does not apply to this case.

> The Copyright Act provides:
>
> A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, *is in writing and signed by the owner* of the rights conveyed or such owner's duly authorized agent.

17 U.S.C. § 204 (emphasis added). According to Professor Nimmer, the exception to the signed writing requirement for transfers "by operation of law" is limited to "such matters as disposition by courts in bankruptcy, probate, and the like." 3 Nimmer on Copyright § 10.03[A][6].

Courts addressing the issue have rejected the argument that copyright transfers can occur through oral contracts or negotiations. See Brooks v. Bates, 781 F. Supp. 202, 206 (S.D.N.Y. 1991) ("case of two individuals negotiating with each other, agreeing, and then disagreeing . . . cannot be said to give rise to a transfer of copyrights by operation of law"); Pamfiloff v. Giant Records, Inc., 1991 WL 334916 at *2 (N.D. Cal 1991) (plaintiff could not escape § 204's writing requirement by asserting an oral contract to transfer copyright interests); Mellencamp v. Riva Music Ltd., 698 F. Supp. 1154, 1161-62 (S.D.N.Y. 1988) ("no merit to plaintiff's contention that a contract to transfer a copyright can be enforced without a writing").

In this case, it is undisputed that there was no written agreement, regarding copyright ownership or any other matter, between Neil Gaiman and any of the Defendants prior

003.379133.1

to 1997. Therefore, Defendants should be precluded as a matter of law from arguing or introducing any evidence intended to show that Gaiman somehow transferred his copyright ownership interests in any of the comic books any characters at issue at any time prior to the parties' 1997 agreement. Introducing such evidence or argument would only serve to confuse the jury about the relevant issues in this case.

Similarly, the uncontested facts preclude Defendants from arguing that Gaiman transferred his copyright ownership interest by virtue of his contributions being "work made for hire." Under the Copyright Act, there are only two ways an author's work can be deemed "work made for hire": 1) the author was an employee of the copyright owner at the time he created the work, or 2) the author signs a written "work-for-hire" agreement. See <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 738 (1989). The Act defines a "work made for hire" as:

> (1) a work prepared by an *employee* within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, *if the parties expressly agree in a written instrument* signed by them that the work shall be considered a work made for hire.

17 U.S.C. § 101 (emphasis added).

The uncontested facts show that Defendants cannot meet either prong of the "work for hire" test. Defendants have stipulated that Gaiman has never been an employee of any of the Defendants and that Gaiman never signed a "work-for-hire" agreement with any of the Defendants. (<u>See</u> Joint Final Pre-Trial Report, Agreed Statement of Uncontested Facts ¶¶ 63-64.) Accordingly, Defendants should be precluded as a matter of law from arguing or introducing evidence intended to show that any of Gaiman's work was "work made for hire."

3

Again, presenting such evidence or argument can only serve to confuse the jury about the relevant issues in this case.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court preclude Defendants from arguing or introducing evidence intended to show that Neil Gaiman transferred his copyright ownership interests in any of the comic books and characters at issue prior to 1997 or that Gaiman's contributions to those comic books and characters were "work made for hire" under the Copyright Act.

Dated this 13th day of September, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Joan L. Eads
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258

Co-Counsel:
Kenneth F. Levin
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000
Fax: (312) 977-2990

Of Counsel:
Mark Hellmann
Michael Rechtin
Foley & Lardner
1 IBM Plaza
220 N. Wabash Ste. 3300
Chicago, IL 60611
Tel: (312) 755-1900
Fax: (312) 755-1925