UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2002 SEP 13 AM 11:29

NEIL GAIMAN and )
MARVELS AND MIRACLES, L.L.C., )
)
          Plaintiffs, )
)
v. )   Case No.: 02-C-0048-S
)
TODD MCFARLANE, )
TODD MCFARLANE PRODUCTIONS, )
INC., TMP INTERNATIONAL, INC., )
MCFARLANE WORLDWIDE, INC., and )
IMAGE COMICS, INC., )
)
          Defendants. )

## PLAINTIFFS' MOTION IN LIMINE #3
## TO EXCLUDE GREG CAPULLO AS A WITNESS

Plaintiffs Neil Gaiman and Marvels and Miracles, LLC move the Court to exclude the testimony of Defendants' witness Greg Capullo. Defendants first identified Mr. Capullo as a potential trial witness in the Parties' Joint Final Pre-Trial Report. Defendants did not identify Mr. Capullo in their Rule 26(a)(1) disclosures as a person Defendants might use to support their claims or defenses. Instead, in their Rule 26(a) disclosures, Defendants broadly asserted that they might rely on any of "[t]he various artists, pencil artists, colorists, letterers and other contributors to the comic books at issue in this lawsuit." (McFarlane Defs.' Initial Disclosures § A.7. (Attached as Exhibit A.) Given that there are at least five comic books and four comic book collections at issue in this lawsuit, the number of persons encompassed by that vague description runs into the dozens. Nowhere during discovery was Mr. Capullo identified as a person whose testimony might make a material disputed fact more or less likely so as to be relevant under Rule

401. At a minimum, Rule 26(e) required Defendants to supplement their Rule 26(a)(1) disclosures once they specifically identified Mr. Capullo as a potential witness for trial. See Rule 26(e). Under Rule 37(c), the Defendants' failure to make that disclosure justifies exclusion of Mr. Capullo's testimony from trial.

Moreover, if Mr. Capullo's testimony falls within the scope of Defendants' 26(a)(1) disclosure, that testimony will be irrelevant and cumulative. Defendants stated in their disclosures that those "various artists" might provide testimony on the following:

> To the extent that Mr. Gaiman contends that he is the sole or principal author/creator of one or more of the comic books at issue, these individuals have personal knowledge as to their own involvement in the creation of those publications. In addition, some of these artists have worked on publications for Marvel Comics and/or DC Comics and/or have had communications with representatives of one or both of those companies regarding various creative or financial matters.

(Id.) Since Mr. Gaiman is not contending that he was the sole author/creator of any of the comic books at issue, any testimony regarding other artists' contributions will be irrelevant. As for testimony regarding "various creative or financial matters" at Marvel Comics and D.C. Comics, Defendants deposed both the president and a senior executive of D.C. Comics and the editor-and-chief of Marvel Comics about those issues. In addition, both Todd McFarlane and Neil Gaiman worked for Marvel Comics and D.C. Comics at various times during their careers and are certain to provide adequate testimony on those issues. It is difficult to see how any testimony by Mr. Capullo could be relevant and noncumulative as to any material issue.

Accordingly, Mr. Capullo's testimony should be excluded from trial.

Dated this 13th day of September, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Joan L. Eads
Jeffrey A. Simmons'
*Attorneys for Plaintiffs*

Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258

Co-Counsel:
Kenneth F. Levin
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 984-6000
Fax: (312) 977-2990

Of Counsel:
Mark Hellmann
Michael Rechtin
Foley & Lardner
1 IBM Plaza
220 N. Wabash Ste. 3300
Chicago, IL 60611
Tel: (312) 755-1900
Fax: (312) 755-1925

3

003.379388.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TODD McFARLANE, TODD McFARLANE PRODUCTIONS, INC., TMP INTERNATIONAL, INC., and McFARLANE WORLDWIDE, INC.<br><br>Defendants-Counterclaimants,<br><br>And<br><br>IMAGE COMICS, INC.,<br><br>Defendant. | Case No. 02-C-0048-S |

**THE McFARLANE DEFENDANTS' INITIAL DISCLOSURES
PURSUANT TO RULE 26(a)(1), FED. R. CIV. P.**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendants Todd McFarlane, Todd McFarlane Productions, Inc. ("TMP"), TMP International, Inc. ("TMPI") and McFarlane Worldwide, Inc. (together, the "McFarlane Defendants") hereby provide their initial disclosures in the above-captioned matter:

A.   **Individuals Likely to Have Discoverable Information.** The McFarlane Defendants believe that the following individuals are likely to have discoverable information that they may use to support their claims or defenses in this matter, excluding information to be used solely for impeachment:

1. Todd McFarlane, 12240 S. Honah Lee Ct., Phoenix, Arizona 85044, (480) 598-8765. Mr. McFarlane, as CEO of all of the McFarlane Defendants, has knowledge of most or all issues in the case.

2. Larry Marder, 40 West Baseline Rd., Phoenix, Arizona 85283, (480) 491-7070. Mr. Marder, as President of TMPI and former Executive Director of Image Comics, Inc., has knowledge of, among other issues, contractual performance issues, communications with plaintiff's representatives, and royalty and accounting issues.

3. Stephen R. Peterson, 40 West Baseline Rd., Phoenix, Arizona 85283, (480) 491-7070. Mr. Peterson, as CFO of TMP and TMPI, has supervisory knowledge of the financial books and records of the McFarlane Defendants related to plaintiffs' claims.

4. Terry Fitzgerald, 2461 Santa Monica Blvd., Ste. 635, Santa Monica, California 90404, (310) 472-8707. Mr. Fitzgerald, as a former employee of TMP and TMPI, and a current officer of Todd McFarlane Entertainment, Inc., has some general knowledge, of the interactions between Mr. Gaiman and the McFarlane Defendants during 1997, including royalty and accounting issues during that time.

5. Tracy Hale, 1071 North Batavia St., Ste. A, Orange, California 92867, (714) 288-0200. Ms. Hale, as Controller of Image Comics, Inc., has knowledge of, among other issues, royalty and accounting issues as they relate to the publications at issue in this lawsuit.

6. Allan Inglis, 44617 Fordway Dr., Novi, Michigan 48375, (248) 344-1392. Mr. Inglis, as the former CFO of defendant TMPI and the former supervisor of the accounting personnel associated with TMP, has knowledge of, without limitation, royalty and accounting issues during the events giving rise to this lawsuit.

7. The various artists, pencil artists, colorists, letterers, inkers and other contributors

to the comic books at issue in this lawsuit, all of whom are identified on the inside front covers of those comic books. To the extent that Mr. Gaiman contends that he is the sole or principal author/creator of one or more of the comic books at issue, these individuals have personal knowledge as to their own involvement in the creation of those publications. In addition, some of these artists have worked on publications for Marvel Comics and/or DC Comics and/or have had communications with representatives of one or both of those companies regarding various creative or financial matters.

8. Various other employees of the the McFarlane Defendants whose work is supervised by the officers and employees of the McFarlane Defendants identified above. At present, the McFarlane Defendants believe that the persons identified by name are the ones possessing the principal information on the subject matters identified, but additional employees may have some information that in the possession of their supervisors.

9. Terri Cunningham, Paul Levitz and other representatives of DC Comics who are familiar with that entity's contractual relationships with its writers, including Mr. Gaiman.

10. Joe Quesada, Bill Jemas, and other representatives of Marvel Comics who are familiar with Marvel Comics' relationships with the plaintiffs, the creation of plaintiff Miracles and Marvels, LLC, the history and intellectual property rights of the Miracleman character, and various other matters related to the lawsuit.

11. Dean Mullaney, address unknown, (305) 923-0968. Mr. Mullaney was co-owner of Eclipse Comics during the time it published Miracleman and is familiar with the contractual arrangements relating to same, the intellectual property covered by those contractual relationships, and other matters related to the lawsuit.

12. Plaintiff Neil Gaiman, who has knowledge of most of the matters related to this

lawsuit.

   **B.   Documents Supporting Claims and Defenses.** The McFarlane Defendants anticipate that they may use the following categories of documents, data compilations and/or tangible things, which are in their possession, custody or control, in support of their claims and defenses in this matter, excluding materials to be used solely for impeachment:

   1. Correspondence and other documents reflecting communications between the parties to this lawsuit and their representatives regarding various matters, including, without limitation, the matters at issue in this lawsuit.

   2. Internally generated documents of the McFarlane Defendants, including, without limitation, payment, accounting and royalty documents (including backup documents, agreements, etc.), pertaining to matters at issue in this lawsuit.

   3. Correspondence and other documents reflecting payments made by the McFarlane Defendants to Mr. Gaiman and others who worked on the various comic books relevant to the issues in this lawsuit.

   4. Copyright registration applications and accompanying deposit materials filed with the U.S. Copyright Office by Mr. Gaiman concerning the copyright registrations claimed by him in this lawsuit.

   5. Copyright registration applications or certificates of registration for the various comic books at issue in this lawsuit, along with the comic books themselves.

   6. Accounting and royalty documents received in the ordinary course of business from Image Comics, Inc. and other entities.

   7. Scripts and other materials prepared by Mr. Gaiman concerning the comic books at issue in this lawsuit.

   8. Scripts, artwork, promotional materials, and other materials prepared by other persons concerning the comic books at issue in this lawsuit and a sampling of other comic books created by TMP.

Unless otherwise indicated, such documents, data compilations and/or tangible things are presently located at the McFarlane Defendants' offices, located at 12240 S. Honah Lee Ct., Phoenix, Arizona 85044 and/or 40 West Baseline Rd., Phoenix, Arizona 85283, and/or with the McFarlane Defendants' counsel of record in this matter. Subject to the entry of an appropriate protective order in this matter, the McFarlane Defendants will provide copies of non-privileged documents falling within such categories to plaintiff.

C.    **Calculation of Damages.** The McFarlane Defendants' compensatory damages include payments made to Mr. Gaiman during the summer of 1997, property transferred to him in reliance upon his representations, and legal fees and costs incurred in connection with the copyright matters at issue in the lawsuit. Documentary evidence reflecting the payments and property transferred to Mr. Gaiman are included in the documents identified above.

D.    **Insurance.** The McFarlane Defendants are still investigating whether there is any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this matter or to indemnify or reimburse payments made to satisfy any such judgment.

In providing these initial disclosures, the McFarlane Defendants have made a diligent and good faith effort to comply with the requirements of Rule 26(a)(1). However, they reserve the right to amend, supplement, or otherwise modify the following disclosures should the subsequent discovery of new or additional evidence necessitate doing so.

5

Dated: April 8, 2002

                    LA FOLLETTE GODFREY & KAHN

                    */s/ signature*

                    Eugenia G. Carter
                    Todd G. Smith
                    One East Main Street, Suite 500
                    Madison, WI 53701
                    Tele: (608) 257-3911
                    Fax: (608) 257-0609

                    —and—

Michael A. Kahn
Stinson, Mag & Fizzell
100 South 4th Street, Suite 700
St. Louis, MO 63102
(314) 259-4500 (Tel.)
(314) 259-4599 (Fax)

Attorneys for Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc.

MN146362_1.DOC

6

SLDB 142562v1