IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 02-C-0048-S |
| TODD McFARLANE, et al. ) ) | |
| Defendants-Counterclaimants. ) | |

## THE DEFENDANTS' MOTIONS IN LIMINE

Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., and McFarlane Worldwide, Inc. (together, the "McFarlane Defendants") by its attorneys, and defendant Image Comics, Inc., by its attorneys, Brobeck, Phleger & Harrison, respectfully move the Court for an order in limine excluding from evidence and prohibiting any witness or counsel from mentioning, referring to, or suggesting in the presence of the jury the following:

1. Any evidence, testimony or argument offered by Denis Kitchen, the purported comic book industry expert identified by the plaintiff. As further described in the attached Brief, Mr. Kitchen's purported testimony is irrelevant, not helpful to the jury, beyond the scope of his qualifications and without an objective factual basis. Moreover, Mr. Kitchen's testimony is not based on any "scientific, technical, or other specialized knowledge," as Rule 702 Fed. R. Evid. requires, but instead is merely the opinions of plaintiff Gaiman himself, disguised as expert testimony. His testimony is therefore not admissible as expert testimony pursuant to Rule 702, Fed. R. Evid.

2. Any evidence, testimony or argument offered by James Caven related to damages for disputed "one-off" projects. As further described in the attached Brief, Mr. Caven's testimony regarding the value of one-off projects is based entirely upon Mr. Kitchen's erroneous and inadmissible testimony about the meaning of "one-off," and therefore there is no foundation nor evidence in the record to support Mr. Caven's testimony about the value of the purported one-off projects. The grounds for this motion are that this testimony is irrelevant and inadmissible under Rule 402, Fed. R. Evid.

3. Any evidence, testimony or argument related in any way to license contracts between Todd McFarlane Productions, Inc. and any entity other than the plaintiff or another defendant to the extent that the plaintiff claims these contracts change, affect or alter the terms of the alleged contract between Todd McFarlane Productions, Inc. and the plaintiff. In particular, the McFarlane Defendants object to the use of trial exhibits 117 - 120 if offered for this purpose. The grounds for this motion are that those contracts are irrelevant and inadmissible under Rules 402 and 403, Fed. R. Evid. This motion is also supported by the attached Memorandum of Law.

4. Any evidence, testimony or argument relating to any settlement negotiations which occurred or may have occurred between the parties, including all settlement proposals, offers or suggestions to settle or compromise any claim, statements made by any party or counsel relating to settlement, and any correspondence which relates to settlement negotiations in any way. The grounds for this motion is Rule 408, Fed. R. Evid.

5. Any evidence, testimony or argument relating to the character or reputation of Neil Gaiman, including any evidence regarding his beliefs in "creator's rights" or his alleged philanthropic activities, except as that character or reputation evidence relates to truthfulness or

untruthfulness. The grounds for this motion is Rule 608 Fed. R. Evid., which prohibits the introduction of evidence of a witnesses' character or reputation except as that character or reputation relates to truthfulness or untruthfulness. This evidence is also irrelevant and inadmissible under Rule 402, Fed. R. Evid.

6. Any evidence, testimony or argument relating to the character or reputation of Todd McFarlane, except as that character or reputation relates to truthfulness or untruthfulness. The grounds for this motion is Rule 608 Fed. R. Evid., which prohibits the introduction of evidence of a witnesses' character or reputation except as that character or reputation relates to truthfulness or untruthfulness. This evidence is also irrelevant and inadmissible under Rule 402, Fed. R. Evid.

Dated: September 13, 2002

LA FOLLETTE GODFREY & KAHN

By: _____
Eugenia G. Carter
Todd G. Smith
One East Main Street, Suite 500
Madison, WI 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin, LLP
720 Olive Street, Suite 2400
Saint Louis, MO 63101
Tel: (314) 345-6000
Fax: (314) 345-6060

Attorneys for Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc. and McFarlane Worldwide, Inc.

R. Scott Feldmann
Brobeck, Phleger & Harrison LLP
38 Technology Drive
Irvine, CA 92618-5312
Tel: (949) 790-6300
Fax: (949) 790-6301

Attorneys for Defendant Image Comics, Inc.

MN156171_1.DOC