*139*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2002 SEP 20  PM 12: 14

|  |  |  |
|---|---|---|
| NEIL GAIMAN and MIRACLES AND MARVELS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 02-C-0048-S (Western District of Wisconsin) |
| TODD McFARLANE, et al. | ) ) ) | |
| Defendants-Counterclaimants. | ) | |

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE #2
TO PRECLUDE DEFENDANTS FROM ASSERTING THAT GAIMAN
TRANSFERRED HIS COPYRIGHT INTERESTS PRIOR TO 1997 OR
THAT HIS CONTRIBUTIONS WERE "WORK MADE FOR HIRE"**

---

Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., and McFarlane Worldwide, Inc. (collectively, the "McFarlane Defendants"), through their attorneys LaFollette Godfrey & Kahn and Blackwell, Sanders, Peper, Martin, and defendant Image Comics, Inc., through its attorneys, Brobeck, Phleger & Harrison, respectfully submit this Response Brief in Opposition to Plaintiffs' Motion in Limine #2 to exclude evidence asserting that Gaiman transferred his copyright interests prior to 1997 or that his contributions were works made for hire.

Plaintiffs move for an order *in limine* precluding defendants from arguing or introducing evidence to show that Neil Gaiman transferred his copyright ownership interests in any of the comic books or characters at issue prior to 1997 or that his contributions to those comic books and characters qualified as "work made for hire" under the Copyright Act. Defendants do not intend to introduce such evidence or make such argument. They file this response to ensure

that there is no misunderstanding or dispute during trial when they introduce evidence concerning the following two matters: (1) Mr. McFarlane's understanding of the concept and term "work made for hire," which—as explained below—forms an important part of the defense to the copyright claim and a key element of the disputes in this lawsuit; and (2) Mr. Gaiman's consent (and thus his oral license) for the publication of the comic books at issue and the licensing of the toys and other derivative works at issue.

### Relevance of "Work for Hire" Evidence

The evidence will show that in 1992, when Mr. Gaiman and Mr. McFarlane began discussions about Mr. Gaiman's contribution to Issue 9 of *Spawn*, both men were familiar with the term "work made for hire" and its copyright significance within the comic book world generally and specifically at DC Comics, where both men had been freelance creators. Among other things, they understood that the publisher of a "work for hire" owned the copyright in the work. But neither man was an attorney or well-versed in the nuances of United States copyright law. Indeed, Mr. McFarlane was Canadian and Mr. Gaiman was British. Although Mr. Gaiman may have understood that under U.S. copyright law certain work-for-hire agreements had to be in writing, Mr. McFarlane did not. Moreover, as Mr. McFarlane has testified, when he and Mr. Gaiman used "the standard DC Comics contract" as the reference point for their own contract discussions, Mr. McFarlane understood (correctly) that the standard DC Comics contract had a work-for-hire provision that provided that DC Comics would own the resulting copyright. However, he believed (incorrectly) that an oral agreement referencing the DC Comics contract was the copyright equivalent of an enforceable work-for-hire agreement.

Why is Mr. McFarlane's misunderstanding relevant? Because he and his company took certain important actions in reliance upon the belief that *Spawn* issue 9 and the other comic books involved in this lawsuit were works made for hire. Specifically, they placed copyright

notices in the name of Todd McFarlane Productions on the comic books at issue and filed applications to register copyrights in each of those comic books as works made for hire. Those copyright notices and registrations—all done far outside the three-year statute of limitations—form the basis for defendants' affirmative defense that the remaining copyright claim should be dismissed as untimely.

Mr. Gaiman has opposed the statute of limitations defense by questioning the good faith of Mr. McFarlane and his company in omitting his name from the copyright notice and the copyright registration. To the extent that the Court deems this testimony from Mr. Gaiman relevant, it is important for Mr. McFarlane to be able explain why he mistakenly believed his company owned the copyright in those comic books and thus why he and his company were at all times acting in good faith in omitting Mr. Gaiman from the copyright notices and registrations.

### Mr. Gaiman's Oral License

Defendants do not contend that Mr. Gaiman orally <u>transferred</u> his alleged copyright ownership to Todd McFarlane Productions. They will contend, however, that if Mr. Gaiman is found to own any copyright interests in the works or characters at issue, he granted Todd McFarlane Productions permission to publish the works at issue and to license the creation and distribution of derivative products. Mr. Gaiman does not appear to dispute such a license, or the fact that oral nonexclusive copyright licenses are valid and enforceable.[1] Nevertheless, out of an abundance of caution at this pretrial stage the defendants want to advise the Court how the license issue could arise, why it is relevant, and why we believe it to be beyond the scope of this motion.

---

[1] "[N]onexclusive licenses may therefore be granted orally or may even be implied from conduct." 3 *Nimmer on Copyright* § 10.03[A][7].

Accordingly, defendants do not oppose this motion *in limine* so long as they are allowed to offer testimony (a) regarding the work-for-hire doctrine on issues unrelated to whether Mr. Gaiman actually transferred his copyright ownership interests in any of the comic books or characters at issue prior to 1997 under the work-for-hire doctrine, and (b) on the issue of whether Mr. Gaiman (if determined to own any copyrights interests here) did license the publication of the comic books and derivative works at issue in the lawsuit.

Dated:  September 20, 2002.

LaFOLLETTE GODFREY & KAHN

By _____
Eugenia G. Carter
Todd G. Smith
Gabriel S. Gross
LaFollette Godfrey & Kahn
One East Main Street, Suite 500
Madison, WI  53701
Tel:  (608) 257-3911
Fax:  (608) 257-0609

—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin
720 Olive Street, Suite 2400
St. Louis, MO 63101
Tel:  (314) 345-6000
Fax:  (314) 345-6060

Attorneys for Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc.  and McFarlane Worldwide, Inc.

—and—

R. Scott Feldmann
Brobeck, Phleger & Harrison LLP
38 Technology Drive

Irvine, CA 92618-5312
Tel:  (949) 790-6300
Fax:  (949) 790-6301

Attorneys for Defendant Image Comics, Inc.

doc#156959

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record via hand delivery and regular mail this 20th day of September, 2002, addressed to the following:

Allen A. Arntsen
Jeffrey A. Simmons
Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Fax: 608-258-4258

Kenneth F. Levin
Kenneth F. Levin & Associates
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Fax: 312-977-2990