IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 02-C-0048-S |
| | ) | |
| TODD McFARLANE, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS AND TESTIMONY
REGARDING PLAINTIFFS' DAMAGES FOR COUNTS VII (LANHAM ACT),
VIII (WIS. STATUTORY FALSE ADVERTISING),
IX (WIS. STATUTORY RIGHT OF PRIVACY), AND
X (WIS. COMMON LAW MISAPPROPRIATION OF NAME)
PURSUANT TO FED. R. CIV. PROC. 26(a)(2)(B) AND
FED. R. EVID. 701, 702, 703**

Defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., and McFarlane Worldwide, Inc. (collectively, the "McFarlane Defendants"), through their attorneys LaFollette Godfrey & Kahn and Blackwell, Sanders, Peper, Martin, and defendant Image Comics, Inc., through its attorneys, Brobeck, Phleger & Harrison, respectfully move the Court for an order in limine excluding exhibits and testimony regarding the plaintiffs' damages for Counts VII, VIII, IX and X.

## INTRODUCTION

Defendants bring this motion as a result of testimony recently received from Plaintiffs' damages expert on September 17, 2002. Plaintiffs' accounting expert, James Caven, did not produce his written report until September 11, 2002. Caven Expert Report, Attached to September 13, 2002 Affidavit of Todd G. Smith ("Smith Affidavit"), as Exhibit A. Defendants

1

were not permitted to depose Mr. Caven until after his report was delivered. Rule 26(b)(4), Fed. R. Civ. Proc. Consequently, Defendants bring this motion *in limine* at the earliest opportunity. For the reasons given below, Defendants seek to exclude introduction of any evidence regarding damages allegedly suffered by Plaintiffs on the following four counts:

| COUNT VII: | Violation of the Lanham Act § 43(A). |
| COUNT VIII: | State Law False Advertising, WIS. STAT. § 100.18(1), |
| COUNT IX: | Violation of WIS. STAT. § 895.50 (Right to Privacy), |
| COUNT X: | Wis. Common Law Misappropriation of Gaiman's Name & Identity |

Plaintiffs' accounting expert, Mr. Caven, has testified that he has not done any work, has no opinion and has no intention of doing any work regarding any alleged damages claim on either the Lanham Act or statutory false advertising counts. Caven Deposition transcript, attached to the Affidavit of Gabe Gross as Exhibit B, at 190:11-191:1. Plaintiffs' other expert, Denis Kitchen, offered for his expertise in the comic book industry, similarly testified that he did not have an opinion to support a claim based upon failure to give credit to a comic book author (i.e., the same two counts). Kitchen Deposition transcript, attached to the Smith Affidavit as Exhibit C, at 87:21-25. Failure to give attribution, or credit, for authoring certain comic books is the gravamen of Plaintiffs' Lanham Act and false advertising claims. Amend. Compl. ¶¶ 88, 94. Moreover, Plaintiffs failed to identify any damages claims for either their Lanham Act count or statutory false advertising count in the Revised Joint Pre-Trial Conference Report. Revised Joint Pre-Trial Conference Report at § 13, ¶ 2.

No exhibits or testimony regarding damages pertaining to COUNTS IX-X (Violation of State Statutory Right to Privacy and Common Law Misappropriation of Name), should be permitted either, because Plaintiffs are attempting to cloak Plaintiffs' lay opinion that damages

2

were $45,000 in the mantle of expert opinion. This is illustrated by Plaintiffs' accounting expert testifying that the one single document relied upon to support the opinion was selected by Plaintiff himself. Further, Mr. Kitchen testified that the one document and statements by Plaintiffs and their counsel were the <u>sole</u> bases for his opinion. Those bases are insufficient to support an expert's opinion. Rules 701, 702, Fed. R. Evid. Plaintiffs' other expert, Mr. Kitchen, testified that without further research, he could not give a specific number to support a right of publicity claim. Kitchen transcript at 96:1-5.

## ARGUMENT

For all expert witnesses, Plaintiffs are required, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to disclose all opinions, data and exhibits in advance of trial. <u>Zurba v. United States of America</u>, 202 F.R.D. 590 (N.D. Ill. 2001). Plaintiffs have disclosed that <u>both of their expert witnesses have no opinion regarding the false advertising or Lanham Act Counts</u> (i.e., failure to use Gaiman's name on various publications). Failure by an expert to express an opinion in his report is grounds to grant a *motion in limine* to exclude testimony in that subject by him. 1st <u>Source Bank v. First Resource Federal Credit Union</u>, 167 F.R.D. 61 (N.D. Ind. 1996). Neither Kitchen's nor Caven's report expressed any opinion on damages regarding those two counts. Consequently, those experts should be precluded from testifying on the subject of damages for the Lanham Act and false advertising counts.

Similarly, this Court must act as a "gatekeeper" to keep out unreliable expert testimony. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 529 (1993). The trial court judge must ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. <u>Id.</u>, 509 U.S. at 579, 597. Caven offered no methodology to support his opinion that Plaintiffs suffered $45,000 in damages for alleged unauthorized use of Gaiman's name on a

3

comic book trade paperback.  Relying upon Plaintiff's opinion, statements and counsel's

statements are insufficient bases for an opinion.  Rules 702, 703.  It is Plaintiff's burden to

demonstrate the admissibility of their experts' opinion.  Id.  They have failed that burden.

Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and Rules 701 and 702 of

the Federal Rules of Evidence, any expert testimony, lay testimony, documents or statements by

counsel should be excluded.

**A.** **Plaintiffs' Experts Had No Opinion Regarding Damages On The Lanham Act And False Advertising Counts.**

**1.** **Kitchen's and Caven's Expert Reports Were Silent Regarding Damages.**

Contrary to the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure,

*neither expert report had a word to say about the Lanham Act or false advertising counts*.  No

opinion should result in exclusion of any expert testimony on the subject.  1st Source Bank, 167

at 66 ("This portion of [the expert's] report expresses no opinion . . . .  The court grants

[movant's] *motion in limine* [to preclude testimony] on [that] subject.")  Irrespective of their

testimony, in which they still offered no opinion, Plaintiffs' experts should be precluded from

testifying as to damages in the Lanham Act and false advertising counts.

**2.** **Neither Kitchen Nor Caven Could Testify As To Any Opinion On Damages**

Plaintiffs' damages expert admitted to having no opinion as to the Lanham Act count.  He

testified as follows:

"Q.    How about a Lanham Act trademark infringement [count], also known as reverse passing off?

A.    No, I've not been asked to do any work on that issue."

Caven transcript at 190:14-16.

4

Similarly, he had no opinion as to false advertising damages:

> "Q.    How about false advertising?
>
> A.    No.  I've not been made aware of any work to be done on that issue."

Id. at 190:11-12.

> "Q.    Same question [regarding pending work on testimony] with respect to false advertising?
>
> A.    I don't know because I've not discussed that issue with counsel."

Id. at 190:21-23.

> "Q.    Sitting here today you don't intend to testify on either the false advertising or Lanham claims, do you?
>
> A.    I haven't been asked at this point to comment on those issues.
>
> Q.    You've done no analysis with respect to those two claims.
>
> A.    Correct."

Id. at 190:24-191:6.  Neither could Kitchen provide any specific damages amount for the value of omitting an author's name.  Kitchen transcript at 87:22-25.  Applying Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Rules 702 and 703 of the Federal Rules of Evidence, Plaintiffs' experts should not testify on these counts.  1st Source Bank, 167 F.R.D. at 66.

**B.    Plaintiffs' Experts' Testimony On Right Of Publicity Damages Is Unreliable And Must Be Excluded Under Fed. R. Evid. 702 and 703**

This Court has a duty to screen out junk expert testimony.  In Kumbo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167 (1999), the Supreme Court clarified that the reliability and relevance standards established in Daubert, and the "gatekeeping" obligation imposed by that decision on federal District Court judges, applied to all types of proffered expert testimony, not just "scientific" testimony.  Here, Plaintiffs attempt to use an accountant as the paid mouthpiece for Plaintiffs' own opinions.  Further, Caven concedes that (a) he relies solely

5

upon Plaintiff Gaiman and his counsel for all facts,[1] and (b) he followed no methodology.

Admitting testimony such as this is impermissible under Rule 702.  Moreover, such limited facts

could not possibly be the type reasonably relied upon by experts in the field.  Rule 703.  Expert

testimony by Plaintiffs as to right of publicity damages should therefore be excluded.

Federal Rules of Evidence 702 and 703 were amended in response to the <u>Daubert</u>

standard.

> If scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as
> an expert by knowledge, skill, experience, training, or education, may testify
> thereto in the form of an opinion or otherwise, if (1) the testimony is based upon
> <u>sufficient facts or data</u>, (2) the <u>testimony is the product of reliable principles and
> methods</u>, and (3) the witness has applied the principles and methods reliably to
> the facts of the case.

Rule 702 (emphasis added).  Caven testified that he relied upon only three categories of

information:  (1) a single document <u>selected by Plaintiff</u>, (2) Plaintiff <u>Gaiman's opinions</u> and (3)

statements by Plaintiff Gaiman's counsel.  Caven testified as follows:

> "Q.    . . . In fact, Mr. Caven, my question is, other than that document is there
> anything else other than your discussions with Mr. Gaiman and his
> counsel that forms the basis of the damages analysis you did on the use of
> name claim?
>
> A.    No other additional analysis other than in <u>discussion with counsel and
> Mr. Gaiman that this</u> [Exhibit 207: third party contract with Gaiman] was
> an instance in which he had used his name.  But in fact I think I did talk
> with Mr. Kitchen now that I recall and Mr. Martens and <u>not to the actual
> amount</u> . . . ."

Caven transcript at 192:9-22 (emphasis added).

---

[1] He also "thinks" he spoke with Kitchen (who could not recall any specific discussion) Kitchen transcript at 82:6-10) and Michael Martens, but Caven testified he never discussed specific numbers with either gentleman.  Caven transcript at 192:17-18.

Rule Rule 703 precludes Caven from relying upon Plaintiff Gaiman and counsel's inadmissible hearsay, lay opinion to support his expert opinion, absent some showing that a reasonable expert would do so.  Rule 703 states the following:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a <u>type reasonably relied upon by experts in the particular field in forming opinions</u> or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.  Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Rule 703 (emphasis supplied).

It is Plaintiffs' burden to demonstrate the admissibility of their experts' opinion.  *See e.g.,* <u>Lust v. Merrill Dow Pharmaceuticals, Inc.</u>, 89 F. 3d 594, 598 (9th Cir. 1996).  And, it is this Court's obligation to act as "gatekeeper" to prevent the entry of expert testimony that claims to be based on scientific knowledge, but is, in fact, merely "subjective belief or unsupported speculation."  <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 529 (1993).

**C.**    **<u>Lay Testimony By Plaintiffs On The Subject Of Lanham Act, False Advertising, Damages Or Right Of Publicity Is Precluded By Fed. R. Evid. 701.</u>**

Pursuant to Federal Rule of Evidence 701, a plaintiff may not elicit expert testimony from a lay witness.  Rule 701 states the following:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are[:]
>
> (a)    rationally based on the <u>perception</u> of the witness,
> (b)    helpful to a clear understanding of a witness' testimony or the determination of a <u>fact in issue</u>, and
> (c)    not based on scientific, technical, or other <u>specialized knowledge</u> within the scope of Rule 702."

7

(emphasis added). Plaintiffs inpliedly admit that assessment of damages constitutes "specialized knowledge" requiring expert opinion, else they would not have hired an expert. Plaintiff Gaiman, or any other lay witnesses, should not be permitted to give expert opinion as to damages simply because their experts had no opinion regarding false advertising and Lanham Act damages. Lay testimony should not be permitted to fill the breach in violation of Rule 701.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs' experts' failure to identify any damages suffered by Plaintiffs on the Lanham Act or Wisconsin statutory false advertising counts is sufficient reason to preclude expert testimony on those subject at trial. Moreover, Caven's "hired gun" opinion resting only upon Plaintiff Gaiman's lay opinion statement and counsel's statement do not meet the Daubert standard for reliability. Finally, Plaintiffs, their lay witnesses or counsel should be allowed to contravene Rule 701 of the Federal Rules of Evidence by giving expert testimony.

Dated: September 20, 2002

LA FOLLETTE GODFREY & KAHN

By: _____
Eugenia G. Carter
Todd G. Smith
One East Main Street, Suite 500
Madison, WI 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin, LLP
720 Olive Street, Suite 2400
Saint Louis, MO 63101

8

Tel:  (314) 345-6000
Fax:  (314) 345-6060

Attorneys for Todd McFarlane, Todd McFarlane
Productions, Inc., TMP International, Inc.  and
McFarlane Worldwide, Inc.

R. Scott Feldmann
Brobeck, Phleger & Harrison LLP
38 Technology Drive
Irvine, CA 92618-5312
Tel:  (949) 790-6300
Fax:  (949) 790-6301

Attorneys for Defendant Image Comics, Inc.

MN156954_1.DOC

9

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all counsel of record via hand delivery and regular mail this 20th day of September, 2002, addressed to the following:

Allen A. Arntsen
Jeffrey A. Simmons
Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808
Fax: 608-258-4258

Kenneth F. Levin
Kenneth F. Levin & Associates
20 North Wacker Drive, Suite 2200
Chicago, IL 60606
Fax: 312-977-2990