IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

*145*

DOCKET
NUMBER

U.S. DISTRICT COURT
WEST. DIST. OF WISCONSIN

SEP 2 0 2002

FILED/RECEIVED
JOSEPH W. SKUPNIEWITZ, CLERK

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 02-C-0048-S |
| | ) CASE NUMBER |
| TODD McFARLANE, et al. | ) |
| | ) |
| Defendants-Counterclaimants. | ) |

**03-1461**

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS CONCERNING LIABILITY AND DAMAGES AND PROPOSED VERDICT FORMS

---

Defendants, through their counsel, LaFollette, Godfrey & Kahn, Blackwell Sanders Peper Martin and Brobeck, Phleger & Harrison LLP, hereby submit their proposed jury instructions and proposed verdict forms for the liability and damage phase of this trial. Defendants reserve the right, subject to Court procedures, to modify these proposed instructions in light of subsequent events, including the evidence adduced and admitted at trial.

Dated: September 20, 2002.

LaFOLLETTE GODFREY & KAHN

By _Eugenia G. Carter_
Eugenia G. Carter
Todd G. Smith
Gabriel S. Gross
LaFollette Godfrey & Kahn
One East Main Street, Suite 500
Madison, WI 5370
Tel: (608) 257-39
Fax: (608) 257-06
*An office of Godfr*

03-1461-L12

U.S.C.A. 7th CIRCUIT
FILED

NOV 2 6 2003

GINO J. AGNELLO
CLERK

DOC. #



—and—

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin
720 Olive Street, Suite 2400
St. Louis, MO 63101
Tel:  (314) 345-6000
Fax:  (314) 345-6060

Attorneys for Todd McFarlane, Todd McFarlane
Productions, Inc., TMP International, Inc.  and
McFarlane Worldwide, Inc.

—and—

R. Scott Feldmann
Brobeck, Phleger & Harrison LLP
38 Technology Drive
Irvine, CA 92618-5312
Tel:  (949) 790-6300
Fax:  (949) 790-6301

Attorneys for Defendant Image Comics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 02-C-0048-S |
| TODD McFARLANE, et al. | ) ) | |
| Defendants-Counterclaimants. | ) ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS
## AND PROPOSED VERDICT FORMS

Eugenia G. Carter
Todd G. Smith
Gabriel S. Gross
LaFollette Godfrey & Kahn
One East Main Street, Suite 500
Madison, WI 53701
Tel: (608) 257-3911
Fax: (608) 257-0609

R. Scott Feldmann
Brobeck, Phleger & Harrison, LLP
38 Technology Drive
Irvine, California 92618
Tel: 949-790-6300
Fax: 949-790-6301

Michael A. Kahn
Peter W. Salsich, III
Blackwell Sanders Peper Martin, LLP
720 Olive Street, Suite 2400
Saint Louis, MO 63101
Tel: (314) 345-6000
Fax: (314) 345-6060

Attorneys for Todd McFarlane, Todd
McFarlane Productions, Inc., TMP
International, Inc. and
McFarlane Worldwide, Inc.

September ___, 2002

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS

**I.    PRELIMINARY JURY INSTRUCTIONS**

Defendants' No. 1:    The Parties and the Nature of the Action

**II.    GENERAL INSTRUCTIONS (included for the Court's convenience)**

Court's No. 1:        General

Court's No. 2:        Province of the Jury

Court's No. 3:        All Persons Equal Before the Law

Court's No. 4:        Ignoring Judge's Demeanor

Court's No. 5:        Arguments of Counsel

Court's No. 6:        Objections of Counsel

Court's No. 7:        Stricken Testimony

Court's No. 8:        Preponderance of the Evidence

Court's No. 9:        Evidence in the Case – Stipulations – Inferences Permitted

Court's No. 10:       Evaluation of Evidence

Court's No. 11:       Opinion Evidence – Expert Witness

Court's No. 12:       Expert Testimony:  Hypothetical Question

Court's No. 13:       Depositions and Exhibits – Use as Evidence

Court's No. 14:       Credibility of Witnesses – Discrepancies in Testimony

Court's No. 15:       Impeachment of Witnesses

Court's No. 16:       Inferences Defined – presumption of Regularity – Ordinary Course of Business – Obedience to Law

## III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY

### A.    COPYRIGHT ISSUES

Defendants' No. 2:    Copyright Defined

Defendants' No. 3:    Author of Work; Joint Authors

Defendants' No. 4:    Joint Authorship – Statute of Limitations

Defendants' No. 5:    Copyright in Characters

Defendants' No. 6:    Copyright in Derivative Characters

### B.    BREACH OF CONTRACT

Defendants' No. 7:    Agreement

Defendants' No. 8:    Offer:  Maker

Defendants' No. 9:    Offer Acceptance

Defendants' No. 10:   Offer:  Rejection

Defendants' No. 11:   Offer:  Revocation

Defendants' No. 12:   Definiteness and Certainty

Defendants' No. 13:   Modification by Mutual Assent

Defendants' No. 14:   Modification by Conduct

Defendants' No. 15:   Integration of Several Writings

Defendants' No. 16:   Partial Integration – Contract Partly Written, Partly Oral

Defendants' No. 17:   Contracts:  Subsequent Construction by Parties

Defendants' No. 18:   Waiver of Strict Performance

Defendants' No. 19:   Voidable Contracts:  Duress, Fraud, Misrepresentation

### C.    PROMISSORY ESTOPPEL

Defendants' No. 20:   Promissory Estoppel

### D.    ATTRIBUTION AND RIGHTS OF PUBLICITY/PRIVACY

Defendants' No. 21:    False Advertising – 15 U.S.C. § 1125(a)
Lanham Act – Reverse Passing Off/Elements of a Violation

Defendants' No. 22:    False Advertising – 15 U.S.C. § 1125(a)
Lanham Act (Materially)

Defendants' No. 23:    False Advertising – 15 U.S.C. § 1125(a)
Lanham Act (Harm to Plaintiff)

Defendants' No. 24:    Lanham Act – Statute of Limitations

Defendants' No. 25:    Unfair Trade Practice:  Untrue, Deceptive, or Misleading
Representation:  Wis. Stat. §100.18(1)

Defendants' No. 26:    Wis. Stat. §100.18 Statute of Limitations

Defendants' No. 27:    Wis. Stat. § 895.50/Misappropriation of Name and Identity

### E.    FRAUD COUNTERCLAIM

Defendants' No. 28:    Fraud Counterclaim

### F.    UNJUST ENRICHMENT COUNTERCLAIM

Defendants' No. 29:    Unjust Enrichment Counterclaim

## IV.    CLOSING INSTRUCTIONS

Court's No.  17:    Special Verdict Questions:  Interrelationship

Court's No. 18:    Communications Between Court and Jury During Jury's
Deliberations

Court's No. 19:    Verdict Forms:  Jury's Responsibility

Court's No. 20:    Election of Foreperson – Special Verdict

Court's No. 21:    Unanimous – duty to Deliberate

Court's No.  17:    Special Verdict Questions:  Interrelationship

Court's No. 18:    Communications Between Court and Jury During Jury's
Deliberations

Court's No. 19:          Verdict Forms:  Jury's Responsibility

Court's No. 20:          Election of Foreperson – Special Verdict

Court's No. 21:          Unanimous – duty to Deliberate

## V.   DEFENDANTS' PROPOSED FORM OF VERDICT

# I. PRELIMINARY JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1:

### The Parties and the Nature of the Action

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called plaintiff. In this action the plaintiffs are Neil Gaiman and a company called Marvels and Miracles. The parties against whom the suit is brought are called defendants. In this action the defendants are Todd McFarlane and the companies Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc. and Image Comics, Inc.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, begin in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to this testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. Uou should avoid reading any newspaper articles that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions, you may be excused from the Courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to deter-mine and should be patient even though the case may seem to go slowly.

**Authority:**

Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u> § 70.01 (4th ed. 1987).

## II. GENERAL INSTRUCTIONS

**COURT'S INSTRUCTION NO. 1:**

### General

Now that you have heard the evidence and the closing arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the fats as you find them from the evidence in the case.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## COURT'S INSTRUCTION NO. 2:

### Province of Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintffs and the answer thereto of the defendants. You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

**<u>COURT'S INSTRUCTION NO. 3</u>:**

## All Persons Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons. All persons stand equal before the law and are to be dealt with as equals in the court of justice.

**<u>COURT'S INSTRUCTION NO. 4</u>:**

**Ignoring Judge's Demeanor**

If during the course of this trial you have gained any impression that the Court has a feeling one way or another in this case, then you should completely disregard any such impression.

## COURT'S INSTRUCTION NO. 5:

### Arguments of Counsel

You should consider carefully the arguments of counsel insofar as such arguments as such arguments are based upon the evidence and insofar as such arguments will assist you in arriving at a just verdict. But the arguments and statements of counsel and their conclusions and opinions are not to be considered by you as evidence in this case. It is your duty to draw your own conclusions and your own inferences from the evidence and to decide upon your verdict according to the evidence and under the instructions concerning the law as given to you by the Court.

## COURT'S INSTRUCTION NO. 6:

### Objections of Counsel

Attorneys for the parties not only have the right to object, but also have a duty to object to what they feel are improper questions asked of the witnesses, and no adverse inference is to be drawn from any objection made to any question, or from questions of attorneys which are not permitted to be answered in the course of the trial.

**COURT'S INSTRUCTION NO. 7:**

**Stricken Testimony**

During the trial the Court has ordered parties of the testimony of various witnesses to be stricken.  You are directed to disregard all such testimony.

**COURT'S INSTRUCTION NO. 8:**

### Preponderance of the Evidence

The burden is on the plaintiff in a civil action such as this to prove every essential element of its claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant.  Where defendant asserts an affirmative defense, the burden is on defendant to establish every element of that defense.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence is the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds believe that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## COURT'S INSTRUCTION NO. 9:

### Evidence in the Case – Stipulations – Inferences Permitted

Statements and arguments of counsel are not evidence in the case.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

## COURT'S INSTRUCTION NO. 10:

### Evaluation of Evidence

As the sole judges of the facts you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I may sustain objections to questions asked without permitting the witness to answer or, where an answer has been made, may instruct that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question, nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. such items as I exclude from your consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall admit, even though it be competent. In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to such testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which he or she testifies, because the witness' recollection of the event is faulty, or because the witness; testimony is not expressed clearly in giving his or her testimony. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of

this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness testifies on the stand, the opportunity that the witness had to observe the facts, the probability or improbability of the witness' testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to the witness' testimony. If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of any eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

Circumstantial evidence is proof of certain facts and circumstances from which may be inferred other and connected facts which usually and reasonably follow according to the common experience of mankind.

The value and weight of circumstantial evidence are to be determined from its character and nature and from its relation to all of the other facts otherwise established by the other evidence in the case.

As a general rule the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

**COURT'S INSTRUCTION NO. 11:**

### Opinion Evidence – Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions s to relevant and material matter in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

<u>**COURT'S INSTRUCTION NO. 12**</u>**:**

**Expert Testimony:  Hypothetical Questions**

During the trial an expert witness was told to assume that the certain facts were true and then was asked for his or her opinion based upon that assumption.  This is called a hypothetical question.  Such an opinion is only pertinent insofar as the assumed facts upon which it is based are true and correct.  If you find that the facts stated in the hypothetical question have not been proven, then the opinion based therein is not to be given any weight.

<u>**COURT'S INSTRUCTION NO. 13**</u>**:**

**Depositions and Exhibits – Use as Evidence**

During the trial of this case certain testimony has been read to you by way of deposition, consisting of sworn recorded answers to questions asked of the witnesses in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness may under certain circumstances be presented in writing, under oath, in the form of a deposition. Such testimony is entitled to the same consideration, and is to be judged as to credibility, weight, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had testified from the witness stand.

During the trial, I have received certain exhibits into evidence. These exhibits are evidence for you, the jury, to consider with other evidence admitted through testimony.

**COURT'S INSTRUCTION NO. 14:**

### Credibility of Witnesses – Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Tow or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error r intentional falsehood.

After making your own judgment you will give the testimony of each witness such weight, fi any, as you may think it deserves.

## COURT'S INSTRUCTION NO. 15:

### Impeachment of Witness

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may thin it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such a witness' testimony in other particulars; and you may reject all the testimony of that witness, or give it such credibility as you may think it deserves.

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at trial may be considered for the sole purpose of judging the credibility of he witness; but may never be considered as evidence or proof of the truth of any such statement.

Where, however, the witness is a party to the case and by such a statement or other conduct admits some fact or facts against his or her interest, then such statement or other conduct may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

As act or omission is knowingly done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

**COURT'S INSTRUCTION NO. 16:**

**Inferences Defined – Presumption of Regularity – Ordinary Course of Business – Obedience to Law**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inference as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

### III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY
### A.  Copyright Issues

## DEFENDANTS' PROPOSED INSTRUCTION NO. 2:

### Copyright Defined[1]

The term "copyright" is the name for protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others.  The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer.  However, as used in the law of copyright, the term embraces any creator of an original work protected by the copyright laws whether a writer, artist, or musician.  The author of a copyrighted work is the owner of the copyright in that work.  The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright.  The owner of the copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, pictorial work, graphic work, motion picture, audiovisual work, and would include comic books, the works at issue in this case.  Only the specific expression of an idea can be copyrighted.  Ideas, themes and concepts are not copyrightable, and the owner of a work may not prevent others from using the ideas, themes and concepts in the work.

---

**Authority:**

[1] Model Federal Jury Instructions Civil 86B-1 (modified).  *See also* Model Federal Jury Instruction 86B-11 (Modified).

17 U.S.C. §§ 101, 102, 106, 901.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3:

### Author of Work; Joint Authors[1]

When an "author," meaning any creator, creates an original work, copyright exists automatically in the work at the moment of its creation.

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. Each of the authors of a joint work must have (1) intended that their contributions be merged into inseparable or interdependent parts of a unitary whole, and (2) the material contributed to the joint work by each author must have been independently copyrightable. The purported co-author's contributions must be significant both in quality and quantity in order to permit an inference that the parties intended a joint work. In deciding whether the parties intended their contributions to be merged, you may also consider the following factors: (1) whether both parties exercised effective control over the work; (2) whether both parties made objective manifestations of a shared intent to be co-authors during the creative process, for instance by publicly expressing an intent that the work is their shared project; and 3) whether the audience appeal of the work depends on the contribution of each party and the share of each's contribution in the work's success cannot be appraised. The intent to be joint authors must exist at the time the work is created and not at some later date. Each author of a joint work shares an undivided interest in the entire joint work. An owner of

---

**Authority:**

[1] 17 U.S.C. §§ 101, 102(a), 106, 201(a), 501; *Erickson v. Trinity Theatre Inc.*, 13 F.2d 1061 (7th Cir. 1994); Nimmer on Copyrights § 6.03.

copyright in a joint work may enforce the right to exclude others in an action for copyright infringement.

---

Model Federal Jury Instruction Civil 86B-2 (modified) (citing *Aalmuhammed v. Lee,* 202 F.3d 1227, 1234 (9th Cir. 2000); Ninth Circuit Model Civil Jury Instructions, 20.7.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4:**

### Joint Authorship – Statute of Limitations

Authors claiming ownership to a work must bring any such claim within three years after its accrual.[1]  A copyright ownership claim accrues, that is, the three-year clock begins to "tick," when a reasonably diligent person learned, or by reasonable diligence could have learned of his or her cause of action.[2]  Reasonable diligence means such diligence as the majority of persons would use in the same or similar circumstances.  Plaintiff may not close his yes to information reasonably accessible to him and must in good faith apply his attention to those particulars which may be inferred to be within his reach.[3] Accrual of a copyright ownership claim is marked by someone else's express assertion of sole copyright ownership of the work at issue.[4]  The following factors are among those you should consider in determining whether the Plaintiff Neil Gaiman should have learned that Todd McFarlane Productions, Inc. was claiming sole copyright in the *Spawn* Issues 9, 26 and the *Angela* series:  (1) copyright notices on the works asserting ownership by someone other than Plaintiff[5]; (2) plaintiffs' receipt of or access to the works that

-------------------

**Authority:**

[1] 17 U.S.C. § 507(b).

[2] *Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983).

[3] *Schimpf, et al.v. Gerald, Inc.. et al.*, 52 F. Supp 2d 976, 1007 (E.D. Wis. 1999) quoting *Stroh Die Casting v. Monsanto Co.*, 177 Wis. 2d 91, 103 (Ct. App. 1993); *See also Ballard, et al. v. Citizens Cas. Co. of New York*, 196 F.2d 96, 100 (7th Cir. 1952).

[4] *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996).  Nimmer on Copyright §12.05[C].

[5] *Zuill*, 80 F.3d at 1368.

carried copyright notices asserting ownership by someone other than plaintiff; (3) copyright

registrations by the party asserting ownership.[6]

---

[6] *Willsea v. Theis*, 1999 U.S. Dist. LEXIS 22471 at *13-*14 (SD.N.Y. 1999); *Margo v. Weiss*,
1997 U.S. Dist. LEXIS 20867 at *14-*15 (S.D.N.Y. 1998).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5:

### Copyright in Characters

Whether the Plaintiff Neil Gaiman has joint copyright ownership in 3 characters that first appear in *Spawn* Issue 9, Medieval Spawn, Cogliostro and Angela, is an issue in this case. Visually depicted characters are generally copyrightable. But, literary characters are copyrightable only if the verbal portrait of the character created by the writer sufficiently develops and delineates the character beyond a general character type.[1] To be separately protectible, a character developed through words only must constitute the story being told and not serve merely as a chessman in the act of telling the story.[2] The more fleshed out the character is the more likely it is to embody expression which is protectible under copyright law instead of simply an idea which is not protected by copyright law.[3]

---

**Authority:**

[1] Nimmer on Copyright § 2.12; citing *Nicols v. Universal Pictures Corp.*, 45 F.2d 119 (2nd Cir. 1930).

[2] *Warner Bros. Pictures, Inc. v. Columbia Broadcasting Sys. Inc.*, 215 F.2d 945 (9th Cir. 1954); *Warner Bros. Inc. v. American Broadcasting Cos.*, 530 F. Supp 1187 (S.D.N.Y. 1982); *Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 616 (2d Cir. 1982).

[3] *Becker v. Loew's Inc.*, 133 F.2d 889, 892 (7th Cir. 1943); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2nd Cir. 1930); See also *Atari v. N.A.M. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 617 (7th Cir. 1982).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6:**

**Copyright in Derivative Characters**

Gaiman contends that the character Medieval Spawn is entitled to copyright protection as a derivative work. The term "derivative work" refers to a work that recasts, transforms, or adapts a pre-existing work into a new form, such as a translation, dramatization, fictionalization, or abridgement. A work consisting of editorial revisions, annotations, elaborations, or other modification which, as a whole, represent an original work of authorship, is a derivative work.[1] Copyright protection for the derivative work extends only to that portion of the work contributed by the derivative work's author, not to the underlying work.[2] A derivative work is copyrightable, however, only if it contributes original authorship to the underlying work. To be entitled to copyright protection as a derivative work, the character Medieval Spawn must have additional original features, different from those of the underlying character Spawn, that would entitle the character Medieval Spawn to copyright protection as an original character.[3]

---

**Authority:**

[1]  Federal Jury Instruction 86B-6.

[2] Federal Jury Instruction 86B-12 (modified); *Montgomery v. Noga*, 168 F.3d 1282, 1289-91 (11th Cir. 1999); *Sherry Mfg. Co. v. Towel King of Florida Inc.*, 753 F.2d 1565 (11th Cir. 1985); 1 Nimmer, Nimmer on Copyrights §3.03.

[3] *Gracen v. Bradford Exchange*, 698 F.2d 300 (7th Cir. 1983); *Nicols v. Universal Pictures Corp.*, 45 F.2d 119 (2nd Cir. 1930).

### III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY
### B.  Breach of Contract

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7:

### Agreement

For a contract to be binding, three things must concur:  first, the offer; second, the acceptance; and third, the consideration.

For the parties to come to an agreement, it is necessary that there be a meeting of the minds of the parties upon the essential terms and conditions of the subject about which they are agreeing; that is, they must be in accord upon the essential terms and conditions.  There must be a mutual assent.

The language used and the conduct of the parties must be such as to disclose sufficiently the fact that the minds of the parties have met, or have been in accord, on all the terms of the agreement, or, in other words, disclose the fact that there has been a mutual assent.  One party cannot make an agreement; both parties must, by their words or actions, assent to the agreement.

Usually the form of an agreement is that one party makes an offer and the other party accepts the offer.

An agreement may be written, oral, or partially written and partially oral.

_____

**Authority:**

Wis JI-CIVIL 3010.

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 8:</u>**

## Offer: Maker

The person making an offer is called the offeror; the person to whom the offer is made is called the offeree.

An offer is a communication by an offeror of what he or she will give or do in return for some act or promise of the offeree. An offer may be addressed to a particular individual or to the public, but must look to the future and be promissory in nature.

A mere expression of intention, opinion, or prophecy is not an offer. A communication intended merely as a preliminary negotiation or willingness to negotiate is not an offer.

While no particular form of words or mode of communication is necessary to create an offer, it must reasonably appear that the alleged offeror has agreed to do the thing in question for something in return. An offer must be so definite in its terms, or require such definite terms in acceptance, that the promises and performances to be rendered by each party are reasonably certain.

When an offer is made, it is presumed to continue for the period of time expressed or, if no time limit is expressed, for a reasonable time.

---

**<u>Authority:</u>**

Wis JI-CIVIL 3012.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9:

### Offer: Acceptance

To create a contract, an offer must be accepted by one having the right to accept, while the offer is still open.  Acceptance of an offer is an assent by the offeree to its terms without qualification; acceptance may be made by a communication to the offeror, either in writing or orally; acceptance may also be implied from the conduct of the parties.

If the offer requires the acceptance to be communicated to the offeror in a specified manner, there is an effective acceptance if the acceptance is made in that manner.  If the manner of communicating the acceptance has not been specified, any reasonable manner or means of communication may be used.  In either case, if actual notice of the acceptance reaches the offeror while the offer is still open, it makes no difference how it reached the offeror.

An attempted acceptance coupled with any condition that varies or adds to the offer amounts to a rejection of the offer and is instead the submission of a counteroffer.  However, a mere suggestion, inquiry, or request which is not made a condition of acceptance and which does not vary the terms of the offer will not defeat the acceptance.

An offeree has a right to make no reply to an offer, and his or her silence or inaction cannot be construed as an acceptance unless the relationship between the parties has been such as to give the significance of an acceptance to silence or inaction.

If the offer asks the offeree for a promise, the making of the promise is an acceptance.  If the offer asks the offeree for an act, the commencement of the act by the offeree is the acceptance.

---

**Authority:**

Wis JI-CIVIL 3014.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10:**

**Offer:  Rejection**

Failure of the offeree to accept the offer either according to its material terms, or within a reasonable time, may be treated as a rejection.  Having once rejected the offer, the offeree cannot revive it by subsequently tendering an acceptance.

---

**Authority:**

Wis JI-CIVIL 3016.

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 11:</u>**

**Offer:  Revocation**

An offer may be revoked by a communication from the offeror received by the offeree before the offeree accepts, which communication states or implies that the offer is withdrawn.

---

**<u>Authority:</u>**

Wis JI-CIVIL 3018.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12:

### Definiteness And Certainty

A vague or indefinite agreement is not enforceable as a contract. The subject of the agreement, the object to be accomplished, and the requirements as to performance must be clear.

It is not enough that the parties think they have made a contract if they have not expressed their intentions in a manner that can be understood. It is not even enough that they have actually agreed on some matter or matters if their expression of agreement, when interpreted in the light of accompanying facts and circumstances, is not such that the essential terms of the contract can be determined. For example, an agreement which provides only that one party is to receive something but which does not supply, either expressly or by implication, any standard by which performance can be measured is unenforceable due to indefiniteness and uncertainty.

If it is apparent that the parties intended to enter into a contract, and if the conduct of the parties in the surrounding circumstances will reasonably permit omitted terms to be inferred, the contract is not indefinite. But where the parties have indicated an intention to leave some essential matter to be agreed upon in the future, no provision as to that matter omitted can be inferred, for the jury may neither write nor rewrite an agreement between the parties, nor supply any essential term.

Where the parties disagree in their recollection concerning the provisions of an oral contract, the jury must determine what the provisions were.

―――――――――――――――――

**Authority:**

Wis JI-CIVIL 3022.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 13:

### Modification by Mutual Assent

One party to an existing contract cannot alter its provisions without the consent of the other party. In order that any new provisions may become part of an existing contract, it is necessary that there be a meeting of the minds of the parties on all essential terms and conditions of the new provisions. The parties must agree that the new provisions are to be made part of the existing contract. The usual procedure in modifying a contract is for one party to propose a modification and for the other party to assent to the proposal.

A modification of a contract may be written, oral, or partially written and partially oral. Regardless of whether a prior contract is oral or written, it may be modified orally.

To constitute a modification, the language used and the conduct of the parties must show that there has been a meeting of the minds of the parties on all terms of the contract modification.

_____

**Authority:**

Wis JI-CIVIL 3030.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14:**

### Modification by Conduct

If you determine that one party to a contract has performed in a manner differing from the strict obligations imposed on him or her by the contract, and the other party by conduct or other means of expression induced a reasonable belief by the first party that strict performance was not insisted upon, but that the modified performance was satisfactory and acceptable as equivalent, you may then conclude that the parties have assented to a modification of the original terms of the contract and that the parties have agreed that the different mode of performance will satisfy the obligations imposed on the parties by the contract.

The acts which are relied upon to show modification of a contract may not be ambiguous in character. Acts which are ambiguous, and which are consistent either with the continued existence of the original contract or with a modification, are not sufficient to establish a modification.

_____

**Authority:**

Wis JI-CIVIL 3032.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15:

### Integration of Several Writings

Separate writings that have been executed at or about the same time between the same parties and in relation to a common transaction may be considered as one agreement which is known as an integrated contract.  It is for the jury to determine whether or not the separate writings were intended by the parties to be an integrated contract.

Writings executed at the same time as one transaction in order to effectuate a single purpose, and referring to one another, must be considered together as an integrated contract.

Separate writings which constitute an integrated contract must be construed together as to all persons who had notice of their contents and their relation to each other for the purpose of determining the character of the transaction and the true intent and agreement of the parties.

To be taken together as evidencing an integrated contract, the writings must not only relate to a common transaction, but must have the same objective.  It is for the jury to determine the overall agreement of the parties from the several writings.

---

**Authority:**

Wis JI-CIVIL 3040.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 16:

### Partial Integration - Contract Partly Written, Partly Oral

A contract may be partly written and partly oral.  It is for the jury to determine whether the oral and written provisions were intended by the parties to be an integrated contract.

In determining whether the oral and written provisions were intended by the parties to constitute an integrated contract, you are cautioned that prior or concurrent oral provisions which contradict the written provisions cannot be considered by you.

_____

**Authority:**

Wis JI-CIVIL 3042.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 17:

### Contracts:  Subsequent Construction by Parties

Whether the parties to a contract gave it a particular construction is to be regarded by you in giving effect to the provisions of the contract.  The subsequent acts of the parties, showing the construction that they themselves have put upon the agreement, are to be considered by you for the purpose of assisting you in arriving at a determination of what the arrangement was between the parties.

_____

**Authority:**

Wis JI-CIVIL 3050.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 18:**

### Waiver of Strict Performance

A party to a contract may waive strict and full performance of any provisions made for his or her benefit. To be effective, however, a waiver must be the voluntary and intentional relinquishment of a known right. Contract provisions may be waived expressly or the waiver may be inferred from the conduct of the parties.

If performance under a contract is defective but a party consents to such performance with knowledge of the circumstances and, after full opportunity for examination, that party fails to give timely notice of the defect to the performing party, any requirement of strict performance is deemed to be waived.

---

**Authority:**

Wis JI-CIVIL 3058.

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 19:</u>**

**Voidable Contracts:  Duress, Fraud, Misrepresentation**

There must be full and free consent by the parties to the terms of a contract.  If consent of a party is gained through duress, fraud, or misrepresentation, that party may either avoid or ratify the contract.

--------------------------------

**<u>Authority:</u>**

Wis JI-CIVIL 3068.

### III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY
### C.  Promissory Estoppel

**DEFENDANTS' PROPOSED INSTRUCTION NO. 20:**

**Promissory Estoppel**

This case involves a claim by the plaintiffs against the McFarlane Defendants based upon alleged promissory estoppel.  In this claim, the plaintiffs seek to enforce a promise they allege was made by the McFarlane Defendants.

The plaintiffs must prove the following three elements to support their promissory estoppel claim:

(1)    a promise made by the McFarlane Defendants that the McFarlane Defendants reasonably expected would induce action or forbearance of a definite and substantial character on the part of Gaiman;

(2)    definite and substantial action or forbearance on the part of Gaiman; and

(3)    injustice which can only be avoided by enforcement of the promise.

_____

**Authority:**

*Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 698, 133 N.W.2d 267, 275 (1965); *U.S. Oil Co., Inc. v. Midwest Auto Care Services, Inc.*, 150 Wis. 2d 80, 89, 440 N.W.2d 825, 828 (Ct. App. 1989).

### III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY
### D.  Attribution and Rights of Privacy/Misappropriation of Name

## DEFENDANTS' PROPOSED INSTRUCTION NO. 21:

### False Advertising – 15 U.S.C. § 1125(a)
### Lanham Act – Reverse Passing Off/Elements of a Violation

The plaintiffs claim that the defendants engaged in "reverse passing off" under 43(a) of

the Lanham Act by failing to give Mr. Gaiman authorship credit for his contributions to *Spawn*

Issue 26 and *Pathways to Judgment*.  Reverse passing off occurs when one party sells another's

product as its own; thus confusing the public and damaging the Plaintiff. [1]  In order to find that

defendants violated the § 43(a) Lanham Act, plaintiff Neil Gaiman must prove by a

preponderance of the evidence that

    (1)    the defendants made a false or misleading statement of fact in advertising about *Spawn* Issue 26 and *Pathway to Judgment*;

    (2)    the false or misleading statement actually deceived or is likely to deceive the public as to the source of the product;

    (3)    the false or misleading statement is material to the buyer's decision to purchase the product;

    (4)    the false or misleading statement concerns products entering interstate commerce; and

    (5)    that the false or misleading statement results in actual or probable injury to the plaintiff Neil Gaiman.[2]

---

**Authority:**

[1] 15 U.S.C. § 1125(a)(1)(B); *Kennedy v. National Juvenile Justice Ass'n*, 187 F.3d 690, 695-96 (7th Cir. 1999) (citing Nimmer, § 8D.03[A][1]).

[2] *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999); *Hot Wax, Inc. v. Warsaw Chem. Co., Inc.*, 45 F. Supp. 2d (N.D. Ill. 1999)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 22:**

**False Advertising – 15 U.S.C. § 1125(a)**
**Lanham Act (Materiality)**

In order to find defendants have violated § 43 of the Lanham Act, you also must find that plaintiff Neil Gaiman has proved by a preponderance of the evidence that the defendants' false or misleading statement was material to the purchasing decisions of a substantial segment of the advertisement's audicence.  A false or misleading statement is material to the purchasing decision of customers if it would have some effect upon the consumers' purchasing decisions.[1]

_____

**Authority:**

[1]*National Basketball Association v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997); *Hot Wax, Inc. v. Warsaw Chemical Co., Inc.*, 45 F.Supp.2d 635, 645 (N.D. Ill 1999); 4 *McCarthy on Trademarks and Unfair Competition*, 4th Ed. § 27:35 at 27-55.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 23:**

**False Advertising – 15 U.S.C. § 1125(a)**
**Lanham Act (Harm to Plaintiff)**

Finally, even if you find that the failure to attribute authorship to plaintiff Neil Gaiman meets all of the other criteria necessary for a finding of a violation of § 43 of the Lanham Act, you cannot find that defendant committed such a violation unless you also find that Neil Gaiman has proven by a preponderance of the evidence that he has been harmed or is likely to be harmed by defendants' failure to provide attribution. Neil Gaiman must show either that he actually has been harmed by defendants or that it is likely that consumers will be confused by defendants' failure to make attribution.[1]

---

**Authority:**

[1] *Web Printing Controls, Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204-05 (7th Cir. 1990); *Criticare Systems, Inc. v. Nellcor, Inc.*, 856 F. Supp. 495, 507 (E.D. Wis. 1994).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 24:

### Lanham Act – Statute of Limitations[1]

The plaintiff has three years after the occurrence of the failure to attribute authorship to bring a court action,[2] regardless of when he actually discovered the injury.[3] If you find that the harm suffered by Mr. Gaiman was discrete and discoverable at the time the defendants initially failed to attribute authorship, and nothing prevented Mr. Gaiman from filing suit at that time, then his cause of action is barred.[4]

---

**Authority:**

[1] The limitations period for Lanham Act claims is borrowed from the most closely analogous cause of action under state law. *Kason Indus. v. component Hardware Group*, 120 F.3d 1199, 1203-04 (11th Cir. 1997); *Zenith Elecs. Corp. v. ExZec Inc.*, 1997 U.S. Dist. LEXIS 20762 at *23-*24 (N.D. Ill. Dec. 22, 1997); *Gaiman et al. v. Todd McFarlane, et al.*, Memorandum and Order, p. 4 (W.D. WI August 22, 2002).

[2] Wis. Stat. § 100.18(11)(b)3.

[3] *Kain v. Bluemod East Indus. Park, Inc.*, 248 Wis. 2d 172, 181–82, 635 N.W.2d 640, 645 (Wis. Ct. App.. 2001).

[4] *Heard v. Sheahan*, 253 F.3d 316, 320 (7th Cir. 2001) (holding that if "the damages from each discrete act of discrimination would be readily calculable without waiting for the entire series of acts to end," the continuing tort doctrine does not relieve a plaintiff of a statute of limitations bar); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999) ("The continuing violation doctrine is applicable only if it would have been unreasonable to expect the plaintiff to sue before the statute ran on the conduct . . . ."); *Wilson v. Giesen*, 956 F.2d 738, 743 (7th Cir. 1991) ("The [continuing wrong] theory . . . is not suited to cases such as this, where the harm is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress."); *Forster Music Publisher, Inc. v. Price Stern Sloan, Inc.*, No. 93-CV-4487, 1995 U.S. Dist. LEXIS 5359, at * 4–*5 (N.D. Ill. April 21, 1995) ("[The continuing wrong doctrine] does not protect a plaintiff who knew or should have known of the violation, but nonetheless failed to come forward and file suit at an earlier time.").

## DEFENDANTS' PROPOSED INSTRUCTION NO. 25:

**Unfair Trade Practice:  Untrue, Deceptive, or Misleading
Representation:  Wis. Stat. § 100.18(1)**

To constitute an untrue, deceptive, or misleading representation in this case, plaintiffs

must prove the following elements:

First, defendants made, published, or placed before one or more members of the public

an advertisement, announcement, statement, or representation concerning the authorship of

*Spawn* Issue 26 and *Pathways to Judgment* that was untrue, deceptive, or misleading.  A

representation is untrue if it is false, erroneous, or does not state or represent things as they are.

A representation is deceptive or misleading if it causes a reader or listener to believe something

other than what is in fact true or leads to a wrong belief.

Second, the defendants' intent was to confuse consumers and induce them to purchase

*Spawn* Issue 26 or *Pathways to Judgment*.

Third, Plaintiff sustained a monetary loss as a result of the false or misleading

representation.

_____

**Authority:**

Based upon WI-JI-Civil 2418; *Kailin v. Armstrong*, 2002 WI App 70, ¶¶ 27-30, 643 N.W. 2d
132, 149; *Wisconsin v. American TV & Appliance of Madison Inc.*, 146 Wis. 2d 292, 300 (1988)
(Ct. App. 2002).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 26:

### Wis. Stat. § 100.18 Statute of Limitations

The state False Advertising Law § 100.18(1) requires that an action must be commenced within three (3) years of the occurrence of the unlawful act or practice which is the subject of the action. If more than three years have passed since the act complained of, the action is time barred, regardless of when the plaintiff actually discovered he had an injury.[1] If you find that the harm suffered by Mr. Gaiman was discrete and discoverable at the time the defendants published the issues in question, then his cause of action is barred according to Wisconsin law.[2]

---

[1] *Kain v. Bluemond East Indus. Park, Inc.*, 248 Wis. 2d 172, 181-82, 635 N.W.2d 640, 645 (Wis. Ct. App. 2001).

[2] *Heard v. Sheahan*, 253 F.3d 316, 320 (7th Cir. 2001) (holding that if "the damages from each discrete act of discrimination would be readily calculable without waiting for the entire series of acts to end," the continuing tort doctrine does not relieve a plaintiff of a statute of limitations bar); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999) ("The continuing violation doctrine is applicable only if it would have been unreasonable to expect the plaintiff to sue before the statute ran on the conduct . . . ."); *Wilson v. Giesen,* 956 F.2d 738, 743 (7th Cir. 1991) ("The [continuing wrong] theory . . . is not suited to cases such as this, where the harm is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress."); *Forster Music Publisher, Inc. v. Price Stern Sloan, Inc.*, No. 93-CV-4487, 1995 U.S. Dist. LEXIS 5359, at * 4-*5 (N.D. Ill. April 21, 1995) ("[The continuing wrong doctrine] does not protect a plaintiff who knew or should have known of the violation, but nonetheless failed to come forward and file suit at an earlier time.").

<u>**DEFENDANTS' PROPOSED INSTRUCTION NO. 27:**</u>

**Wis. Stat. § 895.50/Misappropriation of Name and Identity**[3]

Every person in Wisconsin enjoys a right of privacy. In this case, plaintiff Neil Gaiman contends that his right of privacy was unreasonably invaded by the defendants, Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., McFarlane Worldwide, Inc., and Image Comics, Inc., by their use of Mr. Gaiman's name and biographical information for advertising purposes on the cover of *Angela's Hunt* without having first obtained his written consent. If you find that Mr. Gaiman in fact consented to the defendants' use of his name, then his privacy was not unreasonably invaded and his cause of action is barred under Wisconsin law.

--------------------------

**<u>Authority:</u>**

[3] Wis. Stat. § 895.50(2)(b) (1999-2000);

Wis. JI-Civil 2550 (The comment to this model jury instruction reads, "… § 895.50(2)(a) and (b) describe invasions of privacy which do not warrant a standard instruction in that *the subject matter of these paragraphs are self-explanatory and in most instances, liability under these two sections will be decided by one fact question [namely consent]* which contains a description of the privacy invasion set out in the statute.") (emphasis added).

### III.    SUBSTANTIVE INSTRUCTIONS: LIABILITY
### E.  Fraud Counterclaim

**DEFENDANTS' PROPOSED INSTRUCTION NO. 28:**

The McFarlane Defendants have asserted a counterclaim against plaintiff Neil Gaiman asserting that he engaged in intentional deceit when he represented the terms of his DC Comics contracts.  The McFarlane Defendants must prove five elements to support their fraud claim against Mr. Gaiman.

First, that Gaiman made a representation of fact.  Representations of fact do not have to be in writing or by word of mouth, but may be by acts of conduct on the part of Gaiman or even by silence if there is a duty to speak.  A duty to speak may arise when information is asked for; or where the circumstances would call for a response in order that the parties may be on equal footing; or where there is a relationship of trust or confidence between the parties.

An expression of opinion which either indicates some doubt as to the speaker's belief in the existence of a state of fact, or merely expresses the speaker's judgment on some matter, such as quality, value, authenticity and the like, does not constitute a representation of fact.  However, a statement of opinion, which carries with it an implied assertion that the speaker knows that the facts exist which support the speaker's opinion, may, in your discretion, be determined by you to be a representation of fact.  In making your determination, you may consider the form and manner of expression or the disparity of knowledge between the parties of the underlying facts or the existence of a trust or confidence relationship between the parties.

Secondly, that such representation of fact was untrue.

Thirdly, that such untrue representation was made by Gaiman knowing the representation was untrue or recklessly without caring whether it was true or false.  Representations made by a

person who is conscious that he or she has no sufficient basis of information to justify them are reckless.

Fourthly, that Gaiman made the representation with intent to deceive and induce the McFarlane Defendants to act upon it to their pecuniary damage.

Fifthly, that the McFarlane Defendants believed such representation to be true and relied on it. It is not necessary that the representation made be of such character as would influence the conduct of a person of ordinary intelligence and prudence. Representations are to be tested by their actual influence on the person to whom made not upon the probable effect of such representation upon some other person. In determining whether the McFarlane Defendants actually relied upon the representations, the test is whether they would have acted in the absence of the representation. It is not necessary that you find that such reliance was the sole and only motive inducing the McFarlane Defendants to enter into the transaction. If the representations were relied upon and constitute a material inducement, that is sufficient.

If you find, however, that the McFarlane Defendants or the person to whom the representations were made knew them to be untrue, then there can be no justifiable reliance as nobody has the right to rely upon representations that he or she knew were untrue.

Nor can there be justifiable reliance if the McFarlane Defendants relied on representations which they should have recognized at once as preposterous or which are shown by facts within their easy observation and their capacity to understand to be so patently and obviously untrue that they must have closed their eyes to avoid discovery of the truth.

The McFarlane Defendants are not required before relying upon the representation of fact to make an independent investigation.

_____

**Authority:** Wis JI-Civil 2401.

### III.    SUBSTANTIVE INSTRUCTIONS:  LIABILITY
#### F.  Unjust Enrichment Counterclaim

**DEFENDANTS' PROPOSED INSTRUCTION NO. 29:**

#### Unjust Enrichment Counterclaim

This case involves a claim based upon alleged unjust enrichment, pertaining to materials given by McFarlane to Gaiman related to *Miracleman*.  A claim of unjust enrichment does not arise out of an agreement entered into by the parties, but rather depends on the law that as between the parties, a person unjustly enriched by the conduct or efforts of the other, must pay for the benefit conferred or return it.

The McFarlane Defendants must prove three elements to support their fraud claim against Mr. Gaiman:

(1)    a benefit conferred upon Gaiman by McFarlane;

(2)    knowledge or appreciation of the benefit by Gaiman; and

(3)    acceptance and retention by Gaiman of the benefit under circumstances in which it would be inequitable for him to retain it, without paying the value thereof.

It is not necessary to prove that Gaiman was at fault or guilty of wrongdoing in any way, but it must be established that as between the parties, it would be unjust and unconscionable for Gaiman to retain the benefit without paying the reasonable value thereof.

A benefit to Gaiman may be services rendered for him, goods or merchandise received by him, or money paid to him or someone else on Gaiman's behalf.

A loss to McFarlane without an actual benefit to Gaiman is not recoverable as an unjust enrichment.

If a person declines in advance a benefit to be conferred by another, then the person conferring the benefit may not recover for unjust enrichment.

---

**Authority:**

Based on Wis JI-Civil 3028.

## IV.  CLOSING INSTRUCTIONS

**COURT'S INSTRUCTION NO. 17:**

### Special Verdict Questions:  Interrelationship

Certain questions in the special verdict are only to be answered in the event that you answered a preceding question in a certain manner.

Read the introductory portion of each question very carefully before you undertake to answer it.  Do not needlessly answer questions.

**COURT'S INSTRUCTION NO. 18:**

### Communications between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any persons – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you until after you have reached an unanimous verdict.

<u>**COURT'S INSTRUCTION NO. 19**</u>:

**Verdict Forms – Jury's Responsibility**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

<u>**COURT'S INSTRUCTION NO. 20**</u>:

**Election of Foreperson – Special Verdict**

Upon retiring to the jury room you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesman here in Court. The form of special verdict which I have read to you has been prepared for your convenience. You will take this form to the jury room.

**COURT'S INSTRUCTION NO. 21:**

**Verdict – Unanimous – Duty to Deliberate**

The verdict must represent the considered judgment of each juror.  n order to return a verdict it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.