# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and MARVELS AND MIRACLES, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>TODD MCFARLANE; TODD MCFARLANE PRODUCTIONS, INC.; TMP INTERNATIONAL, INC.; MCFARLANE WORLDWIDE, INC.; and IMAGE COMICS, INC.,<br><br>*Defendants.* | Case No.   02-C-0048-S<br>(Judge Shabaz)<br><br>**DEFENDANT IMAGE COMICS, INC.'S NOTICE OF MOTION AND MOTION TO AMEND SECOND AMENDED JUDGMENT AND ORDER DENYING FEES PURSUANT TO RULE 54(b) OR, IN THE ALTERNATIVE, RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

CROWELL & MORING LLP
R. Scott Feldmann
(*pro hac vice*)
Thomas E. Dietrich
(*pro hac vice* application pending*)*
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:   (949) 263-8400
Facsimile:    (949) 263-8414

Attorneys for Defendant
Image Comics, Inc.

PLEASE TAKE NOTICE that Defendant Image Comics, Inc. ("Image"), by and through its counsel, hereby moves the Court pursuant to Rule 54(b) or, in the alternative, Rule 60(b) of the Federal Rules of Civil Procedure ("Federal Rules") to:

1. Vacate the injunction in the Second Amended Judgment requiring Image to provide an author's credit to Plaintiff Neil Gaiman ("Gaiman") on the *Spawn* Issue 26 comic book and reprints of the same;

2. Reverse the order denying Image's request for attorneys' fees ("Fees Order") and amend the Fees Order to grant Image its previously sought attorneys' fees and costs in the amount of $38,310.30; and

3. Reverse the ruling in the Second Amended Judgment for Gaiman and against Image on the right of publicity claim, vacate the grant of damages and fees on that claim, and vacate the related injunction prohibiting Image from publishing or distributing the *Angela's Hunt* trade paperback using Gaiman's name or biographical information.

The Court's unfinalized Second Amended Judgment and Fees Order are now contrary to: (1) **unanimous** Supreme Court precedent barring Lanham Act reverse passing-off claims as inconsistent with, and preempted by, copyright law, (2) **four** Seventh Circuit decisions supporting a copyright defendant's right to attorneys' fees, and (3) a persuasive Eighth Circuit opinion protecting the all-important right to free speech over celebrities' right to payment for use of public facts.

Specifically: (1) The injunction requiring Image to credit Gaiman as an author of *Spawn* Issue 26 (and reprints of the same) is directly contrary to the Supreme Court's unanimous *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) decision. *Dastar* prohibits reverse passing-off Lanham Act claims against a publisher based upon communicative works. Such Lanham Act claims are inconsistent with copyright moral rights attribution claims, which exclude literary works. (2) Repeated rulings by the Seventh Circuit establish that the Court failed to apply the requisite "very strong" presumption in favor of Image when determining whether Image should be awarded attorneys' fees incurred combating Plaintiffs' subsequently

dismissed copyright claims.  (3) Furthermore, applying persuasive First Amendment authority from the Eighth Circuit reveals that Image's use of Gaiman's public biographical facts to describe the *Angela's Hunt* trade paperback Gaiman wrote is protected First Amendment speech that trumps Gaiman's right of publicity claim.  The Court's award of damages, attorneys' fees, and an injunction barring Image from publishing or distributing the *Angela's Hunt* (and reprints of the same) is against established First Amendment law and would create dangerous precedent if not reversed.

Image unsuccessfully argued for all of these points of law before and at trial.  Because a final judgment has not yet been entered and the time for appeal has not yet come, Image moves this Court to use the powers provided by Rule 54(b) of the Federal Rules to amend the Second Amended Judgment and Fees Order to conform with today's precedent.  Doing so may avoid an unnecessary appeal, where reversal of substantial portions of the Second Amended Judgment and the decision to deny fees is nearly certain, and will further judicial economy.  On new points of law such as these, Image arguably must afford the trial court every opportunity to cure error or Image risks forfeiting the ability to pursue an appeal on these points.  *See Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1117 (Fed. Cir. 2008).

Even if the Court determines that it has issued a final judgment on any of the above issues, in light of the intervening changes in law, extenuating circumstances, and the importance of preventing impingement on First Amendment rights, Image moves the Court to amend the Second Amended Judgment and Fees Order pursuant to Rule 60(b) of the Federal Rules.

DATED:  January 13, 2010            CROWELL & MORING LLP

                                               By:   /s/ R. Scott Feldmann
                                                    R. Scott Feldmann
                                                    Thomas E. Dietrich

                                                    Attorneys for Defendant
                                                    Image Comics, Inc.

Cam No. 100381.001
IR4270281.3