IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

        Plaintiffs,

v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

        Defendants.

MEMORANDUM AND ORDER

02-C-048-S

---

Plaintiffs Neil Gaiman and Marvels and Miracles, LLC commenced this copyright action alleging that plaintiff Gaiman was the joint owner of certain comic book issues and characters with defendants Todd McFarlane and Todd McFarlane Productions, Inc., that the parties had entered into contracts allocating the rights and providing for payments for their use and that defendants had improperly used said plaintiff's image and biography to promote the sale of their publications. Defendants denied plaintiff's copyright ownership, denied the existence of the alleged contracts and denied wrongful use of plaintiff's image or biography. Defendants further asserted that plaintiffs' claims were barred by the applicable statute of limitations.

Copy of this document has been provided to: [signature], Smith, Hahn + Feldmann this 9th day of Jan, 2003 by V. McNeal
V. McNeal, Secretary to Judge John C. [illegible]

The jury found for plaintiff Gaiman on all claims and against defendants on the statute of limitations defense. At the conclusion of the liability phase of trial plaintiff Gaiman elected to proceed with his copyright ownership remedies and to forego any contractual remedies. The jury awarded plaintiffs $45,000 as damages for wrongful use of plaintiff Gaiman's image and the remaining damage issues were referred to an accountant pursuant to the parties' stipulation.

The matter now comes before the Court on defendants' renewed motions for judgment as a matter of law, alternative motion for a new trial and motion to amend the judgment. Defendants Image Comics, Todd McFarlane Productions, Inc., TMP International, Inc., and McFarlane Worldwide, Inc. also seek attorney's fees for prevailing on the copyright claims against them. Also before the Court is plaintiffs' motion to amend judgment and to recover attorney's fees.

## JUDGMENT AS A MATTER OF LAW

In considering a renewed motion for judgment as a matter of law pursuant to Rule 50(b) the court determines whether the evidence presented, viewed in the light most favorable to the prevailing party and combined with all reasonable inferences that may be drawn in favor of the prevailing party, is sufficient to support the verdict. Tennes v. Massachusetts Dept. of Revenue, 944

F.2d 372, 377 (7th Cir. 1991). The Court does not reevaluate the credibility of witnesses nor otherwise weigh the evidence. Id.

Statute of Limitations

Defendants renew their summary judgment and Rule 50 argument that plaintiffs necessarily knew that defendants claimed sole ownership in the disputed works more than three years prior to commencing this action. The issue properly placed before the jury in special verdict question 2, is whether a reasonable person in plaintiffs' position would have discovered that defendants were claiming sole ownership in the works. See Zuill v. Shanahan, 80 F.3d 1366, 1369 (9th Cir. 1996); Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983).

There was ample evidence at trial to sustain the jury's conclusion that a reasonable person would not have known defendants were claiming sole ownership. Perhaps most compelling is the evidence that defendant McFarlane expressly assured plaintiff Gaiman that he had not given up any of his copyright interests and his ongoing treatment of Gaiman as a co-owner by the payment of shared profits and negotiation for the transfer of rights in the works. This behavior is entirely inconsistent with a repudiation of plaintiffs' rights in the works.

Defendants' argument focus entirely on certain copyright notices which failed to mention plaintiffs as owners while entirely

3

ignoring the contradictory behavior whereby defendants repeatedly recognized plaintiffs' ownership interest. Even assuming that plaintiffs were or should have been aware of the notices and that they unambiguously claimed sole ownership, the jury may properly have found that defendants' behavior recognizing the rights overcame the effect of the notice. Taylor, 712 F.3d at 1118. In any event, the evidence was far from clear that the notices were inconsistent with joint ownership or that plaintiffs observed them or failed to exercise reasonable diligence to do so. Considering all the evidence the jury's conclusion that plaintiffs were not on notice that defendants were claiming sole ownership in the works was reasonable and amply supported.

Copyright Ownership

Defendants raise three issues of ownership. First, they argue that plaintiffs failed to make a claim for an accounting against Todd McFarlane productions, Inc. Second, they assert that as a matter of law plaintiffs have no copyright in the characters Medievel Spawn and Cogliostro. Third, they argue that the partes had no intent to be joint authors of Spawn issue 26.

The first issue was resolved by this Court's order of December 11, 2002 prescribing accounting procedures wherein the accountant was directed to account for profits realized by Todd McFarlane and Todd McFarlane Productions, Inc. as copyright owners. Defendants

4

rely on the language of the amended complaint which seeks an accounting from Todd McFarlane but not specifically mentioning Todd McFarlane Productions, Inc. However, the demand for relief clearly sought an accounting from all defendants. Furthermore, had the amended complaint been technically deficient, Rule 15(b), Federal Rules of Civil Procedure, compels conformance of the pleadings to the realities of the evidence at trial and the equity of obtaining an accounting from the proper parties. The matter was fully tried as though both parties were potentially liable and defendants have subsequently argued that McFarlane Productions is in fact the only proper party for an accounting.

Concerning the ownership of Medievel Spawn and Cogliostro defendants argue that as a matter of law plaintiffs have no copyright interest in these characters. More particularly, defendants contend that the characters are not copyrightable and, even if they were, Gaiman's contribution to their creation is insufficient as a matter of law to sustain a joint copyright ownership interest. Plaintiffs contend that the characters are copyrightable and because they first appeared in *Spawn* issue 9 for which plaintiff Gaiman was a joint author, he is necessarily a joint author in the characters themselves.

The characters Medievel Spawn and Cogliostro are copyrightable. Comic book characters have physical and conceptual qualities and, unlike literary characters which lack a distinct

visual image, are generally subject to copyright protection. <u>Walt Disney Prods. v. Air Pirates</u>, 581 F.2d 751, 755 (9th Cir. 1978). The *Spawn* 9 publication of Medievel Spawn and Cogliostro, with both a distinct visual representation and conceptual qualities, created copyrightable characters. In support of their position that the characters are not subject to copyright defendants cite not a single case where a comic book or cartoon character was denied such status. Accordingly, the Court finds as a matter of law that Medievel Spawn and Cogliostro were subject to copyright as published in *Spawn* 9.

The remaining question is whether joint authorship status is judged by Gaiman's contribution to *Spawn* 9 as a whole or to the individual characters. It clearly must depend on his contribution to the work as a whole. Characters are subject to copyright protection as components of a larger work, in this case a literary work. 17 U.S.C. § 102(a)(1); <u>Disney Prods.</u>, 581 F.2d at 755. As defendants correctly note a character itself does not fall within the prescribed statutory categories of protected works. The sufficiency of the character to be afforded protection depends not only on the visual depiction of the character but on its context in the comic book story and, therefore, is not subject to separate analysis outside its context in the larger work. With all joint works authors have a right to use any component of the work regardless of the author's contribution or lack of contribution to

that component. Erickson v. Trinity Theatre, Inc., 13 F.3d 1061, 1068 (7th Cir. 1994). It is undisputed that Gaiman is a joint author of *Spawn* 9. Accordingly, he is entitled to an accounting for the use of its components as well as the use of the work in its entirety. Finally, defendants challenge the jury's determination that plaintiff was a joint author of *Spawn* issue 26. The facts were undisputed that Gaiman contributed three pages of the twenty-two page script for the publication. Gaiman's contribution provided an important promotion for the *Angela* mini-series. The issue for trial was whether the authors intended that their contributions be "merged into inseparable parts or interdependent parts of a unitary whole." 17 U.S.C. § 101. Erickson, 13 F.3d at 1068. It is not possible to determine as a matter of law that the jury, which heard extensive testimony from both authors, made an improper assessment of the inherently factual inquiry of the authors' intentions. It was clear that Gaiman's contribution to the work was important to McFarlane. The jury also heard testimony of McFarlane's repeated promises that Gaiman would retain full copyrights in his contributions. It was not unreasonable for the jury to find *Spawn* issue 26 a work of joint authorship.

Right of Publicity

Defendant Image Comics and the McFarlane defendants assert that plaintiffs may not recover on their right of publicity claim

as found by the jury because the liability verdict was inherently inconsistent and perverse, and because plaintiffs are judicially estopped from pursuing the right of publicity remedy. Neither position withstands scrutiny.

The verdict was not inconsistent because the jury could reasonably have found that the 1997 contract did not constitute a written consent to use Gaiman's name and biography to promote book sales. The 1997 exchange of correspondence required defendants to give Gaiman credit for his authorship. However, there was substantial and credible testimony that an obligation to give an author credit is far different than an authorization to use the author's name and biography in a sales promotion effort. The jury apparently credited this testimony and found that the letters between the parties did not authorize the prominent use of Gaiman's name and biography to sell the *Angela* trade paperback. The testimony concerning Gaiman's contracts with DC Comics did not compel a different conclusion since the evidence also established that in his dealings with DC Comics a separate written authorization for promotional name use was executed. Accordingly, it was not inconsistent as a matter of fact for the jury to have found both a written contract and the absence of written consent to use Gaiman's name and biography to promote sales of the *Angela* trade paperback.

Defendants argue to judicially estop plaintiffs from pursuing the claim on the basis of a brief in opposition to a damages motion in limine. The essence of plaintiffs' argument was that "if plaintiffs prevail on their contract claims, defendants' motion to exclude exhibits and testimony regarding plaintiffs' damages for Counts IX and X [,the right of privacy and name misappropriation claims,] is also unnecessary because no damage testimony on these issues will be required." The clear import of the position is that plaintiffs would not pursue both contract damages and damages for breach of the right of privacy. The point of the position was that the Court should reserve on addressing the motion because it might be mooted by the outcome of the liability phase and plaintiffs' choice of remedies. Plaintiffs' decision to abandon its contract remedies in favor of its claim for an accounting and its right of privacy claim is consistent with its representation.

## NEW TRIAL

A new trial may be granted pursuant to Rule 59 if the verdict is against the weight of the evidence or for some other reason the trial was not fair to the moving party. Forrester v. White, 846 F.2d 29, 31 (7th Cir. 1988). Defendants seek a new trial on the basis that the jury's liability verdict was factually inconsistent. The issue is whether the finding at question 5 that the 1997 contract existed is inconsistent with the finding at question 1

that plaintiffs have a copyright interest in Medievel Spawn, Cogliostro and *Spawn* Issue 26. A verdict requires a new trial if it evidences jury confusion which would render the trial unfair. Where there is a way to view the verdict as consistent considering the jury instructions and the trial proceedings, the verdict must be resolved in that way. Bates v. Jean, 745 F.2d 1146, 1151-52 (7th Cir. 1984).

Here the consideration of all trial circumstances makes it absolutely apparent that the jury verdict is consistent and reasonable. The jury instructions, evidence, argument at trial and pretrial submissions all confirm that the issue addressed by the jury in response to question 1 was whether Gaiman and McFarlane were joint authors of the contested works such that Gaiman acquired a copyright interest in them. The jury instructions as well as the evidence and argument of the parties clearly addressed only that issue. The parties proposed forms of verdict addressed only that issue. The fact that the copyright interest question was the first asked suggests that this was the issue. The absence in question 1 of other works which would have been impacted by the 1997 agreement make it clear that no one expected the jury to assess the impact of the 1997 contract on copyright ownership when responding to question 1.

Although the present tense phrasing of question 1 suggests a literal inconsistency between question 1 and 5, the reality of the

trial is that the real issue the jury addressed in responding to question 1 was whether Gaiman <u>acquired</u> an interest in the works, not whether he later contractually transferred any such interest. Of course when viewed in this light it is clear that the answers are consistent. The jury concluded that Gaiman and McFarlane were joint authors of the works and that they had reached an agreement respecting their joint rights in 1997.

Plaintiffs approached the case with two alternative theories of recovery. First, they asserted entitlement to an accounting for profits from defendants on the joint works. Defendants opposed this theory on the basis that plaintiffs lacked an ownership interest in certain works or components thereof and on the basis that any claim for accounting was barred by the applicable statute of limitations. Second, and regardless of the outcome of the first claim, plaintiffs asserted that defendants had breached a 1997 contract which promised payments to plaintiffs for Gaiman's contributions to the works. It would, of course, have been legally inconsistent for plaintiffs to recover under both theories - either plaintiffs were joint owners entitled to the accounting or they had contractually allocated their right to payment and were entitled to their contractual remedy. However, the factual questions asked of the jury and the answers given were necessary to create a complete record and to prevent the need for a new trial in the event

plaintiffs were to prevail as a matter of law on its statute of limitations defense.

Defendants are not in a position to complain that in pursuing their remedies plaintiffs chose to disregard the jury's answers to the contract questions because defendants have consistently denied the existence of the contract. The contract questions were necessary only to obtain a complete record and to resolve all potential factual issues. Accordingly, the Court finds that the jury's verdict was fully consistent, that plaintiffs were within their rights to pursue their joint ownership claim and accounting remedy, and that there is no justification for a new trial.

## ATTORNEY'S FEES

Plaintiffs, as well as defendants TMP International, Inc., McFarlane Worldwide, Inc. and Image Comics, Inc., seek attorney's fees pursuant to 17 U.S.C. § 505 which provides that "the court in its discretion may allow recovery of full costs by or against any party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of costs." Although the statute offers no guidance for determining when to award fees the Supreme Court has identified several non-exclusive "rather miscellaneous and ill-assorted" factors to consider:

> frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in

>    particular circumstances to advance the
>    consideration of compensation and deterrence.

Gonzales v. Transfer Techs., Inc., 301 F.3d 608, 609 (7th Cir. 2002) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n. 19 (1994)).

Considering these factors, and the particular circumstances of this case the Court now concludes that no fees should be awarded to any party for prevailing on the copyright claims. None of the claims or defenses were frivolous or legally or factually unreasonable. Regarding the claims on which defendants prevailed, it was reasonable and appropriate for plaintiffs to name all defendants given their close relationships with McFarlane and each other, the uncertainty regarding the nature of those relationships and the licensing agreements between them. Similarly, defendants' positions on the statute of limitations and lack of joint ownership advanced in opposition to plaintiffs' claims were reasonable and not frivolous.

Considerations of motivation and the need for deterrence or compensation make it apparent that fees should not be awarded. The principal litigants, plaintiff Gaiman and defendant McFarlane, are highly successful as author and artist both financially and artistically. The underlying dispute arose from divergent expectations of the parties at the time the works were created and their inability to reduce an agreement on copyright ownership to writing. Each pursued the action vigorously, motivated by the conviction that each was right in principle rather than for the

potential for economic gain. The trial provided an opportunity for the vindication each sought. No party is likely to be deterred or encouraged in this litigation or in his behavior by the payment or recovery of attorney's fees. In short, this is an excellent example of a case where the American Rule should prevail.

An award of fees to plaintiffs is statutorily compelled, however, for the Right of Privacy claim. Section 895.50(1)(c) provides that a prevailing plaintiff is "entitled to" recover "a reasonable amount for attorney's fees." Defendants point to nothing in the language of the statute or in Wisconsin law which would permit denial of fees to the plaintiff. Defendants do not contest the reasonableness of the $33,639.40 in fees sought by plaintiffs on the claim. Accordingly, fees in that amount are awarded to plaintiff from defendants Todd McFarlane, Todd McFarlane Productions, Inc. and Image Comics, Inc.

## AMENDMENT OF JUDGMENT

Judgment must be amended to reflect the limited award of attorney's fees to plaintiffs. Judgment will not be amended as suggested by plaintiffs to reflect that they prevailed on the contract claim. Recovery on both the contract claim and the copyright accounting claim are inconsistent. Proceeding on the accounting claim necessarily eliminates the possibility that plaintiffs can proceed on the contract claim. In fact, it requires

14

a decision to disregard the contract and assume its non-existence. Accordingly, the correct judgment is dismissal of that claim with prejudice. The fact that a judgment may be vacated on appeal has no effect on the proper form of judgment. Where judgment is affirmed on appeal, plaintiffs should certainly be precluded from proceeding on the contract claim. Accordingly, the claim should be dismissed with prejudice.

Defendants move the Court to limit the declaratory judgment of copyright ownership to defendants McFarlane and Todd McFarlane Productions, Inc. on the basis that they are the only parties who have or had an ownership interest in the copyrights. The Court finds nothing inconsistent in the judgment declaring ownership interests both as against owners and licensees. However, defendants are correct, as this Court has previously ruled, that an accounting is available only from owners, not from licensees. Accordingly, judgment will be amended to reflect that "an accounting for profits <u>by defendants Todd McFarlane and Todd McFarlane Productions, Inc.</u> is ordered pursuant to the stipulation...."

## ORDER

IT IS ORDERED that defendants' motions for judgment as a matter of law or alternatively a new trial and attorney's fees are DENIED.

Neil Gaiman et al. v. Todd McFarlane et al.
Case No. 02-C-048-S

IT IS FURTHER ORDERED that plaintiffs' motion for attorney's fees is GRANTED only as it concerns the right of privacy claim in the amount of $33,639.40 and is in all other respects DENIED.

IT IS FURTHER ORDERED that judgment be amended to reflect that an accounting is ordered only as to defendants Todd McFarlane and Todd McFarlane Productions, Inc.

Entered this 9th day of January, 2003.

BY THE COURT:

_____
JOHN C. SHABAZ
District Judge