UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEIL GAIMAN and<br>MARVELS AND MIRACLES, L.L.C.,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>TODD MCFARLANE,<br>TODD MCFARLANE PRODUCTIONS,<br>INC., TMP INTERNATIONAL, INC.,<br>MCFARLANE WORLDWIDE, INC., and<br>IMAGE COMICS, INC.,<br><br>   **Defendants.** | Case No.: 02-C-0048-S |

**PLAINTIFFS' BRIEF IN OPPOSITION TO THE MCFARLANE DEFENDANTS' JOINDER TO PARTS 1 AND 3 OF IMAGE COMICS' MOTION TO AMEND THE SECOND AMENDED JUDGMENT**

Plaintiffs Neil Gaiman and Marvels and Miracles, L.L.C. (collectively "Gaiman") oppose the McFarlane Defendants' Motion for Joinder to Parts 1 and 3 of defendant Image Comics, Inc.'s Motion to Amend the Second Amended Judgment.

The McFarlane Defendants provide no new law or arguments regarding Part 1 of Image Comics' motion. As a result, Gaiman incorporates by reference the relevant portions of his response to Image's motion (*see* Dkt. 280 at 8-15) and will not restate them here. In short, the McFarlane Defendants could have raised these issues seven years ago and failed to do so.

With regard to their request to join in Part 3 of Image's motion, the additional cases cited by the McFarlane Defendants do not support their position. The Fifth Circuit's decision in *Matthews v. Wozencraft*, 15 F.3d 432 (5th Cir. 1994), only highlights the likelihood that the Seventh Circuit would not apply the reasoning of *C.B.C. Distribution & Marketing, Inc. v. Major League Baseball Advanced Media, L.P.*, 505 F.3d 818, 823-24 (8th Cir. 2007), to

Gaiman's right of publicity claim. In *Matthews*, the Fifth Circuit quoted Judge Posner's discussion of the economic rationale for permitting right of publicity claims:

> It might seem that creating a property right in such uses would not lead to any socially worthwhile investment but would simply enrich already wealthy celebrities. However, whatever information value a celebrity's endorsement has to consumers would be lost if every advertiser can use the celebrity's name and picture. . . .

*Id.* at 438 (quoting RICHARD A. POSNER, ECONOMIC ANALYSIS OF LAW § 3.3, at 43 (4th ed. 1992)). Here, Gaiman's name and biographical information were used to create the impression that he endorsed the publication of *Angela's Hunt* (*see* Dkt. 280 at 3-4, 21 and Ex. 5), which was plainly not the case. The "information value" of Gaiman's endorsement of publications – especially publications that he authored – would be severely diluted if publishers were able to place his name and biographical information on any works they chose without Gaiman's authorization.

The Fifth Circuit's decision also undermines the argument that allowing claims such as Gaiman's would impair the First Amendment rights of the news media. The *Matthews* court emphasized the important distinction between using celebrity information for news purposes as opposed to advertising/promotional purposes. *Id.* at 438-39 (quoting RICHARD A. POSNER, ECONOMIC ANALYSIS OF LAW 258). Using celebrity information in news media is unlikely to reduce the value of that information for the public reading or watching the news. *See id.* Whereas unregulated use of that information for advertising or promotional purposes could completely eliminate its value to consumers. *See id.*

The McFarlane Defendants' citations to a New York district court decision and the Restatement (Second) of Torts are no more helpful to their argument. The district court in *Kane v. Comedy Partners*, 68 U.S.P.Q. 2d 1748, 1754 (S.D.N.Y. 2003), emphasized that the

2

defendant in that case had *not* used the celebrity's information "primarily for advertising or trade purposes," *id.* at 1754, which is not the case here. (*See* Dkt. 280 at 3-4, 21 and Ex. 5.) Similarly, the comments to the RESTATEMENT (SECOND) OF TORTS § 652C, explain that the right of publicity is intended to protect instances in which "the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness." *See id.*, cmt. d.

Finally, the McFarlane Defendants' complaints about delays in the accounting of profits are ironic given Image Comics' inexplicable delay in bringing the present motion. The motion rests on court decisions that are more than six (*Dastar*) and two years old (*C.B.C. Distribution*), respectively. If anything, the McFarlane Defendants' complaints about the accounting of their profits – which has nothing to do with the final judgment against Image – make it clear that this court will be confronted with important decisions about this case again in the future, that an appeal is inevitable and, thus, there is no judicial efficiency gained by amending the second amended judgment at this time.

For all of the above reasons, plaintiffs Neil Gaiman and Marvels and Miracles, LLC, respectfully request that the Court deny Image Comics, Inc.'s motion to amend the second amended judgment and deny the McFarlane Defendants' request to join that motion.

3

Dated this 10th day of February, 2010.

                FOLEY & LARDNER

        By: /s/ Jeffrey A. Simmons_____
            Allen A. Arntsen
            Jeffrey A. Simmons
            *Attorneys for Plaintiffs*

        Foley & Lardner
        150 East Gilman Street
        Madison, WI 53703-2808
        Tel: (608) 257-5035
        Fax: (608) 258-4258

<u>Co-Counsel:</u>
Kenneth F. Levin
3100 Dundee Road, Suite 307
Northbrook, IL 60062
Tel: (312) 827-9000
Fax: (312) 827-9001

4