UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN, and
MARVELS AND MIRACLES, LLC,

    Plaintiffs,

v.                                         Case No.: 02-CV-00048-bbc

TODD MCFARLANE, TODD MCFARLANE
PRODUCTIONS, INC., TMP
INTERNATIONAL, INC., MCFARLANE
WORLDWIDE, INC., **a**nd IMAGE COMICS,
INC.,

    Defendants.

## PLAINTIFF'S REPORT TO COURT

Pursuant to the Court's March 12, 2010 Opinion and Order, plaintiff Neil Gaiman files the following report regarding the status of the accounting of profits ("Accounting") due Gaiman from defendants Todd McFarlane and Todd McFarlane Productions, Inc. ("TMP") (collectively the "McFarlane Defendants").

**History of the Accounting**

On January 9, 2003, Judge Shabaz issued the Second Amended Judgment in this action, which declared Gaiman a joint owner of the copyright in each of the Joint Works,[1] and which ordered an accounting of profits according to a procedure stipulated to by the parties prior to the trial. The stipulation called for the parties to jointly select an accountant to conduct the Accounting and to each pay half of the accountant's fees. The Accounting involved a review of profits earned by the McFarlane Defendants from scores of publications and other forms of

---

[1] As used herein, the "Joint Works" are both the comic book stories first appearing in Spawn Issue #9, Spawn Issue #26, and Angela Issue #s 1, 2 and 3 and the three characters Medieval Spawn, Cogliostro, and Angela.

1

exploitation of the Joint Works and derivatives thereof from the first profitable exploitations in 1993 through the life of the copyrights.

The parties selected Steven Sills, an accountant with extensive experience in complicated copyright accountings, to perform the Accounting. In early 2003, the parties submitted memoranda to Mr. Sills describing their positions on various issues related to the Accounting and provided him with various financial documents and other evidence relating to the publications and other works subject to the Accounting.

On December 17, 2004, the Accounting was automatically stayed when TMP filed for bankruptcy in the U.S. Bankruptcy Court for the District of Arizona. On September 2, 2005, Gaiman moved the bankruptcy court for relief from the stay of the Accounting. On November 15, 2005, the bankruptcy court approved a stipulated protocol ("Protocol") for proceeding with the Accounting which modified the bankruptcy stay to allow the parties to proceed with the Accounting.

The Protocol provided for the parties to exchange documents and information (the "Data Exchange"). On November 23, 2005, TMP initially delivered certain Data Exchange documents, including documents accounting for profits from *Tiffany*, *Domina*, and *Dark Ages Spawn* characters (the "Derivative Characters").[2] After reviewing this production, Gaiman advised the McFarlane Defendants that the Data Exchange documents and information was incomplete.

On December 6, 2005, Gaiman submitted a Data Exchange request to TMP for production of financial information about the Derivative Characters. On June 1, 2007, TMP produced additional documents that purported to include all documents required by the

---

[2] The parties dispute whether the Derivative Characters are, in fact, derivative of characters of Joint Works in which Gaiman has a copyright interest. This issue is the subject of a motion that Gaiman has filed contemporaneous with this report.

2

Data Exchange through December 31, 2006, but did not include any documents relating to the Derivative Characters.

When the parties were unable to resolve whether TMP was obliged to produce information as to the Derivative Characters, TMP filed a July 11, 2007 motion requesting a ruling from the Bankruptcy Judge that the Accountant has no authority to consider profits earned by characters not specifically named *Angela*, *Medieval Spawn* or *Cogliostro*.

On August 16, 2007, the Bankruptcy Court denied TMP's motion, leaving it for the Accountant to decide the characters and products for which TMP must provide financial information. The Accountant, however, declined to accept that responsibility, stating:

> As an accountant, I would be willing and able to analyze the revenue earned by a derivative work once the court or other expert had informed me that a work had been classified as such. However, I am not experienced in determining what is or is not a derivative work and do not feel qualified to render an opinion.

On September 20, 2007, counsel for TMP sent an email to Gaiman's counsel in which he asserted that the Derivative Characters are "outside [this Court's] judgment and beyond the scope of the accounting" and that TMP is "unwilling to produce anything further without a court order." In an effort to traverse this dispute, the parties began settlement negotiations and, in 2008, agreed to a "stand still" of the Accounting while settlement negotiations proceeded. That stand still agreement was still in place when this Court issued its March 12, 2010 order, and the parties have been unable to either settle the case or agree on the scope of production of further TMP financial documents, including documents relating to the Derivative Characters.

**Current Accounting Progress**

After the Court issued its March 12, 2010 order, plaintiff's counsel informed Mr. Sills of the Court's order and asked how long it would take to complete the Accounting. Mr. Sills responded with an email that is attached as Exhibit A. Mr. Sills states that he needs a

3

substantial amount of additional documents and information relating to the Accounting. Once he receives that information, he would need three individuals to work on the Accounting full time for a minimum of four months to could complete the Accounting and render a report to the Court, at an estimated cost of $350,000.

On March 26, 2010, Gaiman served discovery on the McFarlane Defendants to gather all remaining documents necessary for the Accounting. Also on March 26, Gaiman's counsel contacted the McFarlane Defendants' counsel to discuss how the parties could work together to complete the Accounting in a timely manner. Gaiman expects these discussions to be ongoing.

Today Gaiman filed a motion requesting that the Court issue an order declaring that the Derivative Characters are derivative works of the characters jointly owned by Gaiman and, therefore, are subject to the Accounting. Resolution of this issue is necessary to properly complete the Accounting.

Dated this 30th day of March, 2010.

      s/Allen A. Arntsen
Allen A. Arntsen, WI Bar No. 1015038
Jeffrey A. Simmons, WI Bar No. 1031984

| Of Counsel: | FOLEY & LARDNER LLP |
|---|---|
| Kenneth F. Levin | 150 East Gilman Street |
| Kenneth F. Levin & Associates, Chtd. | Madison, WI 53703-2808 |
| 3100 Dundee Rd., Ste. 307 | Tel: (608) 257-5035 |
| Northbrook, Illinois 60062-2459 | Fax: (608) 258-4258 |
| Tel: (312) 827-9000 | aarntsen@foley.com |
| KenFLevin@gmail.com | jsimmons@foley.com |

*Attorneys for Plaintiffs*