**From:** Steven Sills [mailto:ssills@ghjadvisors.com]
**Sent:** Friday, March 26, 2010 1:37 PM
**To:** Ken Levin
**Cc:** Arntsen, Allen A.; Simmons, Jeffrey A.; sfeldmann@crowell.com; tdietrich@crowell.com; Kahn, Mike; tsmith@gklaw.com; lkowalk@gklaw.com; Ken Levin; Michele Gentille; Cheryl Cooper
**Subject:** RE: Gaiman v Todd McFarlane Productions, Inc., et. al. (02-cv-48, W.D.WI)

Mr. Levin,

The following is in response to you March 24 e-mail. We would like the entire text of the following to be provided to Judge Crabb:

In 2003, Sills & Gentille, A Division of Green Hasson & Janks (formerly Sills & Adelmann) ("S&G") was engaged to value the amounts due to the plaintiff (Gaiman, et al) ("Plaintiff") from the defendants (McFarlane, et al) ("Defendant"). This engagement included determining the pool of receipts to be shared with Gaiman and the methodology to be used in allocating the pool receipts. In September 2003, S&G determined that it would cost an estimated $250,000 to perform the procedures necessary to complete the engagement. S&G informed all parties of this expected cost and advised that a settlement between the parties might be a more cost beneficial option.

As it relates to the engagement procedures, the following is a chronology and current status of each:

Determining Pool Receipts:

At a date prior to October 6, 2003, Defendant submitted certain financial information to S&G relating to Todd McFarlane Productions, Inc. and the distribution of the various "Spawn" characters. This information was incomplete and, in many cases, the supporting documents did not reconcile to the summary data that was provided.

On October 6, 2003, S&G sent a letter to Defendant raising issues relating to insufficiencies in the documents provided. On November 25, 2003, Defendant responded to the issues contained in the October 6, 2003 letter. The Defendant noted that there were many items which they were unable to locate and assumptions made that could not be supported or would require Defendant to recreate accounting records that may or may not exist. Defendant's letter includes the statement… "[A]n effort to recreate these records would be extremely time-consuming and the likelihood of matching to the dollar, considering we have few records of accountant's adjustments, would be questionable."

3/26/2010

Determining Equitable Allocation of Pool Receipts Amount Characters:

On February 21, 2003, Plaintiff sent S&G a memorandum stating its position as to its preferred methodology for allocating the pool receipts. On March 31, 2003, Defendant submitted its preferred methodology for allocating the pool receipts. A review of these methodologies indicated extreme differences and would result in significant time requirements to quantify each method. We would like the Court to advise us whether they would like to be involved in determining which allocation method to use to prevent further litigation or if this should be left solely in our hands.

Conclusion:

We have had minimal involvement in this litigation since 2003 and would need to refresh our knowledge of what we have received and what we need. Since the Defendant's records are expected to be incomplete, it is likely that the initial estimate of $250,000, which would be in excess of $350,000 based on current billing rates, is still valid. Using an average billing rate of $200 per hour, this would result in approximately 1,750 hours of work.

Assuming that all of the documents could be provided (an assumption that is highly unlikely) and that 3 individuals would work on this project full time, it would be a minimum of 4 months from the time that all of the information was provided before S&G could render a report to the Court.

Steven Sills

**Steven D. Sills**
Partner
Sills & Gentille
a division of
Green Hasson & Janks LLP
Business Advisors and CPAs
An Independent Member of HLB International
10990 Wilshire Boulevard, 16th Floor
Los Angeles, California 90024-3929

Direct Tel: (310) 873-1653
Direct Fax: (310) 873-6653
E-mail: ssills@ghjadvisors.com
Website: www.ghjadvisors.com



Sills&Gentille
A DIVISION OF GREEN HASSON & JANKS LLP

3/26/2010