**SO ORDERED.**



1  Thomas J. Salerno (AZ Bar No. 007492) tsalerno@ssd.com
   Josefina F. McEvoy (CA Bar. No. 147138) jmcevoy@ssd.com

2  Kelly Singer (AZ Bar No. 022024) ksinger@ssd.com    **Dated: November 15, 2005**
   **SQUIRE, SANDERS & DEMPSEY L.L.P.**

3  Two Renaissance Square, Suite 2700
   40 North Central Avenue

4  Phoenix, Arizona 85004
   (602) 528-4000

5                                                      CHARLES G. CASE, II
                                                       U.S. Bankruptcy Judge

6  Attorneys for Debtor and Debtor-in-Possession
   TODD MCFARLANE PRODUCTIONS, INC.

7

8                      UNITED STATES BANKRUPTCY COURT

9                        FOR THE DISTRICT OF ARIZONA

10

11  In re                              Case No. 04-bk-21755

12  TODD MCFARLANE PRODUCTIONS,         In Proceedings Under Chapter 11
    INC., an Arizona corporation
                                        Judge Charles G. Case, II
13
            Debtor.
14                                      **ORDER PURSUANT TO F.R.B.P.**
                                        **4001(d)(4) APPROVING STIPULATION**
15                                      **RE: RELIEF FROM THE AUTOMATIC**
                                        **STAY TO COMPLETE LITIGATION IN**
16                                      **DISTRICT COURT**

17

18          Upon the motion of Neil Gaiman ("Gaiman") entitled a Motion for Relief from the

19  Automatic Stay to Complete Litigation in District Court (the "Motion") pursuant to 11 U.S.C. §

20  362(d) (1), and the Opposition to the Motion (the "Opposition") submitted by Todd McFarlane

21  Productions, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case

22  ("Debtor"); the Court having reviewed the Motion, the Opposition, the declarations filed in

23  support of each of the foregoing, and considered the record of this case; the Court having

24

25  determined that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii)

26  this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) the Motion was sufficient to

27  afford reasonable notice of the material provisions of the Stipulation Re Relief from the

28

LOSANGELES/197108.1
64597.00006

Automatic Stay to Complete Litigation in District Court (the "Stipulation") and opportunity for a hearing; and the Court having determined that the terms and provisions of the Stipulation, a copy of which is annexed as Exhibit A hereto, establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Stipulation is approved.

2.      The automatic is modified in accordance with the terms of the Stipulation.

3.      The protection of a stay shall be extended to Todd McFarlane to the extent provided in paragraph 13 of the Stipulation.

4.      The Stipulation shall be effective immediately upon the entry of this Order.


Dated:  November __, 2005



_____
UNITED STATES BANKRUPTCY JUDGE

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

LOSANGELES/197108.1
64597.00006

- 2 -

# EXHIBIT A





LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1  40 North Central Avenue
   Phoenix, Arizona 85004-4429
   Telephone: (602) 262-5756
2  Facsimile No. (602) 734-3824

3  Susan M. Freeman, State Bar No. 004199
   sfreeman@lrlaw.com
   Doyle S. Byers, State Bar No. 022374
   dbyers@lrlaw.com

4
**Kenneth F. Levin & Associates, Chtd.**
5  20 N. Wacker Drive, Suite 4200
   Chicago IL 60606
   Telephone: (312) 827-9000
6  Facsimile No. (312) 827-9001

7  Kenneth F. Levin (*pro hac vice*)
   KenFLevin@aol.com

8  Attorneys for Neil Gaiman

**Squire, Sanders & Dempsey, L.L.P.**
9  40 N. Central, Suite 2700
   Phoenix, AZ 85004
   Telephone: (602) 528-4000
10 Facsimile No. (602) 253-8129

11 Thomas J. Salerno, State Bar No. 007492
   tsalerno@ssd.com
   Josefina F. McEvoy, pro hac vice, CA Bar No. 147138
   jmcevoy@ssd.com
12 Kelly Singer, State Bar No. 022014
   ksinger@ssd.com

13 Attorneys for Debtor

14

15

16                    UNITED STATES BANKRUPTCY COURT

17                         DISTRICT OF ARIZONA

18 In Re:                              )   Chapter: 11
                                       )
19 TODD MCFARLANE PRODUCTIONS, INC.,   )   Case No. 2:04-bk-21755-CGC
   an Arizona corporation,             )
20                                     )   STIPULATION RE: RELIEF FROM THE
                          Debtor,      )   AUTOMATIC STAY TO COMPLETE
21                                     )   LITIGATION IN DISTRICT COURT
                                       )
22                                     )
                                       )
23 NEIL GAIMAN;                        )
                                       )
24                        Movant,      )
                                       )
25 TODD MCFARLANE PRODUCTIONS, INC.    )
   an Arizona Corporation,             )
26                                     )
                       Respondent.     )

1680602.3

C:\Documents and Settings\jmcevoy\Desktop\TMP-Gaiman Protocol.REDLINE.DOC
10/06/05

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1

2      Neil Gaiman ("Gaiman") and Todd McFarlane Productions, Inc. ("Debtor") and  its sole

3  shareholder Todd McFarlane ("McFarlane") ("Debtor" and "McFarlane" are jointly

4  "Defendants") stipulate as follows with respect to Gaiman's motion pending in this Court for

5  relief from the automatic stay under Bankruptcy Code section 362(d) to proceed with litigation

6  pending against the Defendants in the United States District Court, Western District of Wisconsin,

7  Case No. 02-C-048-S, *Neil Gaiman and Marvels and Miracles, LLC v. Todd McFarlane, Todd*

8  *McFarlane Productions, Inc., TMP International Inc., McFarlane Worldwide, Inc. and Image*

9  *Comics, Inc.* (the "District Court Litigation"), including the accounting procedure for

10 determination of amounts owed to Gaiman by the Defendants (the "Accounting") pursuant to the

11 terms and provisions of a stipulation and judgment of the District Court ("Wisconsin Stipulation

12 and Judgment"):[1]

13      1.      Within ten (10) days after entry of an order by this Court approving this

14 Stipulation, Gaiman will provide to the Defendants a list and copies of all Documents[2] submitted

15 ───────────────
   [1] A true and correct copy of the Wisconsin Stipulation and Judgment is attached as Exhibit

16 "A" hereto and incorporated herein by reference.

17 [2] "Documents" means and includes writings and tangible things of any kind, including the
   originals (or if not available, true copies) and all non-identical copies, whether different
18 from the originals by reason of any notation made on such copies or otherwise, including,
   without limitation: accountants' statements, agendas, agreements, analyses, bank
19 statements, bills, blueprints, books, books of account, bulletins, cables, cancelled checks,
   computer printouts, contracts, data processing cards, designs, desk calendars, diaries,
20 drafts or outlines, drawings, employment records, films, financial statements, invoices,
   working papers, interoffice/intraoffice company memoranda or communications,
21 instructions, invoices, ledgers, letters sent and received, maps, notes of meetings or other
   communications, memoranda, minutes, newspaper and magazine clippings, notations of
22 any sort of conversations, notepads, notes, notices, offers, pamphlets, passbooks,
   photographs, printed matter, receipts, recordings, records, releases, reports, returns,
23 schedules, statements, statistics, stock ledgers, studies, summaries, surveys, telefax,
   telegrams, telephone bills and toll call records, stock transfer records, telephone call
24 records, telexes, work papers, work sheets, writings, and other drafts, alterations,
   modifications, changes and amendments of any of the foregoing, together with all
25

26

2

1680602.3

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1   by Gaiman (including through his agents and professionals) to Sills & Adelman ("Accountant")

2   and/or received by Gaiman from Accountant, and Defendants will provide to Gaiman a list and

3   copies of all Documents submitted by Defendants (including through their agents and

4   professionals) to Accountant and/or received by Defendants from Accountant, concerning,

5   relating to, as to, with reference to the Accounting.

6          2.    Within ten (10) days after the lists and copies are exchanged pursuant to paragraph

7   1 above, Gaiman and the  Defendants will exchange lists of documents and information ("Data

8   Exchange") that each believes the other should submit to the other and to the Accountant for

9   consideration in resolving the Accounting.  The Data Exchange shall include any products,

10  publications and exploitations not previously addressed by the parties, and supplementation of

11  documents and information previously addressed to provide current and complete data, including

12  information with respect to persons and entities affiliated with the Defendants that are parties to a

13  license agreement with either or both Defendants.

14         3.    Within thirty (30) days after the above lists are exchanged, the Data Exchange will

15  be compiled by the respective parties and delivered to each other by Gaiman and the Defendants.

16  The Data Exchange will include Documents and information with respect to use, licensing,

17  income, expenses and profits through (a) the date of the Debtor's bankruptcy petition filing, and

18  (b) the last day of the quarter ended June 30, 2005.  Similar additional Documents and

19  information shall be delivered to Gaiman by the Defendants thereafter on a biannual basis on the

20  last day of the six —month period.

21

22  graphical, computer, or audio records, reproductions or representations of any kind,

23  including, without limitation, photographs, charts microfiche, computer disks, computer

24  tape, microfilm, videotapes, motion pictures, and any and all electronic, mechanical or

    electrical reproductions of any kind, including, without limitation, tapes, cassettes, disks

25  (including computer disks) and records, together with all statements or interviews whether

26  written, tape recorded, or otherwise preserved.

3

1680602.3

**LEWIS**
**AND**
**ROCA**
—LLP—
**L A W Y E R S**

4.      If there is any dispute between the parties as to whether particular Documents and/or information should be included in the Data Exchange, the parties will notify each other within ten (10) days after the exchange of the Data Exchange lists as to the specifics of each such dispute. For the 10 days subsequent to the receipt of such notice by one or both of the parties, Gaiman and Defendants will endeavor to consult with each other directly or through their respective bankruptcy counsel of record, preferably via telephonic conference, and shall use their reasonable best efforts under the circumstances to coordinate and proceed with the Data Exchange as to all Documents and/or information not subject to a dispute, while continuing to seek to resolve the dispute(s) by agreement.

5.      If any dispute as to whether any additional Documents and/or information should be included in the Data Exchange and delivered to the requesting party is not resolved informally within such 10 days, then, within the following 14 days, the parties will submit each such unresolved dispute to the Accountant for resolution, along with respective positions, and will abide by his decision. The Accountant's fees for such services shall be paid in accordance with the Wisconsin Stipulation and Judgment. Any additional Documents and/or information that the Accountant determines should be included in the Data Exchange will be delivered to the other party within 30 days after the Accountant informs the parties of his decision.

6.      Within 30 days after the Data Exchange has been completed, the Defendants will deliver to Gaiman  a proposal as to the rateable value of the publications and characters at issue in the District Court Litigation (i.e. Medieval Spawn, Cogliostro, Spawn Issue 26, Angela, Angela Issues 1, 2 and 3, and Spawn Issue 9) ("Characters and Works") in relation to the other publications and characters in a particular publication and/or medium, expressed in an aggregate percentage amount of the total profits derived from use of the Characters and Works that Defendants believe Gaiman is entitled to receive, and the basis therefor.  Within ten (10) days thereafter, Gaiman will respond to the Defendants, and will set forth any disagreement concerning

4

1680602.3

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1  Defendants' proposal and will explain his reasoning on the factors to be taken into account as the

2  basis for determining the proratable aggregate percentage value of the Characters and Works.

3        7.    After Gaiman delivers his response to Defendants' proposal, for thirty (30) days the

4  parties will endeavor to consult with each other directly and/or through their respective

5  bankruptcy counsel of record, preferably face to face or via telephonic conference, and use their

6  reasonable best efforts under the circumstances to settle the Accounting ("Settlement Period").

7        8.    If the Settlement Period (and any extension thereof to which Gaiman and

8  Defendants agree) expires and the parties have not reached a settlement agreement, within 7 days

9  after the expiration of the Settlement Period the automatic stay of Bankruptcy Code section 362(a)

10  shall be deemed modified to permit the Accounting to resume according to the terms and

11  provisions of the Wisconsin Stipulation, Memorandum and Order, and Judgment, and permit the

12  District Court Litigation to be concluded; further, within such 7 day period the parties shall

13  deliver copies of the Data Exchange information and all written communications exchanged by

14  the parties pursuant to this Stipulation to the Accountant.

15        9.    If the parties do not reach a full and complete settlement agreement, they shall

16  nonetheless attempt to reach an agreement during said 7 day period on procedures for the

17  Accountant to follow.  To the extent the parties are unable to reach an agreement on such

18  procedures, within 10 days after the 7 day period for transmitting to the Accountant copies of the

19  foregoing information expires, the parties will each provide the Accountant with their positions on

20  the procedures the Accountant should use.  Pursuant to the terms and provisions of the Wisconsin

21  Stipulation and Judgment the Accountant shall deliver to Gaiman and Defendants a written

22  description of the procedures the Accountant will apply to complete the Accounting.  Gaiman and

23  the Defendants will jointly request that the Accountant expedite the delivery of such information.

24        10.    Thereafter, the Accountant and the parties will resume the Accounting, taking into

25  account the work and progress and any partial agreements made by the parties pursuant to the

26

5

1680602.3

LEWIS
AND
ROCA
— LLP —
L A W Y E R S

1   terms of this Stipulation, in accordance with the terms and provisions of Wisconsin Stipulation

2   and Judgment, and the District Court Litigation will otherwise proceed.

3       11.   If, on the other hand, the parties reach a full and complete settlement agreement, it

4   will be jointly presented to the District Court and the District Court will be asked to enter

5   judgment in accordance with the Wisconsin Stipulation and Judgment to resolve the District Court

6   Litigation.

7       12.   Except to the extent otherwise provided in a settlement agreement, the automatic

8   stay in the above-captioned case will continue to apply with respect to collection or enforcement

9   of a judgment in the District Court Litigation from the Debtor or the bankruptcy estate.

10      13.   Until either (a) the Accountant delivers its Final Accounting to the District Court in

11  accordance with paragraph 10 above, or (b) the parties deliver a settlement agreement to the

12  District Court in accordance with paragraph 11 above, collection against McFarlane of any

13  judgment or any moneys claimed to be due by McFarlane pursuant to the District Court litigation

14  will be stayed, provided that McFarlane and the Debtor reasonably comply with this stipulation in

15  good faith.  If Gaiman persuades the Bankruptcy Court that McFarlane or the Debtor are not

16  reasonably complying with this stipulation in good faith, the stay protection of this paragraph 13

17  to McFarlane shall cease.

18      Dated: October 31, 2005

19                          KENNETH F. LEVIN &
20                          ASSOCIATES, CHTD.
21                              Kenneth F. Levin

22                                  and

23                          LEWIS AND ROCA LLP

24                          By /s/ S.M. Freeman (004199)
25                              Susan M. Freeman
26                              Attorneys for Gaiman

6

1680602.3

C:\Documents and Settings\jmcevoy\Desktop\TMP-Gaiman Protocol.REDLINE.DOC
10/06/05

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1

Dated: October 31, 2005

2

3

4

5

6

Dated: October 31, 2005

7

8

9

10

11

12

Copy of the foregoing served
by mail or e-mail this 1st day of November,
2005 on

13

14

All parties listed on the Master Mailing
List on file with the Bankruptcy

15

16

/s/ _____

17

18

19

20

21

22

23

24

25

26

SQUIRE SANDERS & DEMPSEY, L.L.P.

By /s/ J. McEvoy (CA Bar. No. 147138)
　　Josefina Fernandez McEvoy
　　Attorneys for Debtor in Possession

BRYAN CAVE, LLP

By:　/s/ R.J. Miller (　　　　　　)
　　Robert J. Miller
　　Edward M. Zachary
　　Attorneys for Todd McFarlane



7

C:\Documents and Settings\jmcevoy\Desktop\TMP-Gaiman Protocol.REDLINE.DOC
10/06/05

1680602.3

Aug 02 2005 10:34PM  KEN F LEVIN                    13128279001                P.2

**253**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

DOCKET #
DISTRICT COURT
WEST DIST. OF WISCONSIN

JAN - 9 2003

FILED
JOSEPH W. SKUPNIEWITZ CLERK

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

**SECOND AMENDED**
**JUDGMENT IN A CIVIL CASE**

        **Plaintiffs,**

Case No.: 02-C-048-S

      v.

TODD MCFARLANE, TODD MCFARLANE
PRODUCTIONS, INC., TMP INTERNATIONAL,
INC. MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

        **Defendants.**

This action came for consideration before the court with DISTRICT JUDGE JOHN C. SHABAZ presiding. The issues have been considered and a decision has been rendered.

## IT IS ORDERED AND ADJUDGED

THAT SECOND AMENDED JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF NEIL GAIMAN AGAINST DEFENDANTS TODD MCFARLANE, TODD MCFARLANE PRODUCTIONS, INC. AND IMAGE COMICS, INC. IN THE AMOUNT OF $45,000.00 WITH COSTS, AND ATTORNEYS FEES IN THE AMOUNT OF $33,639.40, AND IN FAVOR OF PLAINTIFFS AGAINST THE MCFARLANE DEFENDANTS FOR A DECLARATION THAT PLAINTIFF NEIL GAIMAN IS AN OWNER OF THE COPYRIGHTS TO THE PUBLICATIONS AND CHARACTERS AT ISSUE IN THIS CASE:

MEDIEVAL SPAWN
COGLIOSTRO
SPAWN ISSUE 26
ANGELA
ANGELA ISSUES 1, 2 AND 3
SPAWN ISSUE 9

Copy of this document has been
provided to: Simmons Levin Smith
Kube Feldmann
this 9th day of Jan, 20 03
By R. Plunker
                    **Deputy Clerk**

Case No.: 02-C-048-S
Page 2

FOR WHICH AN ACCOUNTING FOR PROFITS BY DEFENDANTS TODD MCFARLANE AND TODD
MCFARLANE PRODUCTIONS, INC. IS ORDERED PURSUANT TO THE STIPULATION ENTERED
INTO BETWEEN THE PARTIES, WHICH STIPULATION MARKED 182 IS ATTACHED AND MADE
A PART OF THIS JUDGMENT.

THAT JUDGMENT IS FURTHER ENTERED ENJOINING DEFENDANTS AND THEIR
OFFICERS, AGENTS AND EMPLOYEES FROM PUBLISHING OR DISTRIBUTING *ANGELA'S HUNT*
USING THE NAME OR BIOGRAPHICAL INFORMATION OF PLAINTIFF NEIL GAIMAN FOR
PURPOSES OF TRADE WITHOUT HIS WRITTEN CONSENT AND REQUIRING DEFENDANTS AND
THEIR AGENTS AND EMPLOYEES TO CREDIT NEIL GAIMAN AS CO-AUTHOR OF *SPAWN* ISSUE
26, *SPAWN* VOLUME 6 AND *PATHWAY* TO *JUDGEMENT* AND TO APPROPRIATELY DESIGNATE
NEIL GAIMAN AS A COPYRIGHT OWNER ON ALL PUBLICATIONS OR OTHER MEDIA WHICH
HAVE NOT YET BEEN DISTRIBUTED BY DEFENDANTS AND FOR WHICH NEIL GAIMAN HAS
BEEN FOUND A COPYRIGHT OWNER.

THAT JUDGMENT IS FURTHER ENTERED DISMISSING ALL REMAINING CLAIMS AND
COUNTERCLAIMS WITH PREJUDICE.

Approved as to form this 9th day of January, 2003.

_____
JOHN C. SHABAZ
DISTRICT JUDGE

_____
Joseph W. Skupniewitz, Clerk

by Deputy Clerk

JAN - 9 2003

Date

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NEIL GAIMAN and
MARVELS AND MIRACLES, LLC,

                Plaintiffs,

     v.

TODD MCFARLANE,
TODD MCFARLANE PRODUCTIONS, INC.,
TMP INTERNATIONAL, INC.,
MCFARLANE WORLDWIDE, INC., and
IMAGE COMICS, INC.,

                Defendants.

MEMORANDUM AND ORDER
02-C-48-S

---

     Plaintiff Neil Gaiman commenced this copyright action alleging, among other things, that he was joint owner of certain comic book issues and characters with defendants Todd McFarlane and Todd McFarlane Productions, Inc. and was entitled to an accounting for profits on the copyrighted works.  Prior to trial all named parties except Image Comics, Inc. stipulated to an accounting procedure for profits in the event plaintiffs prevailed at trial on that claim.  Plaintiffs did so prevail at trial and the parties were ordered to proceed pursuant to the stipulation.  The matter is presently before the Court on cross motions to clarify the accounting procedure and to compel the accounting.  The matter is

also before the Court on plaintiffs' motion to sanction defendants
for failing to proceed with the accounting.

### MEMORANDUM

The stipulation for an accounting contemplates the filing of
motions "regarding any legal and factual issues the Parties believe
must be resolved prior to the Accountant performing the
accounting." Three such issues have been raised: (1) the relevant
time period over which to conduct the accounting; (2) who must
participate in the accounting process; (3) the percentage of
profits to which plaintiffs are entitled from the various
characters and publications.

### Relevant Time Period

The accounting is to be conducted from the time of creation of
the works. Defendants argue that the accounting should only occur
for the three years preceding the action because recovery of
profits realized earlier would be barred by the statute of
limitations or by the equitable doctrines of laches and estoppel.
There is no basis for any of these defenses.

Defendants' statute of limitations argument revisits the
defense which failed on summary judgment and at trial. Unlike an
action for infringement, an action for an accounting from a co-
owner accrues under 17 U.S.C. § 507(b) not when the copyrighted

2

material is wrongfully sold or used, but rather "when plain and express repudiation of co-ownership is communicated to the claimant." Zuill v. Shanahan, 80 F.3d 1366, 1369 (9th Cir. 1996). Accordingly, Zuill was barred from recovering any profits from the defendant, even though they were realized in the three years preceding the action, because the cause of action - repudiation of plaintiff's interest - occurred outside three years. Conversely, the jury found that a reasonable person in plaintiffs' position would not have discovered that defendants were claiming sole ownership three years before this action commenced. Accordingly, plaintiffs' action is not barred and they are entitled to a full accounting as co-owners.

This result is consistent with the conclusion in Taylor v. Merrick, 712 F.2d 1112, 1119 (7th Cir. 1983), that the statute of limitations is not a bar for periods during which the plaintiff did not discover infringement. The evidence presented at trial suggested that defendants affirmatively reassured plaintiff Gaiman that he had not given up any of his rights to the works to which he contributed. Furthermore, he was periodically provided with payments because of those rights, although he was not provided with information to calculate whether the payments were an accurate accounting of his share. These actions are consistent with his ongoing copyright ownership and would not trigger the statute of limitations. There is no statute of limitations bar, nor any

3

equitable basis in laches or estoppel which prevents plaintiffs from pursuing an accurate accounting and recovery of profits once defendants affirmatively denied, contrary to prior statements and conduct, that plaintiffs had rights in the publications and characters.

There is no inequity in permitting an accounting for periods during which some money was paid to plaintiffs so long as any payments are offset against amounts due.

**Participation**

Only the copyright owners, Todd McFarlane and Todd McFarlane Productions, Inc. are liable to account to plaintiffs. There is no dispute that only joint owners must account for profits to their co-owners, 1 NIMMER ON COPYRIGHT § 6.12[B], and that defendants TMP International, Inc., McFarlane Worldwide, Inc) and Image Comics, Inc. are mere licensees and have never been owners of a copyright in the works at issue. Furthermore, there has been no evidence offered which would suggests that the distinct corporate entities of these defendants may be disregarded for purposes of the accounting nor did plaintiffs pursue such a legal theory of liability at trial. Accordingly, plaintiffs are entitled to recover only their share of profits realized by Todd McFarlane and Todd McFarlane Productions, Inc. from the use and sale of the works, including direct profits from sales of the works and license

4

Aug 02 2005 10:04PM  KEN F LEVIN                13128279001              p.6

fees, royalties or other payments or benefits from third parties to
Todd McFarlane and Todd McFarlane Productions, Inc. in exchange for
use of the works.  Plaintiffs are not entitled to recover profits
realized by TMP International, Inc., McFarlane Worldwide, Inc. or
Image Comics from their use of the licensed works.

Where the parties to a license agreement are related, such as
in contracts between the McFarlane defendants, the accountant may
deem it necessary to examine financial records of both the licensor
and the licensees to reach a determination on the actual amount of
benefits which accrued to the trademark owner/licensor in exchange
for the license to use the works.  In view of the fact that all
McFarlane defendants stipulated to the accounting it is appropriate
to require their participation in the provision of financial
information if requested by the accountant.

There is no basis for any accounting against or participation
by defendant Image Comics which is an unrelated licensee who
entered no stipulation concerning the accounting.


Products and Percentage of Profit

The undisputed general rule is that joint copyright owners
must account to each other for half of all profits realized from
the work regardless of the relative contributions of the co-
authors.  NIMMER, §6.09; Erickson v. Trinity Theater, Inc., 13 F.3d
1061.  Based on this undisputed rule the parties apparently agree

5

that plaintiffs are entitled to one half of profits realized on the sale of Spawn issues 9 and 26 and Angela issues 1, 2 and 3.

The parties disagree on the appropriate percentage of profits to be provided in accounting for use of the characters Medievel Spawn, Cogliostro and Angela which the jury also found to be works of joint authorship. The characters were licensed for the production of toy figures and other purposes and may also have been used directly by defendants Todd McFarlane and Todd McFarlane Productions, Inc. The Court finds no support for the defendants' position that the profits from the use and licensing of the characters should be divided other than equally. Accordingly, plaintiffs can recover half of those profits and licensing fees.

## Motion for Contempt

Plaintiffs' motion for contempt and recovery of fees is without merit. The plain terms of the stipulation provide that the accounting would await resolution of the issues here addressed. However, the stipulation also clearly contemplates that the accounting will not await the outcome of motions after verdict or an appeal. In that regard it is clear that the accounting is treated as would be the damage phase of a trial. Accordingly, plaintiffs' motion for contempt and sanctions is denied and the parties may proceed to conduct the accounting in accordance with

6

the terms of the stipulation and the Courts rulings on issues of
fact and law relating to the accounting.

### ORDER

IT IS ORDERED that the accounting may proceed in accordance
with the stipulation and the rulings herein.

IT IS FURTHER ORDERED that plaintiffs' motion for contempt is
DENIED.

Entered this 11th day of December, 2002.

BY THE COURT:

JOHN C. SHABAZ
District Judge

GRANTED

Aug 02 2005 10:05PM  KEN F LEVIN                    13128279001              P.9
OCT-09-02  12:20PM   FROM-Foley & Lardner Madison        8092804258        T-141  P.005/008  F-888

DOC NO
RECEIVED/FILED    **182**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
2002 SEP 27  PM 12: 26

CLER... .S. .ISI. COURT
WB .F WI

NEIL GAIMAN and                        )
MARVELS AND MIRACLES, L.L.C.,          )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )   Case No.: 02-C-0048-S
                                       )
TODD MCFARLANE,                        )
TODD MCFARLANE PRODUCTIONS, INC.,      )
TMP INTERNATIONAL, INC.,               )
MCFARLANE WORLDWIDE, INC., and         )
IMAGE COMICS, INC.,                    )
                                       )
        Defendants.                    )

---

## JOINT STIPULATION OF PLAINTIFFS AND THE MCFARLANE DEFENDANTS REGARDING THE PROCEDURE FOR DETERMINING ACCOUNTING OF PROFITS

---

Plaintiffs Neil Gaiman ("Gaiman") and Marvels and Miracles, LLC and

defendants Todd McFarlane, Todd McFarlane Productions, Inc., TMP International, Inc., and

McFarlane Worldwide, Inc. (collectively "the McFarlane Defendants"), hereby stipulate and

agree as follows:

Should the Court or Jury render a verdict or judgment (the "Verdict or

Judgment") that Gaiman is an owner of the copyright/s to one or more of the publications or

characters at issue in this action and ordering an accounting of the profits earned by one or more

of the McFarlane Defendants from those publications or characters, the amount of those profits

shall not be a jury question. Instead, within 14 days of issuance of the Verdict or Judgment,

whichever is earlier, Plaintiffs and the McFarlane Defendants shall serve on each other a list of

three accountants or accounting firms whom they propose to perform an accounting of the profits

003.3740028.1

earned by the appropriate McFarlane Defendants from the relevant publications or characters. Within 14 days of being served with the lists, the previously-designated damages experts for Plaintiffs and the McFarlane Defendants shall make a good faith effort to jointly select one accountant or accounting firm from the six submitted by the Parties to perform the accounting of profits. Should the Parties' experts be unable, in good faith, to reach agreement, then each expert shall select one accountant or accounting firm from the opposing party's list and one of those two accountants/firms (the "Accountant") shall be selected through the toss of a coin.

Within 10 days of issuance of the Verdict or Judgment, the Parties shall serve and file with the Court all motions, supporting briefs and other materials regarding any legal or factual issues the Parties believe must be resolved prior to the Accountant performing the accounting. The Parties shall have 10 days from the date of service of such motions to serve and file any responses to such motions. The Parties shall have 5 days from the date of service of the responses to serve and file any replies.

The Accountant shall perform the accounting in accordance with any rulings by the Court on the above motions.

The Accountant shall submit to the Parties a description of the procedures to be used in performing the accounting. Within 10 days of receiving the description of procedures, each party may submit a list of objections and/or proposed changes to those procedures. The Parties shall in good faith attempt to reach agreement regarding each party's objections and proposed changes. However, should the Parties be unable to reach agreement on any of the Accountant's procedures, the Accountant shall have the final decision regarding those procedures on which the Parties disagree.

003.3744898.1

2

Aug 02 2005 10:05PM  KEN F LEVIN                    13128279001              p.11

OCT-08-02    12:28PM  FROM-Foley & Lardner Madison           6082584258          T-141  P.007/008  F-810

Within 14 days of receiving the Accountant's accounting of profits, each party may submit a list of objections to that accounting. In the absence of any objections by the Parties, the accounting shall be final (the "Final Accounting"). If any of the Parties submit objections to the Accounting, within 7 days of receiving those objections, the Accountant shall inform the Parties of whether the Accountant will revise its accounting in light of any of those objections. Should the Accountant revise its accounting in light of the Parties' objections, that revised accounting shall be the Final Accounting.

Within 10 days of receiving the Final Accounting, Plaintiffs shall serve and file with the Court a proposed judgment to be entered against the McFarlane Defendants with regard to the accounting for profits. Plaintiffs may also serve and file a brief and other supporting materials as necessary. Within 10 days of being served with the proposed judgment, brief and supporting materials, the McFarlane Defendants may serve and file a brief in response and supporting materials. Within 5 days of being served with the McFarlane Defendants' response, Plaintiffs may file a brief in reply and supporting materials. The Court may then enter judgment as it deems appropriate.

The Parties shall each pay for one-half of the Accountant's total fees, costs, and expenses charged for performing the accounting.

By stipulating to the above procedures, the Parties do not waive any right to appeal any rulings by the Court regarding legal issues relevant to the Accounting. However, the Parties waive the right to appeal any accounting decisions, procedures or actions by the Accountant relating to the Accounting, including the amount of the Final Accounting.

Subject to the limitations set forth in the previous paragraph, the parties agree that the Court may enter a final judgment regarding any verdicts, decisions, or orders, including any

3

003.2743001.1

order ordering an accounting of profits, at any time the Court deems appropriate and that any

party may appeal such a final judgment prior to the completion of the accounting.



Dated this 27ᵗʰ day of September, 2002.

FOLEY & LARDNER

By: _____
Allen A. Arntsen
Joan L. Eads
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

**Mailing Address:**
Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808

**Co-Counsel:**
Kenneth F. Levin
20 North Wacker Drive, Suite 2200
Chicago, IL 60606

Of Counsel:
Mark Hellmann
Michael Reghitin
Foley & Lardner
220 N. Wabash Ste. 3300
Chicago, IL 60611

Dated this _____ day of September, 2002.

LAFOLLETTE, GODFREY & KAHN, S.C.

By: _____
Eugenia G. Carter
Todd G. Smith
*Attorneys for McFarlane Defendants*

**Mailing Address:**
LaFollette, Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703

**Co-Counsel:**
Michael Kahn, Esq.
Peter Salsich, III, Esq.
Blackwell, Sanders, Pepper, Martin
720 Olive Street, Suite 2400
St. Louis, MO 63101

4

003.376390.1

Aug 02 2005 10:06PM   KEN F LEVIN                    13128279001                    p.13

OCT-08-02   12:21PM   FROM-Foley & Lardner Madison          6081864256          T-141   P.008/009   F-818

order ordering an accounting of profits, at any time the Court deems appropriate and that any

party may appeal such a final judgment prior to the completion of the accounting.

Dated this _____ day of September, 2002.



FOLEY & LARDNER

**Mailing Address:**
Foley & Lardner
150 East Gilman Street
Madison, WI 53703-2808

**Co-Counsel:**
Kenneth F. Levin
20 North Wacker Drive, Suite 2200
Chicago, IL 60606

By: _____
Allen A. Arntsen
Joan L. Eads
Jeffrey A. Simmons
*Attorneys for Plaintiffs*

**Of Counsel:**
Mark Heckman
Michael Rechtin
Foley & Lardner
330 N. Wabash Ste. 3300
Chicago, IL 60611

Dated this 27th day of September, 2002.

LAFOLLETTE, GODFREY & KAHN, S.C.

By: _____
Eugenia G. Carter
Todd G. Smith
*Attorneys for McFarlane Defendants*

**Mailing Address:**
LaFollette, Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703

**Co-Counsel:**
Michael Kahn, Esq.
Peter Salsich, III, Esq.
Blackwell, Sanders, Popper, Martin
720 Olive Street, Suite 2400
St. Louis, MO 63101

4

002.374208.1