LAW FIRM

## BLACKWELL SANDERS PEPER MARTIN
LLP

720 Olive Street, Suite 2400  St. Louis, MO 63101
Tel (314) 345-6000  Fax (314) 345-6060
WEBSITE: www.blackwellsanders.com

Michael A. Kahn                                                                                          DIRECT FAX: (314) 345-6596
DIRECT: (314) 345-6496                                                          E-MAIL: mkahn@blackwellsanders.com

June 1, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Susan M. Freeman
Lewis and Roca LLP
40 North Central Avenue
Phoenix, AZ 85004-4429

Kenneth F. Levin
20 North Wacker Drive
Suite 4200
Chicago, IL 60606

      **Re:**    *Gaiman, et al. v. McFarlane, et al.*, Case No. 02-C-0048 S
                (U.S. D. Ct. W. D. Wis., filed 1/24/2002)
           *In re Todd McFarlane Productions, Inc.*, Case No. 04-bk-21755
                (U.S. Bkrtcy. Ct., filed 12/17/2004)

Dear Susan and Ken:

      This letter addresses—and hopefully resolves—three open items from Susan's email to Tom Salerno and Bob Miller dated March 5, 2007. The subject of that email was the production of various documents and information under what the parties have referred to as the Protocol (which is contained in the court filing dated October 31, 2005, and entitled "Stipulation Re: Relief from the Automatic Stay to Complete Litigation in the District Court"). Susan's email requested (i) an update of information previously provided to Mr. Gaiman under the Protocol, and (ii) production of documents falling within a lengthy list of categories that, according to the email, had not been previously produced.

      Accordingly, this letter covers the following three items:

- An identification of documents and information Mr. McFarlane and Todd McFarlane Productions ("TMP") have already produced (which, as you will see, includes documents falling into many of the categories erroneously listed as unproduced in Susan's March 5th email);

- An identification of additional documents being produced (for the most part, on the CD-ROM enclosed with the paper version of this letter); and

STLD01-1315962-2



Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 2

- An explanation of why certain additional documents are not being produced.

## PRIOR DOCUMENT PRODUCTION AND
## ENCLOSED SUPPLEMENTAL PRODUCTION

Susan's March 5th email requested generally that we supplement prior productions to provide financial data on the products at issue through December 31, 2006. As more fully explained below, the supplemental production is on the enclosed disk. As has always been offered, all supporting documentation for summaries and reports remain available for inspection and copying as they are maintained in the usual course of business at the offices of TMP. Note that for many products there are no supplemental materials because there has been no additional revenue since the last production.

In addition, Susan's email stated that she had not received any documents or information on various products and categories previously requested under the Protocol. This is inaccurate on several levels. As more fully explained below, the thousands of pages provided to you under the Protocol in January 2006 include financial data on many of the identified categories and products. Second, as Ken will confirm, the Protocol merely continued and supplemented discovery that began in 2002 in the Wisconsin District Court litigation. The documents that have already been provided to you include financial data on most of the identified products. As more fully described on Tables 1, 2 and 3 below, these documents include thousands of pages provided in Rule 26(a) disclosures and produced in responses to discovery requests in the Wisconsin District Court litigation, additional documents provided after the jury verdict in that case and pursuant to the August 15, 2003 additional stipulation regarding production of certain financial information to Steven Sills, and the thousands of pages provided under the Protocol.

## Table 1: Prior Document Productions

Your client has been provided with documents and other information pursuant to the following document productions:[1]

| Litigation Stage | Production Stage | Date | Document Range |
|---|---|---|---|
|  |  |  |  |

---

[1] The abbreviations "TM" and "IC" in the charts refer, respectively, to a document produced by TMP or Image Comics, Inc. in the Wisconsin litigation. All such documents were produced with that identifier abbreviation plus a document number, *e.g.*, "TM 677." The term "unnumbered page" followed by a number—*e.g.*, "unnumbered page 57" means it was the 57th page of the set of documents produced to Mr. Sills (and then re-produced to you).

STLD01-1315962-2

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 3

| Litigation Stage | Production Stage | Date | Document Range |
|---|---|---|---|
| Gaiman Trial | Rule 26(a) Disclosures | June 3, 2002 | TM 1-677 |
| | | June 3, 2002 | TM 678-1516 |
| | Document Productions | May 23, 2002 | IC 1-5141[2] |
| | | June 11, 2002 | TM 1517-1638 |
| | | June 14, 2002 | TM 1639-1857 |
| | | July 31, 2002 | TM 1858-1952 |
| | | August 16, 2002 | TM 1953-2690 |
| Sills Production | Foley Lardner Letter | February 24, 2003 | 4 binders of pleadings, condensed depositions, exhibits, and documents |
| | Peterson | August 22, 2003 | Approximately 400 unnumbered page pages |
| | Peterson Supplemental | September 5, 2003 | Approximately 17 unnumbered page pages |
| | Peterson letter | November 25, 2003 | |
| Protocol | Squire Sanders Letter | January 11, 2006 | TMP 1-2936 |

**Table 2: Documents Already Provided Re: Publications and Toys**

With respect to the specific products about which your March 5th email contends you have been provided no financial data, a review of the documents *already* in your possession reveals that you have in fact been provided with financial data on at least the following products:

| Media/Product | Issue/ Item # | Production Stage | Reference |
|---|---|---|---|
| Spawn Bible | | Sills Production | Unnumbered page 121 |
| Spawn Book of Souls | | Sills Production | Unnumbered page 122 |
| Spawn | 9 | Sills Production/ | 60-61/*TM 335-440, 470,* |

---

[2] Please keep in mind that with respect to the identified publications, Image Comics produced thousands of pages in response to your client's discovery requests. Many of those pages provided financial data for the identified publications. Although Image Comics is not a party to the Joint Stipulation of Plaintiffs and the McFarlane Defendants Regarding the Procedure for Determining Accounting of Profits ("Wisconsin Stipulation"), those documents are nevertheless in the possession of all the parties and the data contained in those pages is equally available to each.

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 4

| Media/Product | Issue/ Item # | Production Stage | Reference |
|---|---|---|---|
| | | *Gaiman Litigation* | *526, 538, 542, 557, 1526-1527, 1682-1683* |
| Spawn | 27 | *Gaiman Litigation* | IC 5197 |
| Spawn | 32 | Sills Production | Unnumbered page 65 |
| Spawn | 68 | Sills Production | Unnumbered page 86 |
| Spawn | 77 | Sills Production | Unnumbered page 92 |
| Spawn | 81 | Sills Production | Unnumbered page 96 |
| Spawn | 83 | Sills Production | Unnumbered page 97 |
| Spawn | 84 | Sills Production | Unnumbered page 98 |
| Spawn | 85 | Sills Production | Unnumbered page 99 |
| Spawn | 86 | Sills Production | unnumbered page 100 |
| Spawn | 87 | Sills Production | unnumbered page 101 |
| Spawn | 88 | Sills Production | unnumbered page 102 |
| Spawn | 89 | Sills Production | unnumbered page 103 |
| Spawn | 96 | Sills Production | unnumbered page 104 |
| Spawn | 97 | Sills Production | unnumbered page 105 |
| Spawn | 99 | Sills Production | unnumbered page 107 |
| Spawn | 101 | Sills Production | unnumbered page 109 |
| Spawn of the Dark Ages | 1 | Sills Production | Unnumbered page 48 |
| Spawn of the Dark Ages | 7 | Sills Production | Unnumbered page 50 |
| Spawn of the Dark Ages | 9 | Sills Production | Unnumbered page 51 |
| Spawn of the Dark Ages | 11 | Sills Production | Unnumbered page 52 |
| Spawn of the Dark Ages | 12 | Sills Production | Unnumbered page 53 |
| Spawn of the Dark Ages | 13 | Sills Production | Unnumbered page 54 |
| Spawn of the Dark Ages | 14 | Sills Production | Unnumbered page 55 |
| Spawn of the Dark Ages | 15 | Sills Production | Unnumbered page 56 |
| Spawn of the Dark Ages | 18 | Sills Production | Unnumbered page 57 |
| Spawn of the Dark Ages | 26 | Sills Production | Unnumbered page 58 |
| Spawn of the Dark Ages | 27 | Sills Production | Unnumbered page 59 |
| Curse of Spawn | 9 | Sills Production/ *Gaiman Litigation* | unnumbered page 44/ *TM 470, 526, 535* |
| Curse of Spawn | 10 | Sills Production/ *Gaiman Litigation* | unnumbered page 45/ *TM 470, 526, 536* |
| Curse of Spawn | 11 | Sills Production/ *Gaiman Litigation* | unnumbered page 46/ *TM 470,526,537* |

STLD01-1315962-2

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 5

| Media/Product | Issue/ Item # | Production Stage | Reference |
|---|---|---|---|
| Curse of Spawn | 19 | Sills Production | Unnumbered page 47 |
| Glory Angela | | N/A (*Gaiman Litigation*) | *TM 1571, IC 5173* |
| Spawn Movie Adaptation (Random House) | | Protocol/*Gaiman Litigation* | TMP 1518/ *TM 1249-1250* |
| Spawn Paperbacks | 2 | Protocol/ *Gaiman Litigation* | TMP 1554-1568/*TM 470, 526, 532, 559, 1680-168/ IC 5150* |
| Spawn Paperbacks | 6 | Protocol/Sills Production/ *Gaiman Litigation* | TMP 1520-1531/ unnumbered page 116/ *IC 5145-5155* |
| Series 1 Angela | 10113 | *Gaiman Litigation* | *TM 526, 1986, 2080-2084, 2367, 2456-2459, 2566, 2582, 2639, 2643, 2659, 2664* |
| Red Angela- Spawn Club Exclusive | 10113 R | Protocol/ *Gaiman Litigation* | TMP 33/ *TM 519, 524, 526, 1590* |
| Blue Angela (Heavenly Fire Angela) | 90241 | Protocol/ *Gaiman Litigation* | TMP 33/ *TM 1593, 2011, 2014, 2055, 2057, 2172-2193, 2367, 2372, 2563-2564, 2566, 2637, 2637, 2657, 2659, 2689* |
| Medieval Spawn 1st Edition (5th toy) | 10100 | Protocol/ Gaiman Litigation | TMP 33/ *TM 374-409, 458, 462, 466, 501-504* |
| Bonus Series 1 Blue Medieval Spawn | 10103 R | *Gaiman Litigation* | *TM 2417-2423* |
| Spawn Spogz set (Pogs) | | *Gaiman Litigation* | *TM 526, 529, 530, 559/ IC 8-9, 15-16, 74-75* |

To the extent there is any supplemental financial data on any of these products through December 31, 2006, those documents are contained on the enclosed disk.

STLD01-1315962-2

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 6

### Table 3: Documents Already Provided Re: Audio-Visual Products

    The category of audio-visual products involving the copyrighted characters at issue in the accounting includes four products: the live-action feature movie entitled *Spawn* released by New Line Cinema (including subsequent video and DVD releases) and the three seasons of the animated television series entitled *Todd McFarlane's Spawn* and originally broadcast on HBO (including subsequent video and DVD releases).  We have previously produced financial data on these four products as follows:

| Media/Product | Production Stage | Reference |
|---|---|---|
| SPAWN Movie-New Line | *Gaiman Litigation* | *TM 1671  (TM 1172-1236, 1672-1676 for* rights and executive producer agreements) |
| Spawn Season I (HBO) | Protocol/ Sills Production (Gaiman Litigation)/ Sills Amended Production | TMP 1250, 1266-1330/ unnumbered page 155-174 (TM 1286-1356, 1540-1558 for rights and producers agreement)/ A unnumbered page 8-9, 15-16, 56-68, 74-75, 89 |
| Spawn Season II (HBO) | Protocol/ Sills Production/ Sills Amended Production | TMP 1250, 1266-1330/ unnumbered page 155-174/ A unnumbered page 8-9, 15-16, 56-68, 74-75, 89 |
| Spawn Season III (HBO) | Protocol/ Sills Production/ Sills Amended Production | TMP 1250, 1266-1330/ unnumbered page 155-166/ A unnumbered page 8-9, 15-16, 56-68, 74-75, 89 |

    To the extent there are any supplemental financial data on these products through December 31, 2006, those documents are contained on the enclosed disk.

### Other Categories

    We have been unable to identify any financial data previously provided for the following products:

| Media/Product | Issue/  Item # |
|---|---|
|  |  |

STLD01-1315962-2

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 7

| Media/Product | Issue/ Item # |
|---|---|
| Angela Special Edition Spawn | 28 |
| Spawn | 30 |
| Spawn of the Dark Ages | 8 |
| Spawn Simony | |
| Spawn Bloodfeud | 1 |
| Spawn Paperbacks | 3 |
| Spawn Paperbacks | 7 |
| Spawn Paperbacks | 8 |
| Spawn Paperbacks | 9 |
| Spawn Paperbacks | 10 |
| Spawn Paperbacks | 11 |
| Spawn Paperbacks | 12 |
| Angela Tiffany Set | ANG/TIFF |
| Spawn Board game | |

The financial information on these products that we have been able to locate can be found either on the enclosed disk or on a supplemental disk we will send you in a few days.

Neither Todd McFarlane nor TMP received any revenue for some of the products on your list, and neither of them has been able to locate any documents regarding financial information — including licenses — about those products. Accordingly, no documents will be provided for the following products:

| Media/Product | Issue/ Item # |
|---|---|
| Medieval Spawn Witchblade | 1 |
| Medieval Spawn Witchblade | 2 |
| Medieval Spawn Witchblade | 3 |
| Angela Zippo lighter | |
| Angela T-shirt | |

There are some products about which you have demanded financial data, but your description fails to match any identifiable product. Without a better description or reference we

BLACKWELL SANDERS PEPER MARTIN
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 8

can provide no documents for the products you have identified as "Angela Hellfire Limited Edition" and "Purple Angela."

In your March 5th email, you also requested "information on any new or other publications or products with those characters and comics." We presume you are referring to the "characters and comics" identified in the Second Amended Judgment in the Wisconsin District Court litigation, namely Angela, Cogliostro, Medieval Spawn, *Spawn* Issue Nos. 9 & 26, and *Angela* Issue Nos. 1-3. Please be advised that we are aware of no new publications or products involving those characters and comics.

Finally, as indicated in my March 26th letter (and discussed further below), several of the products on your list do not involve the copyrights or the derivative works based on the copyrights that are the subject of the pending accounting. Although the effort to provide comprehensive financial information for the 14-year period you have demanded caused us to include (*i.e.*, not redact) information on some additional products listed on the reports, that does not mean you are entitled to all of the data you have requested. We discuss the reasons for our position in the next section. For completeness of the record, set forth below are the products at issue and the information on some of those products that has been included in summaries and reports produced for other products.

| Media/Product | Issue/ Item # | Provided | Reference |
|---|---|---|---|
| Shattered Image | 1 | | |
| Shattered Image | 2 | | |
| Shattered Image | 3 | | |
| Shattered Image | 4 | | |
| Spawn the Impaler | 3 | | |
| Spawn Blood and Shadows | | | |
| Spawn Blood and Salvation | | | |
| Spawn Bloodfeud | 2 | | |
| Spawn Bloodfeud | 3 | | |
| Spawn Bloodfeud | 4 | | |
| Spawn Fan Edition | 17 | | |
| Spawn Paperbacks | 4 | | |
| Spawn Paperbacks | 5 | | |
| Spawn the Dark Ages Series 11 | 11140/R | Protocol | TMP 527-545, 628-629, 631, 735 |
| Spawn the Dark Ages Series | 11170/R | Protocol | TMP 613-618, 620-622 |

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 9

| Media/Product | Issue/ Item # | Provided | Reference |
|---|---|---|---|
| 14 | /C | | |
| Viking Toy Series 22 | 11260 | Protocol | TMP 560-585 |
| Tiffany Series 17 | 11203 | Protocol | TMP 666-726 |
| Domina Series 20 (mass) | 11235 | Protocol | TMP 666-714 |
| Domina Series 20 (limited edition) | | | |
| SPAWN Animated programming and merchandise (IDT Entertainment) | | N/A | |

## THE "DERIVATIVE" CHARACTER ISSUE

Susan's letter of April 30th, which responds to my letter of March 26th, which in turn was a preliminary response to Susan's March 5th email, reminds me of that memorable line from the motion picture *Cool Hand Luke*: "What we have here is a failure to communicate." I write this in the sincere hope of bridging that gap. Because our misunderstanding is on an issue of law, and not accounting, I am hopeful that we can resolve it among ourselves. If so, we can promptly move to the next phase of the Protocol.

I'll start by setting forth our areas of agreement, which are:

- that Mr. Gaiman is entitled to a *copyright* accounting;

- that the Second Amended Judgment specifies that the accounting must include, in addition to certain comic books, the following three characters identified by name in that Judgment: Medieval Spawn, Cogliostro, and Angela; and

- that the Second Amended Judgment does not identify any other character to be included in the accounting.

I assume we can agree that there must be some cognizable *copyright ownership* connection to the products for which Mr. Gaiman can seek a share of the profits. For example, he has cognizable copyright ownership connection to an Angela action figure because—under Section 101 of the Copyright Act, 17 U.S.C. § 101—that action figure is a *derivative* work based upon the Angela comic book character. His right to an accounting is thus triggered even though

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 10

he had no involvement whatsoever in the creation of the action figure. The same would be true, for example, if there were an Angela T-shirt or an Angela skateboard. I believe we agree on this point as well.

Where we parted ways in our prior correspondence was in Susan's attempt to expand the accounting to include what Susan characterizes as a claim stemming from the use of two of Mr. Gaiman's ideas. Such a claim is flawed on several levels. Among other things, even if Mr. Gaiman's ideas had been used, he could not, as a matter of law, be awarded an accounting for that use under U.S. copyright law. As explained below, he has no copyright interest (and thus no accounting interest) in any of the *ideas* that inform his expressive contributions to the comic books.[3]

The distinction between an *idea* and *expression* is a dispositive one. Indeed, that distinction is the threshold requirement of copyrightability. As Section 102 of the Copyright Act makes clear, "[i]n no case does copyright protection for an original work of authorship extend to any *idea* . . . or *concept* . . ., regardless of the form in which it is *described*, explained, illustrated, or *embodied* in such work." 17 U.S.C. § 102 (emphasis added). *See, e.g., Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir. 1976) ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself. *Mazur v. Stein*, 347 U.S. 201, 217 (1954); *Baker v. Seldon*, 101 U.S. 99, 102-03 (1879).").

Thus even if we agreed *arguendo* with all of Susan's assertions—including her contention that Mr. Gaiman's created "the concept" of "God's army of brutal fighter warrior angels" and created the "precedent" of other prior Spawns that fought other warrior angels—he still would have no cognizable copyright (or other financial) interest in the actual expressions of those ideas in the form of other Spawns (such as Spawn the Impaler) or other warrior angels (such as Tiffany). The reason is simple: copyright law does not protect ideas.

Accordingly, there is no such thing as a "derivative" based upon an idea. This is not Kahn on Copyright; this is the law. These other incarnations of Spawn and other warrior angels are

---

[3] Even if the law recognized such a theft-of-idea claim, Mr. Gaiman has long since waived it. Among other things, he failed to allege it. Moreover, when the time came after entry of the judgment to file motions in the district court "regarding any legal and factual issues the parties believe must be resolved prior to the Accountant performing the accounting," Mr. Gaiman failed to raise the issue. As the district court's Memorandum and Order of December 11, 2002, makes clear, the parties raised only three such issues: the relevant time period for the accounting, the persons and entities who had to participate in the accounting, and the percentage of the profits to which Mr. Gaiman was entitled from the characters and publications at issue. Any additional claim has been long since barred.

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 11

separately copyrightable works of expression in which Mr. Gaiman has no cognizable claim and has been awarded no rights, accounting or otherwise. They are not, as Susan's letter erroneously labels them, "derivative" works. As Professor Nimmer explains, "If that which is borrowed consists merely of ideas and not of expression of ideas, then, although the work may have in part been derived from prior works, it is not a derivative work." NIMMER ON COPYRIGHT §3.01.

Thus even if Mr. Gaiman (or Mr. Gaiman and Mr. McFarlane) came up with the *ideas* of female warrior angels and other male hellspawns, the only copyrightable creations he has an interest in are his three joint *expressions* of those ideas, namely, Angela, Medieval Spawn and Cogliostro. He has no right to any profits earned from someone else's expression of the *idea* of earlier versions of Spawn in the form of, say, Spawn the Impaler. That is because Spawn the Impaler is not a derivative of Medieval Spawn; it is instead a derivative of Spawn, and—more important—an original expression of the *idea* of an earlier version of Spawn. So, too, with Tiffany. She is an original expression of the same idea that Mr. Gaiman and Mr. McFarlane previously expressed in the form of Angela.

As Ken knows, the case law is filled with examples of courts drawing this line between an idea and its expression. For example, *Jurassic Park* did not infringe the copyright in *Dinosaur World*, a children's novel set in "an imaginary present day man-made animal park for dinosaurs and other pre-historic animals where ordinary people... can, in presumed safety, visit, tour and observe the creatures in a natural but hi-tech controlled habitat." *Williams v. Crichton,* 84 F.3d 581 (2d Cir 1996). Why? Because, according to the court, "[a]ny similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo." *Id.* at 589. Stating that "[i]t is a principle fundamental to copyright law that a copyright does not protect an idea, but only the expression of an idea" (*id.* at 587), the Second Circuit cited to one of its prior decisions of particular relevance here (*id.* at 588):

> In *Mattel, Inc. v. Azrak-Hamway Int'l, Inc*. 724 F.2d 357, 360 (2d Cir. 1983) (per curiam), we found that a 5 1/2 inch Warlord doll did not infringe upon a 5 1/2 inch Masters of the Universe doll because, though the dolls looked remarkably similar, the similarities all were attributable to the unprotectible idea of "a superhuman muscleman crouching in what since Neanderthal times has been a traditional fighting pose." We found that protectible expression might only arise from the way the two dolls emphasized the idea, such as by accentuating certain muscle groups instead of others. *Id.*

In short, Gaiman's copyright interest in Medieval Spawn is limited. As stated in Section 103(b) of the Copyright Act, 17 U.S.C. § 103(b), his interest extends "only to the material

**BLACKWELL SANDERS PEPER MARTIN**
LLP

Susan M. Freeman
Kenneth F. Levin
May 31, 2007
Page 12


contributed by [Gaiman] to such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." In other words, his copyright extends only to those aspects of Medieval Spawn that distinguish the character from the original Spawn. His rights do not extend to any other derivative version of the Spawn because the only similarity is the *idea* of other hellspawns.

      I hope this resolves the issue. If so, we can move to the next phase of the Protocol, which is the delivery to you, within 30 days, of my clients' proposal as to the "ratable value of the publications and characters at issue," as more fully set forth in Paragraph 6 of the Protocol."

      Accordingly, please let me know by Wednesday of next week whether this "derivative" issue is now resolved or, if not, what remains in dispute. We need to resolve any remaining issue promptly, especially given the forthcoming estimation hearing. Ken, I assume you are the lawyer who will be addressing the issue, which is a legal—and not an accounting—one. So please contact me as soon as possible if there is anything further we need to resolve.

    Very truly yours,

    *s/ Michael A. Kahn*

    Michael A. Kahn

Enclosure

cc:    Todd McFarlane
       Stephen R. Peterson
       Robert J. Miller
       Thomas J. Salerno