# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

NEIL GAIMAN and MARVELS AND
MIRACLES, LLC,

*Plaintiffs,*

v.

TODD MCFARLANE; TODD
MCFARLANE PRODUCTIONS, INC.; TMP
INTERNATIONAL, INC.; MCFARLANE
WORLDWIDE, INC.; and IMAGE COMICS,
INC.,

*Defendants.*

Case No.    02-cv-0048-bbc

**DEFENDANT IMAGE COMICS, INC.'S
OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER DECLARING
GAIMAN'S INTEREST IN DERIVATIVE
CHARACTERS FOR PURPOSES OF
ACCOUNTING OF PROFITS**

CROWELL & MORING LLP
R. Scott Feldmann
(*pro hac vice*)
Thomas E. Dietrich
(*pro hac vice*)
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:   (949) 263-8400
Facsimile:   (949) 263-8414

Attorneys for Defendant
Image Comics, Inc.

On December 12, 2002, this Court issued an order stating that "[t]here is no basis for any accounting against *or participation by* defendant Image Comics which is an unrelated licensee who entered no stipulation concerning the accounting." (Docket Number ("D.N.") 251 at 5 (emphasis added).) Plaintiff Gaiman's pending Motion for Order Declaring Gaiman's Interest in Derivative Characters for Purposes of Accounting of Profits (the "Motion") apparently seeks to impose accounting-related document production responsibilities on Image in contradiction to the Court's prior order. Image therefore opposes the Motion to the extent that Gaiman is once again improperly trying to force Image's participation in the copyright accounting.

## I.    Gaiman Seeks an Order Imposing Accounting-Related Obligations on All "Defendants," Which Would Include Image

Gaiman is presently seeking two court orders: (1) an order declaring he is entitled to an accounting from the McFarlane Defendants (defined as Todd McFarlane and TMP); and (2) an order obligating all defendants to produce documents and information relating to profits earned on the characters and works at issue (the "production order"). (D.N. 288 at 1 ¶ 1.) The former is irrelevant to Image, who is not a McFarlane Defendant. But Gaiman casts a wider net in the latter request for a production order, seeking to ensnare *all* defendants. In every instance where Gaiman mentions the production order, he refers not to the "McFarlane Defendants" as in the rest of the Motion but rather to omits the preceding limitation and refers only to "Defendants." (*See id.*; D.N. 289 at 15 ¶ 2, 16 ¶ 1.) As a defendant, this term includes Image.

Footnote 3 of Gaiman's Motion solidifies his position. There, Gaiman alleges that the Court, in the December 12, 2002 order, "clarified that in addition to defendants Todd McFarlane and TMP, *the remaining defendants* can be obligated to cooperate in providing financial information for the accounting." (D.N. 298 at 3 n.3 (emphasis added).) Image is a "remaining defendant" and thus it appears Gaiman is attempting to impose accounting-related obligations

upon Image.  However, Gaiman mischaracterizes the Court's prior order, which exempts Image

from participation entirely.

## II. The Court's December 12, 2002 Order Unambiguously Exempts Image From Accounting for Profits and From Participating in the Accounting in Any Way

This Court was very clear in its December 12, 2002 order that no accounting was to be

had against Image *and* that Image need not participate in the accounting in any way.  As stated in

the December 12, 2002 order:

> Only the copyright owners, Todd McFarlane and [TMP] are liable to account to plaintiffs.  There is no dispute that only joint owners must account for profits to their co-owners and that defendants TMP International, Inc., McFarlane Worldwide, Inc., and Image Comics, Inc. are mere licensees and have never been owners of a copyright in the works at issue. . . .  Plaintiffs are not entitled to recover profits realized by TMP International, Inc., McFarlane Worldwide, Inc., or Image Comics from their use of the licensed works. . . .
>
> Where the parties to a license agreement are related, such as in contracts between the McFarlane defendants, the accountant may deem it necessary to examine financial records of both the licensor and the licensees to reach a determination on the actual amount of benefits which accrued to the trademark owner/licensor in exchange for the license to use the works.  In view of the fact that all McFarlane defendants stipulated to the accounting it is appropriate to require their participation in the provision of financial information if requested by the accountant.
>
> *There is no basis for any accounting against* or participation by *defendant Image Comics* which is an unrelated licensee who entered no stipulation concerning the accounting.

(D.N. 251 at 4-5 (emphasis added).)

The Court unambiguously found that Image, as an unrelated third party who did not sign

the stipulation, had no duty to account or to provide documents or permit examination of

financial statements in relation to the accounting.  (*Id*. at 5.)  Therefore, Gaiman had no basis

then, and no basis now, to require Image's participation in the process.

**III.**    **Gaiman Provides No Legal Justification to Reverse the Court's Prior Order and Require Image's Participation in the Accounting**

The Court held in its March 12, 2010 order that "[t]he rulings that Judge Shabaz made in this case are conclusive and bar [the parties] from re-litigating them." (D.N. 286 at 7.) Gaiman cites no intervening law that would justify imposing copyright accounting-related duties on a prevailing defendant.[1] Judge Shabaz conclusively ruled that Image has no obligation to provide documents, permit examination of its records, or play any role in the accounting.

## CONCLUSION

For the foregoing reasons, Image respectfully requests that the Court deny Gaiman's Motion to the extent it seeks to impose accounting-related obligations upon Image in contradiction to the Court's December 12, 2002 order.

DATED: April 6, 2010                 Respectfully submitted,

                                     CROWELL & MORING LLP


                                     /s/ Thomas E. Dietrich
                                     R. Scott Feldmann
                                     Thomas E. Dietrich

                                     Attorneys for Defendant
                                     Image Comics, Inc.

IR4531898.2

---

[1]    Image prevailed on all copyright claims brought against it by Gaiman. (*See* D.N. 100 at 7 (dismissing copyright claims with prejudice).)

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3 Park Plaza, 20th Floor, Irvine, California 92614-8505.  On **April 6, 2010**, I served a copy of the following document(s) described as:

**IMAGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DECLARING GAIMAN'S INTEREST IN DERIVATIVE CHARACTERS FOR PURPOSES OF ACCOUNTING OF PROFITS**

on the parties or attorneys for parties in this action who are identified on the attached service list using the means of service described on the service list.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **April 6, 2010,** at Irvine, California.


/s/ _____
Thomas E. Dietrich

IMAGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DECLARING GAIMAN'S INTEREST IN
DERIVATIVE CHARACTERS FOR PURPOSES OF ACCOUNTING OF PROFITS

## SERVICE LIST:

**BY MAIL**

| | |
|---|---|
| Kenneth F. Levin, Esq.<br>Kenneth F. Levin and Associates<br>3100 Dundee Road<br>Suite 307<br>Northbrook, IL 60062<br><br>Telephone:    (312) 827-9000 | *Counsel for*<br>*Neil Gaiman*<br>*Marvels and Miracles, LLC* |

**BY ECF**

| | |
|---|---|
| Jeffrey A. Simmons, Esq.<br>Allen Arntsen, Esq.<br>Foley & Lardner LLP<br>150 East Gilman Street<br>Madison, WI  53701<br><br>Telephone:    (608) 258-4267 | *Counsel for*<br>*Neil Gaiman*<br>*Marvels and Miracles, LLC* |
| Michael Kahn, Esq.<br>Bryan Cave LLP<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO  63102-2750<br><br>Telephone:    (314) 259-2251 | *Counsel for*<br>*Todd Mcfarlane*<br>*Todd Mcfarlane Productions, Inc.*<br>*TMP International, Inc.*<br>*Mcfarlane Worldwide, Inc.* |
| James Grimsley, Esq.<br>Bryan Cave LLP<br>Two North Central Avenue, Suite 2200<br>Phoenix, AZ 85004<br><br>Telephone:    (602) 364-7117 | *Counsel for*<br>*Todd Mcfarlane*<br>*Todd Mcfarlane Productions, Inc.*<br>*TMP International, Inc.*<br>*Mcfarlane Worldwide, Inc.* |
| Todd Smith, Esq.<br>Godfrey & Kahn S.C.<br>One East Main Street, Suite 5000<br>Madison, WI  53701<br><br>Telephone:    (608) 257-3911 | *Counsel for*<br>*Todd Mcfarlane*<br>*Todd Mcfarlane Productions, Inc.*<br>*TMP International, Inc.*<br>*Mcfarlane Worldwide, Inc.* |

IR4379238.4