UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**NEIL GAIMAN, and**
**MARVELS AND MIRACLES, LLC,**

    Plaintiffs,

    v.                                                              Case No.: 02-cv-00048-bbc

**TODD MCFARLANE, TODD**
**MCFARLANE PRODUCTIONS, INC.,**
**TMP INTERNATIONAL, INC.,**
**MCFARLANE WORLDWIDE, INC., and**
**IMAGE COMICS, INC.,**

    Defendants.

**PLAINTIFF'S REPLY BRIEF
IN SUPPORT OF MOTION FOR ORDER DECLARING GAIMAN'S INTEREST IN
DERIVATIVE CHARACTERS FOR PURPOSES OF ACCOUNTING OF PROFITS**

Plaintiff Neil Gaiman ("Gaiman") submits the following brief reply in support of his motion for an order declaring his interest in the derivative characters, *Tiffany*, *Domina*, and *Dark Ages Spawn*, for purposes of the parties' ongoing accounting of profits.

**I.    Gaiman Is Not Seeking An "Ownership Interest" In The Derivative Characters.**

As an initial matter, the McFarlane Defendants either misunderstand or are misrepresenting the relief Gaiman seeks with his motion. Gaiman is not asking this Court to "grant him an ownership interest" (Dkt. 295 at 1) in the characters the *Tiffany*, *Domina*, and *Dark Ages Spawn*. Nowhere in his filings does Gaiman request a declaration of copyright ownership; Gaiman does not and never did make such a claim. Instead, Gaiman simply seeks his rightful share of the profits earned from those three characters because they are derivative of the *Angela* and *Medieval Spawn* characters that Gaiman did create and of which the Court declared (and the Seventh Circuit affirmed) he is a joint copyright owner. (*See* Dkt. 253.) The law is

clear that Gaiman, as a joint copyright owner of the *Angela* and *Medieval Spawn* characters is entitled to a portion of the profits from such derivative works. (*See* Opening Br. [Dkt. 289] at 6.) Because the McFarlane Defendants have previously refused to produce documents relating to those characters for purposes of the accounting, Gaiman has asked the Court for an order resolving their status.[1]

## II.     There Is No Due Process Violation Because The McFarlane Defendants Stipulated To The Accounting Procedure.

Because Gaiman is not seeking a declaration of copyright ownership, there is no merit to the McFarlane Defendants' contention that granting Gaiman's motion would somehow deny them due process. The McFarlane Defendants are receiving precisely the due process they agreed to. The McFarlane Defendants stipulated that the accounting of profits would be decided post-trial without a jury (*see* Dkt. 182) and they do not dispute that derivative works based on the *Angela* and *Medieval Spawn* characters are subject to the accounting. (*See* Opening Br. [Dkt. 289] at 7.) The accounting and subsidiary issues such as the status of specific derivative works could have been decided during the original jury trial, but the parties stipulated to this post-trial procedure instead. For that same reason, the McFarlane Defendants' contention that Gaiman is attempting to "improperly supplement the record" (Dkt. 295 at 1, 4) is wrong. The stipulated accounting process inherently requires the development of a separate evidentiary record so that the accountant has an adequate basis for his decisions.

---

[1] Defendant Image Comics, Inc. opposes Gaiman's motion on the ground that it seeks to impose accounting-related document production obligations on it. (*See* Dkt. No. 296.) That is not Gaiman's intent. The conclusion of Gaiman's opening brief was intended to draw a distinction between the "McFarlane Defendants" (Todd McFarlane and Todd McFarlane Productions, Inc.) who must account for their profits, and the remaining McFarlane-owned defendants (TMP International, Inc. and McFarlane Worldwide, Inc.) who must provide financial information if requested by the accountant. (*See* Dkt. 252 at 5.)

### III. Gaiman Did Not Waive This Issue In 2003 Because This Dispute Did Not Exist At That Time.

The McFarlane Defendants' argument that Gaiman waived the present issue because he did not raise it prior to commencement of the accounting in 2003 also fails. The parties' stipulation only required them to raise issues that they "*believe* must be resolved prior to the Accountant performing the accounting." (Dkt. 182 (emphasis added).) Gaiman had no reason to believe this issue must be resolved at that time because the McFarlane Defendants did not raise an objection to the production of derivative character information until more than four years after the accounting began. (*See* Dkt. 290 ¶¶ 6-7 & Ex. 5 at 8-12.)

### IV. The Disputed Characters Are Derivative Of The Joint Characters.

The McFarlane Defendants' response is notable for its lack of discussion regarding the Seventh Circuit's decision in their appeal. The Seventh Circuit rejected their argument that Gaiman contributed only uncopyrightable "ideas" to the Joint Characters. *See Gaiman v. McFarlane*, 360 F.3d 644, 658-61 (7th Cir. 2004). The Circuit Court made clear that Gaiman's copyright ownership extends to the characters *as visually depicted*, even if Gaiman contributed only the script and ideas on which those drawings were based. *See id.* at 660-61. Thus, if *Tiffany*, *Domina*, and *Dark Ages Spawn* are derivative of *Angela* and *Medieval Spawn* as they are visually depicted, then Gaiman is entitled to his share of the profits from those derivative works. *See Weinstein v. Univ. of Illinois*, 811 F.2d 1091, 1095 (7th Cir. 1987) ("Each co-owner of a copyright may revise that work (that is, make a derivative work) . . . . So far as copyright law is concerned, Belsheim was entitled to do what he did. Belsheim is answerable to Weinstein for Weinstein's share of any royalties.").

The Seventh Circuit also effectively disposed of the argument that *Dark Ages Spawn* is derivative of the original *Spawn* character, rather than *Medieval Spawn*. The Circuit Court stated, "A Spawn who talks medieval and has a knight's costume would infringe Medieval

Spawn, and if he doesn't talk medieval and doesn't look like a knight, then he would infringe Spawn," 360 F.3d at 662 – in other words, a character such as *Dark Ages Spawn* is derivative of *Medieval Spawn*, not the original Spawn character.

There is no truth to the McFarlane Defendants' assertion that Gaiman "carefully presented only selected images of *Dark Ages Spawn*" (Dkt. 295 at 4) in his opening brief. Gaiman selected images from, and provided the McFarlane Defendants' internet synopsis of, the first issue of *Spawn The Dark Ages*, the work in which this character first appeared. (*See* Dkt. No. 290-2, 290-13.) If anything, they are the most neutral sources available regarding this character and are the most likely to show him in his most basic state.

The McFarlane Defendants' argument that these characters are not derivative of the Joint Characters because they are based on the "the pre-existing world of Spawn" is contrary to the undisputed facts. The evidence at trial showed that it was Gaiman who first introduced warrior angels and historic Spawns to the *Spawn* comic universe. (*See* Trial Tr. at 2-75, ln. 15 - 2-77, ln. 23; 2-263, ln. 7-25; 2-267, ln. 4-25.) The McFarlane Defendants appear to concede that fact in another portion of their brief. (*See* Dkt. 295 at 8.) Thus, to the extent the "pre-existing world of Spawn" is relevant at all, it weighs against the McFarlane Defendants.

Finally, the McFarlane Defendants' argument that the characters are not derivative because they "have their own identities and personalities" proves nothing. Derivative works are, by definition, different from the original works on which they are based. *See Gaiman*, 360 F.3d at 661. In fact, a derivative work must be "significantly different" from the original work in order to receive copyright protection, "to prevent a copyright owner from extending his copyright beyond the statutory period by making an identical work as the statutory period was nearing its end, calling it a derivative work, and copyrighting it." *Id.* *Dark Ages Spawn* is somewhat different from *Medieval Spawn*, and *Domina* and *Tiffany* is somewhat different from

*Angela*, but there is no question that they are derived from those characters and are strikingly similar in both appearance, background, and personal characteristics.

## CONCLUSION

For all the reasons stated above, plaintiff Neil Gaiman respectfully requests that the Court grant his Motion and issue an order declaring that he is entitled to an accounting of profits earned by the McFarlane Defendants on all characters and works that are derivative of the characters and works identified in the Second Amended Judgment, including the characters *Dark Ages Spawn*, *Tiffany* and *Domina*. In addition, the Court should issue an order that Defendants Todd McFarlane and Todd McFarlane Productions, Inc. are obligated to produce all documents and information relating to profits earned on characters and works for which Gaiman has a good faith basis to assert derivative work status, including the characters *Dark Ages Spawn*, *Tiffany* and *Domina*, and that Defendants TMP International, Inc. and McFarlane Worldwide, Inc. are obligated to produce such documents if requested to do so by the accountant.

Dated this 20th day of April, 2010.

  s/Jeffrey A. Simmons
Allen A. Arntsen, WI Bar No. 1015038
Jeffrey A. Simmons, WI Bar No. 1031984

FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703-2808
Tel: (608) 257-5035
Fax: (608) 258-4258
aarntsen@foley.com
jsimmons@foley.com
*Attorneys for Plaintiffs*

Of Counsel:
Kenneth F. Levin
Kenneth F. Levin & Associates, Chtd.
3100 Dundee Rd., Ste. 307
Northbrook, Illinois 60062-2459
Tel: (312) 827-9000
KenFLevin@gmail.com